MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Matthew A. Lipman, Esq.
Monica T. Holland, Esq.
1617 John F. Kennedy Blvd., Suite 1500
Philadelphia, PA 19103
Tel.: (215) 557-2900
*Counsel for Defendant, Retailer Web Services, LLC*

TAFT STETTINIUS & HOLLISTER LLP
Adam Wolek, Esq. (*pro hac vice admission pending*)
111 E. Wacker Drive, Suite 2800
Chicago, IL  60601
Tel.: (312) 836-4063
*Counsel for Defendant, Retailer Web Services, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE HOMESOURCE, CORP., | Civil Action No.: 1:18-cv-11970 |
| Plaintiff, | Hon. Jerome B. Simandle |
| v. | Hon. Karen M. Williams |
| RETAILER WEB SERVICES, LLC, | **DEFENDANT RETAILER WEB SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| Defendant. | |

Defendant, Retailer Web Services, LLC ("RWS" or "Defendant"), by and through its undersigned counsel, by way of an Answer to the Complaint of Plaintiff, The HomeSource, Corp. ("HomeSource"), responds and says as follows:

1. It is admitted only that HomeSource filed the Complaint in this action. The Complaint speaks for itself and any interpretations of it are denied.

2. RWS admits that it provides e-commerce solutions for retail stores and a pricing-lookup tool. RWS lacks sufficient information to admit or deny the remaining allegations in paragraph 2 and, therefore, denies them.

3. Denied.

4. RWS admits that it emailed HomeSource about a potential security vulnerability in HomeSource's product and warned of a potential security vulnerability by email and video. RWS denies the remaining allegations contained in paragraph 4.

5. RWS admits that sales employees occasionally call companies to assess their level of responsiveness, customer relations, sales offered and pricing, and that it had previously left a message with HomeSource, but denies that it received any information, denies that its employee asked for "a demo and access to the HomeSource platform," and denies that it received any information from HomeSource or about its platform. RWS denies the remaining allegations contained in paragraph 5.

6. Denied.

## PARTIES

7. RWS lacks sufficient information to either admit or deny the allegations contained in paragraph 7 and, therefore, denies them.

8. Admitted.

6. [sic] Admitted.

## JURISDICTION AND VENUE

7. [sic] Paragraph 7 calls for a legal conclusion to which no response is required. To the extent a response is required, RWS denies the allegations contained in paragraph 7.

8. [sic] RWS consents to personal jurisdiction in this Court but denies the material allegations of paragraph 8.

9. Paragraph 9 calls for a legal conclusion to which no response is required. To the extent a response is required, RWS denies the allegations contained in paragraph 9.

10. RWS lacks sufficient information to either admit or deny the allegations contained in paragraph 10 and, therefore, denies them.

11. RWS lacks sufficient information to either admit or deny the allegations contained in paragraph 10 and, therefore, denies them.

12. RWS admits that it offers tools called "RetailDeck™" and "WebFronts™." RWS denies the remaining allegations contained in paragraph 12.

13. RWS lacks sufficient information to either admit or deny the allegations contained in paragraph 13 and, therefore, denies them.

14. RWS lacks sufficient information to either admit or deny the allegations contained in paragraph 14 and, therefore, denies them.

15. RWS admits that its February 24, 2018 press release stated that Nationwide invested in RWS, and that it did invest in RWS. RWS denies that GridIron invested in it or that its February 24, 2018 press release stated that "GridIron and Nationwide ended up not investing in HomeSource." RWS lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 15 and, therefore, denies them.

16. RWS lacks sufficient information to either admit or deny the allegations contained in paragraph 16 and, therefore, denies them.

17. RWS admits that it emailed a newsletter to its customers and potential customers on or about July 20, 2018. RWS denies the remaining allegations contained in paragraph 17.

18. HomeSource's Exhibit A speaks for itself. RWS denies all inferences of wrongdoing contained in paragraph 18.

19. Admitted.

20. Denied. Upon information and belief, and as fully detailed in *Furniture Distributors, Inc. v. The Homesource, Corp. et al*, Civil Action No. 3:15-CV-00313 in the United States District

Court for the Western District of North Carolina, the defendant in the Furniture Lawsuit, Software Support-PMW.INC., engaged in various transfers of corporate assets, operations, liabilities, contracts and opportunities to HomeSource in an effort to avoid claims of its creditors. Thus, HomeSource is an alter ego of Software Support-PMW.INC. Further, the term "guilty" is defined as "culpable of or responsible for" or "justly chargeable with a particular fault or error." As detailed in Judge Graham Mullen's Order, "[t]he jury subsequently found in favor of Plaintiff on its negligent misrepresentation claim in the amount of $450,000." Upon further information and belief, HomeSource is the alter ego of Software Support-PMW.

21.     Denied. Upon information and belief, and as fully detailed in *Furniture Distributors, Inc. v. The Homesource, Corp. et al*, Civil Action No. 3:15-CV-00313 in the United States District Court for the Western District of North Carolina, the defendant in the Furniture Lawsuit, Software Support-PMW.INC., engaged in various transfers of corporate assets, operations, liabilities, contracts and opportunities to HomeSource in an effort to avoid claims of its creditors. Thus, HomeSource is an alter ego of Software Support-PMW.INC. Further, the term "guilty" is defined as "culpable of or responsible for" or "justly chargeable with a particular fault or error." As detailed in Judge Graham Mullen's Order, "[t]he jury subsequently found in favor of Plaintiff on its negligent misrepresentation claim in the amount of $450,000." Upon further information and belie, members of the White family are alter egos with HomeSource.

22.     Denied. Judge Graham Mullen's Order states, "[a]fter a thorough review of the record, the Court agrees that these claims were <u>totally meritless</u>, and it appears that Defendant brought them as a defensive tactic…. Defendant is ordered to pay Plaintiff the amount of $50,000 in attorney fees in addition to the amount awarded at trial." (emphasis added).

23.     Denied. See RWS's answers to paragraphs 20-21, which are incorporated herein by reference.

23322968.1

24. Denied. See RWS's answers to paragraphs 20-21, which are incorporated herein by reference.

25. Denied. See RWS's answers to paragraphs 20-21, which are incorporated herein by reference.

26. HomeSource's Exhibit A speaks for itself. RWS denies all inferences of wrongdoing contained in paragraph 26.

27. Admitted.

28. Denied. See RWS's answers to paragraphs 20-21, which are incorporated herein by reference.

29. Denied. See RWS's answers to paragraphs 20-21, which are incorporated herein by reference.

30. Denied.

31. Denied.

32. Admitted.

33. HomeSource's Exhibit A speaks for itself. RWS denies all inferences of wrongdoing contained in paragraph 33.

34. RWS admits that its July 20th Newsletter contained a link to a video, and denies the remaining allegations contained in paragraph 34.

35. Denied.

36. RWS admits that sales employees occasionally call companies to assess their level of responsiveness, customer relations, sales offered and pricing, and that it had previously left a message with HomeSource, but denies that it received any information, denies that its employee asked for "data and methods," denies that it was to "gain access to [HomeSource's] data and

methods, and denies that it received any information from HomeSource or about its platform. RWS denies the remaining allegations contained in paragraph 36.

37. RWS admits that sales employees occasionally call companies to assess their level of responsiveness, customer relations, sales offered and pricing, and that it had previously left a message with HomeSource, but denies that it received any information, denies that its employee asked for "data and methods," denies that it was to "gain access to [HomeSource's] data and methods, and denies that it received any information from HomeSource or about its platform. RWS denies the remaining allegations contained in paragraph 36.

### Count I - False and Misleading Advertising under the Lanham Act, 15 U.S.C. § 1125(a)

38. RWS repeats and incorporates all other answers set forth above as if fully set forth herein.

39. Section 1125(a) of Title 15 of the United States Code speaks for itself. RWS denies all inferences of wrongdoing contained in paragraph 39.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

### Count II – Defamation

45. RWS repeats and incorporates all other answers set forth above as if fully set forth herein.

46. Denied.

47. Denied.

48. Denied.

6

23322968.1

49. Denied.

50. Denied.

### Count III – Tortious Interference with Prospective Economic Advantage

51. RWS repeats and incorporates all other answers set forth above as if fully set forth herein.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

### Count IV – Tortious Interference with Contract

58. RWS repeats and incorporates all other answers set forth above as if fully set forth herein.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

### Count V – Common Law and Federal Unfair Competition

64. RWS repeats and incorporates all other answers set forth above as if fully set forth herein.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## **DEFENDANT RETAILER WEB SERVICES, LLC'S AFFIRMATIVE DEFENSES**

Without assuming the burden of proof or persuasion on any matters that would otherwise rest with the Plaintiff, and expressly denying any and all alleged wrongdoing, Defendant alleges the following separate and distinct affirmative defenses as to the claims raised herein:

1. Plaintiff's claims are frivolous, unreasonable, and groundless, and accordingly, Defendant is entitled to an award of its attorney's fees and costs associated with the defense of this action.

2. Any allegedly defamatory or false statements made by Defendant with regard to Plaintiff were true or substantially true.

3. Any allegedly defamatory or false statements made by Defendant with regard to Plaintiff were within the sphere of legitimate public interest and concern and were reasonably related to matters warranting public exposition.

4. Any allegedly defamatory or false statements made by Defendant with regard to Plaintiff were not unconscionable, deceptive, false, unfair or misleading, nor were they intended to mislead or deceive any consumer.

5. Any allegedly defamatory or false statements made by Defendant with regard to Plaintiff were made without negligence and/or malice.

6. Any allegedly defamatory or false statements made by Defendant with regard to Plaintiff were made in good faith and/or for valid business reasons.

7. Plaintiff lacks standing for the claims asserted.

8. Plaintiff's complaint fails to state a claim, in whole or in part, upon which relief can be granted.

9. Plaintiff's claims are barred or must be dismissed, in whole or in part, by the doctrines of laches, estoppel, and/or unclean hands.

10. Plaintiff's claims are limited or barred as there has been no damage caused by any act alleged against Defendant, or any claimed damages are speculative and unenforceable.

11. Any acts or omissions of the Defendant were not the proximate cause of Plaintiff's alleged damages.

12. Subject to a reasonable opportunity to investigate and conduct discovery, Plaintiff's claims, in whole or in part, are limited or barred by Plaintiff's failure to mitigate its damages.

13. Any allegedly defamatory or false statements made by Defendant with regard to Plaintiff were not made with knowledge of their falsity or with a reckless disregard of their falsity.

14. Any allegedly defamatory or false statements made by Defendant with regard to Plaintiff were qualifiedly, absolutely, or constitutionally privileged.

15. Plaintiff's claims fail, in whole or in part, because the allegedly defamatory or false statements constitute non-actionable opinion.

16. Plaintiff's claims fail, in whole or in part, because Plaintiff's reputation was not damaged by any of Defendant's allegedly defamatory or false statements.

17. If Plaintiff has been damaged as alleged, its damages have been caused by its own intentional or negligent acts or omissions, or by intentional or negligent acts or omissions of those other than Defendant, or for which Defendant is not responsible.

18. To the extent Plaintiff seeks equitable and/or injunctive relief against Defendant, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

9
23322968.1

19. To the extent that an answer or response may be required which is not already set forth herein, Defendant denies any allegations in Plaintiff's complaint that have not been expressly admitted.

20. Defendant reserves the right to amend or supplement its Affirmative Defenses as other defenses become known through discovery or otherwise.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully prays that this Court enter judgment in its favor and against Plaintiff and for all other just and proper relief.

Date: August 14, 2018                    Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

By:   /s/ Matthew A. Lipman
      Matthew A. Lipman, Esq.
      Monica T. Holland, Esq.
      1617 John F. Kennedy Blvd., Suite 1500
      Philadelphia, PA 19103
      Tel.: (215) 557-2900
      mlipman@mdmc-law.com
      mholland@mdmc-law.com
      *Counsel for Defendant, Retailer Web Services, LLC*


TAFT STETTINIUS & HOLLISTER LLP

By:   /s/ Adam Wolek
      Adam Wolek (*pro hac vice admission pending*)
      111 E. Wacker Drive, Suite 2800
      Chicago, IL 60601
      Tel.: (312) 836-4063
      awolek@taftlaw.com
      *Counsel for Defendant, Retailer Web Services, LLC*

23322968.1

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be served on August 14, 2018 via the court's ECF notification system on all counsel of record.

/s/ Matthew A. Lipman
Matthew A. Lipman, Esq.
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1617 John F. Kennedy Blvd., Suite 1500
Philadelphia, PA 19103
Tel.: (215) 557-2900
mlipman@mdmc-law.com
*Counsel for Defendant, Retailer Web Services, LLC*

Dated: August 14, 2018

23322968.1