# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| THE HOMESOURCE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> RETAILER WEB SERVICES, LLC, et al., <br><br> Defendants. | Civil Action No.: 1:18-cv-11970-JBS-KMW <br><br> Hon. Jerome B. Simandle <br><br> Hon. Karen M. Williams <br><br> **Motion Returnable: November 5, 2018** |

## BRIEF IN SUPPORT OF DEFENDANT RETAILER WEB SERVICES, LLC'S MOTION TO SEVER OR DISMISS PLAINTIFF'S COMPLAINT

Dated: October 1, 2018

Respectfully submitted,

/s/ Matthew A. Lipman
Matthew A. Lipman, Esq.
Monica T. Holland, Esq.
MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
1617 John F. Kennedy Blvd., Suite 1500
Philadelphia, PA 19103
Tel.: (215) 557-2900
mlipman@mdmc-law.com
mholland@mdmc-law.com

Adam Wolek, Esq. (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Tel.: (312) 836-4063
awolek@taftlaw.com

*Counsel for Defendant Retailer Web Services, LLC*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................iii

INTRODUCTION ...................................................................................... 1

RELEVANT BACKGROUND .................................................................... 2

LAW AND ARGUMENT ........................................................................... 4

   I.     Plaintiff's New Claims Are Misjoined Under Rule 20. .................... 4

     1.   Plaintiff's claims against Does 1-3 are not transactionally related to its claims against RWS. ...................................................................................... 5

     2.   Plaintiff's claims against Does 1-3 do not share "common questions of fact or law" to Plaintiff's claims against RWS. ........................................................... 8

   II.    Even If the Separate Claims Against the Separate Parties Could be Joined, The Court Should Use Its Discretion To Sever Them........................................ 9

     1.   The RWS and Doe claims involve different facts and present different legal issues........................................................................................................ 10

     2.   Trying the RWS and Doe claims together will require different witnesses and documentary proof. ................................................................................ 11

     3.   Plaintiff will not be prejudiced if the Doe claims are severed........................ 11

     4.   RWS *will* be prejudiced if the Doe claims remain in this litigation. ............... 12

     5.   Judicial economy and convenience favor severance. ...................................... 13

   III.   Plaintiff Fails To Provide Sufficient Specificity For Its Computer Fraud And Abuse Act (Count VI) and Tortious Interference with Contract (Count VII) Claims. ..................................................................................................... 14

     1.   Legal standard. ............................................................................................ 14

     2.   Count VI should be dismissed because Plaintiff has failed to plead its Computer Fraud and Abuse Act claim the requisite specificity under *Twombly* and *Iqbal*.................................................................................................... 15

     3.   Count VII should be dismissed because Plaintiff has failed to plead its Tortious Interference claim with the requisite specificity under *Twombly* and *Iqbal*. ...................................................................................................... 18

CONCLUSION........................................................................................ 20

CERTIFICATE OF SERVICE .................................................................. 22

# TABLE OF AUTHORITIES

**Cases**

*Advanced Fluid Systems, Inc. v. Huber,* 28 F. Supp. 3d 306, 330-31 (M.D. Pa. 2004) ......................................................................................................... 18

*Archway Ins. Servs., LLC v. Harris*, No. 10-5867, 2011 WL 2415168, at *5–6 (E.D. Pa. June 15, 2011) ........................................................................... 10

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2010) ............................................... 14

*Bashaw v. Johnson,* No. 11–2693–JWL, 2012 WL 1623483, at *1–3 (D.Kan. May 9, 2012) ............................................................................................ 17

*Baxter Healthcare Corp. v. HQ Specialty Pharma Corp.*, 157 F. Supp. 3d 407, 421 (D.N.J. 2016) ...................................................................................... 19

*Baxter Healthcare Corp.*, 157 F. Supp. 3d at 421 ..................................... 20

*Becker v. Chi. Title Ins. Co.*, No. 03-2292, 2004 WL 228672, at *2 (E.D. Pa. Feb. 4, 2004) .............................................................................................. 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................ 14

*Bose v. Interclick, Inc.*, No. 10 Civ. 9183(DAB), 2011 WL 4343517, *4 (S.D.N.Y. Aug. 17, 2011) ......................................................................................... 17

*Bradley v. Choicepoint Servs., Inc.*, No. 07-1255, 2007 WL 2844825, at *2-3 (E.D. Pa. Sept. 27, 2007) ...................................................................................... 8

*Cooper v. Fitzgerald*, 266 F.R.D. 86, 91 (E.D. Pa. 2010) ............................. 8

*Demarco v. DIRECTV, LLC*, No. 14-4623 (PGS), 2015 WL 6525900, at *8 (D.N.J. Oct. 28, 2015) ......................................................................................... 12

*DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006) ............................... 4

*Elbex Video, Ltd. v. Tyco Int'l, Ltd.*, No. CIV.A. 06-5178PGS, 2008 WL 1375883, at *5 (D.N.J. Apr. 9, 2008) ........................................................................... 18

*Fed. Trade Comm'n v. Endo Pharm., Inc.*, No. 16-1440, 2016 WL 6124376, at *4 (E.D. Pa. Oct. 20, 2016) ........................................................................... 7

*Fink v. Time Warner Cable,* No. 08 Civ 9628(LTS)(KNF), 2009 WL 2207920, at *4 (S.D.N.Y. July 23, 2009) ....................................................................... 17

*Garcia v. BrockWeinstein*, No. CIV.A. 13-7487, 2014 WL 2957487, at *3, 4 (E.D. Pa. July 1, 2014) ......................................................................................... 6

*George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ..................................... 5

*Gunn v. First Am. Fin. Corp.*, 549 F. App'x 79, 82-83 (3d Cir. 2013) ......... 8

*Hahn v. U.S. Dep't of Commerce*, No. 2:11-CV-06369-ES-SCM, 2013 WL 4517980, at *2 (D.N.J. Aug. 26, 2013) ...................................................................... 4

*Harris v. Bennett*, No. CIV.A. 13-6674 PGS, 2015 WL 3764654, at *3 (D.N.J. June 16, 2015) ............................................................................................................ 4

*Harris*, 2011 WL 2415168, at *5 ............................................................................ 11

*Harris*, 2015 WL 3764654, at *3 ............................................................................ 6

*Live Face on Web, LLC v. Green Tech. Servs.*, No. CIV. 14-182 JEI/AMD, 2014 WL 2204303, at *3 (D.N.J. May 27, 2014) ........................................................ 5

*Live Face on Web, LLC*, 2014 WL 2204303, at *3 .................................................. 7

*Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 170 (S.D.N.Y. 2012) ...................................................................................................... 13

*O'Keefe v. Ace Rest. Supply, LLC*, No. 11-1330, 2016 WL 145314, at *3 (E.D. Pa. Jan. 12, 2016) ............................................................................................... 8

*Oce North America, Inc. v. MCS Servs., Inc.,* 748 F.Supp.2d 481, 488 (D.Md. 2010) 17

*Patrick Collins, Inc. v. Does 1-30*, No. 12-3148, 2013 WL 1157840, at *2 (E.D. Pa. Mar. 21, 2013) ........................................................................................... 10

*Patrick Collins, Inc. v. Does 1-43*, No. 12-3908, 2013 WL 12170608, at *1 (D.N.J. Feb. 15, 2013) ................................................................................................... 9

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ........................... 14

*Picozzi v. Connor*, No. 12-4102 NLH, 2012 WL 2839820, at *6 (D.N.J. July 9, 2012) ........................................................................................................................ 10

*Randle v. Alexander*, 960 F. Supp. 2d 457, 486 (S.D.N.Y. 2013) ........................... 12

*Trainer v. Anderson*, No. CIV. 12-2409 SDW, 2012 WL 1898605, at *2 (D.N.J. May 22, 2012) ........................................................................................................ 6

*Turner Constr. Co. v. Brian Trematore Plumbing & Heating, Inc*., No. 07-666 (WHW), 2009 WL 3233533, at *3 (D.N.J. Oct. 5, 2009) ........................................... 9

*Turner Constr.*, 2009 WL 3233533, at *5 ............................................................... 13

*Twombly*, 550 U.S. at 555 ....................................................................................... 15

*USG Ins. Servs., Inc. v. Bacon*, No. 2:16-CV-01024, 2016 WL 6901332, at *5 (W.D. Pa. Nov. 22, 2016) ....................................................................................... 18

**Other Authorities**

18 U.S.C. § 1030 ....................................................................... 1, 3, 7, 15, 16, 18

Lanham Act (15 U.S.C. § 1125) .......................................................................... 2, 7

**Rules**

Fed. R. Civ. P. 1 .................................................................................................. 2, 10

Fed. R. Civ. P. 8 ...................................................................................................... 14

Fed. R. Civ. P. 12 ............................................................................................ 2, 14, 15

Fed. R. Civ. P. 20 ................................................................... 1, 4, 6, 7, 8, 9, 13

Fed. R. Civ. P. 21 .......................................................................... 2, 4, 5, 8, 9

## INTRODUCTION

Plaintiff's amended complaint alleges separate claims against separate parties arising out of separate facts. Plaintiff alleges that Defendant Retail Web Services, LLC ("RWS"), a business competitor, began a smear campaign to unfairly disparage it and deceive its customers and potential customers giving rise to claims for false advertising, defamation, tortious interference with contractual relations, and unfair competition. In contrast, Plaintiff alleges that Defendants John Does 1-3 engaged in two cyberattacks, a hacking attempt, and fake customer reviews giving rise to claims under the Computer Fraud and Abuse Act and for tortious interference with contract.

Federal Rule of Civil Procedure ("Rule") 20(a)(2) only allows persons to be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Otherwise, a plaintiff has to simply file separate lawsuits against the separate parties.

Here, Plaintiff has not asserted any right to relief against RWS and Does 1-3 jointly, severally, or in the alternative with respect to the same transaction, occurrence, or series of occurrences. Indeed, there are no questions of law or fact common to all defendants, and Plaintiff concedes that it is not asserting the new allegations against RWS. Joinder is therefore improper under Rule 20. This Court should sever the action

pursuant to Rule 21. Severing the separate claims against the separate parties would, consistent with Rule 1, allow the parties and the Court to proceed to a just, speedy, and inexpensive determination of each action.

In the alternative, should the Court elect not to sever this action, Plaintiff's claims against Does 1-3 should be dismissed under Rule 12(b)(6), as Plaintiff has failed to plead these claims with the requisite specificity to satisfy *Twombly* and *Iqbal*.

## **RELEVANT BACKGROUND**

Plaintiff sued RWS for false and misleading advertising under the Lanham Act, defamation, tortious interference with prospective economic advantage, tortious interference with contract, and unfair competition. (Dkt. 1, Compl., Counts I-V.) These claims arose from a purported "smear campaign." (*Id.*, ¶ 3.) Specifically, Plaintiff claimed that RWS tortiously interfered with its business by publishing an article regarding prior lawsuits involving Plaintiff and its various members, owners, and officers. (*Id.*, ¶¶ 17-31.) Additionally, Plaintiff claimed that RWS misrepresented security vulnerabilities in Plaintiff's software system in a newsletter and video, and that RWS's CEO advised Plaintiff of observing that certain websites had been compromised by a third party. (*Id.*, ¶¶ 32-36.) RWS has denied all of Plaintiff's claims. (Dkt. 6, Answer.)

Weeks later and without any forewarning, Plaintiff amended its complaint to

add separate claims against separate parties arising out of separate facts. (Dkt. 12, First Amended Compl. ("FAC").) The amended complaint does not change the substantive allegations and claims asserted against RWS. (*Id*.) Instead, the amended complaint adds two new claims against three unnamed "John Doe" defendants, identified only as "Cyber-Attack Doe," "Hacking Doe," and "Fake-Customer Doe." (*Id*., Counts VI-VII.) The two new claims are for violation of the Computer Fraud and Abuse Act and tortious interference with contract. In summary, Plaintiff claims that Cyber-Attack Doe launched one or more Denial of Service ("DoS") and Distributed Denial of Service ("DDoS") cyberattacks on its computer systems; Hacking Doe attempted to "hack" into Plaintiff's website; and Fake-Customer Doe sent false or misleading emails to Plaintiff's customers in an effort to disparage Plaintiff's website functionality. (*See id*., ¶¶ 106-116.) Each of these claims arose from a series of events that purportedly occurred after Plaintiff sued RWS, and each of these claims arose from a wholly separate series of events than those giving rise to Plaintiff's claims against RWS.

On its face, Plaintiff's new allegations against Does 1-3 bear no transactional or factual relation to its claims against RWS. Instead, the amended complaint sets forth separate claims against separate parties arising out of separate facts. Counsel for Plaintiff has even advised counsel for RWS that none of the claims asserted against Does 1-3 have been alleged against RWS. (*See* Email attached as Exhibit "A.")

3

## LAW AND ARGUMENT

**I.    Plaintiff's New Claims Are Misjoined Under Rule 20.**

Rule 20 permits joinder of multiple defendants only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 20(a)(2). The Rule sets forth a two-pronged test for joining defendants in the same action: plaintiff must demonstrate: (1) a right to relief against the party to be joined, which is predicated upon or arises out of a single transaction or occurrence, or a series of transactions and occurrences; and (2) questions of law or fact common to all parties. *Hahn v. U.S. Dep't of Commerce*, No. 2:11-CV-06369-ES-SCM, 2013 WL 4517980, at *2 (D.N.J. Aug. 26, 2013). Both requirements must be satisfied for joinder to be permissible. *Id.*

While the joinder standard is liberal, it "is not a license to join unrelated claims and defendants in one lawsuit." *Harris v. Bennett*, No. CIV.A. 13-6674 PGS, 2015 WL 3764654, at *3 (D.N.J. June 16, 2015). Misjoinder occurs when there are no common questions of law or fact, or when the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006). And when a party is "misjoined," Rule 21 permits a court to either "drop" the misjoined parties "on such terms that are just," or

enter an order directing that any claims against misjoined parties "be severed and proceeded with separately." *Id*. (quoting Rule 21).

Here, the Court should sever Plaintiff's claims against Does 1-3 because: (i) there is no logical connection or a transactional relationship between Plaintiff's claims against RWS and Plaintiff's claims against Does 1-3; and (ii) there are no common questions of law or fact supporting joinder.

### 1. Plaintiff's claims against Does 1-3 are not transactionally related to its claims against RWS.

Plaintiff's new claims against Does 1-3 should be severed because they do not arise out of the same "transaction, occurrence, or series of transactions or occurrences" as the claims against RWS.  Indeed, Plaintiff has explicitly stated that "**Counts VI and VII are not asserted against RWS**." (Ex. A) (bold in original).

Joinder is improper where a complaint purports to join unrelated defendants into a single action, who purportedly caused it damages through independent acts, at different times and locations, and through distinct transactions. *See Live Face on Web, LLC v. Green Tech. Servs.*, No. CIV. 14-182 JEI/AMD, 2014 WL 2204303, at *3 (D.N.J. May 27, 2014). As this District has observed, "[a] buckshot complaint ... — say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions— should be rejected." *Id*. (quoting *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007)). Where the claims against various defendants lack a transactional nexus, joinder is

improper. *Id*. at *4 (finding improper joinder where "unrelated" defendants purportedly committed copyright infringement through "independent" actions); *Harris*, 2015 WL 3764654, at *3 (holding that "two completely separate and distinct claims against two sets of separate and distinct sets of defendants" were improperly joined). Improperly joining separate claims against separate parties arising out of separate facts can occur even when a complaint is amended to assert new claims against new defendants. *See Trainer v. Anderson*, No. CIV. 12-2409 SDW, 2012 WL 1898605, at *2 (D.N.J. May 22, 2012).

Here, Plaintiff's claims against RWS are in no way related to Plaintiff's new claims against Does 1-3. To be sure, the factual allegations relate to separate "transactions:" one is directed to RWS's alleged smear campaign, and the other is direct to Does 1-3 cyberattacks, hacking attempts, and fake customer reviews. Plaintiff has even explicitly stated that "**Counts VI and VII are not asserted against RWS**." Exh. A.

Moreover, while Plaintiff claims that Hacking Doe targeted former RWS customers using information known only to Plaintiff and RWS (FAC, ¶ 12), these allegations do not constitute a single or related transaction or occurrence under Rule 20. *See Garcia v. BrockWeinstein*, No. CIV.A. 13-7487, 2014 WL 2957487, at *3, 4 (E.D. Pa. July 1, 2014) (joinder improper when there was "no allegation that the defendants acted in concert, and the alleged misconduct in the first [claim] will have

no legal effect on the alleged misconduct in the second [claim]" and "separate evidence must be presented with respect to each" claim); *Fed. Trade Comm'n v. Endo Pharm., Inc.*, No. 16-1440, 2016 WL 6124376, at *4 (E.D. Pa. Oct. 20, 2016) ("transaction or occurrence" requirements requires a "logical relationship" among the claims).

Nor do Plaintiff's claims against RWS and Does 1-3 arise under the same theories of liability. Plaintiff's claims against RWS arise under the Lanham Act (15 U.S.C. § 1125) and common law theories of defamation, tortious interference, and unfair competition, for allegedly false and misleading advertising in connection with RWS's marketing emails, newsletters, and phone calls. (Dkt. 12, ¶¶ 72-104.) In contrast, Plaintiff's claims against Does 1-3 arise under the Computer Fraud and Abuse Act (18 U.S.C. § 1030) for the unlawful and anonymous cyberattack, hacking attempts, and disparaging remarks made by Fake-Customer Doe. (*Id*., ¶¶ 105-120.) These claims are analogous to a "buckshot complaint" in which Plaintiff has attempted to join separate claims against separate defendants in one lawsuit. *Live Face on Web, LLC*, 2014 WL 2204303, at *3.

Plaintiff conceded that its new counts are not directed at RWS, and its Amended Complaint fails to establish that its claims against RWS are transactionally related to its claims against the John Doe defendants. Because Does 1-3 have been misjoined under Rule 20, Counts VI and VII against Does 1-3, and their

corresponding allegations, should be severed pursuant to Rule 21.

### 2. Plaintiff's claims against Does 1-3 do not share "common questions of fact or law" to Plaintiff's claims against RWS.

The second prong of Rule 20(a)(2) requires a plaintiff to show that a "question of law or fact common to all defendants will arise in the action." While this standard is not burdensome to meet, the rule does not permit joinder in the absence of "factual commonality." *See Cooper v. Fitzgerald*, 266 F.R.D. 86, 91 (E.D. Pa. 2010); *see also Gunn v. First Am. Fin. Corp.*, 549 F. App'x 79, 82-83 (3d Cir. 2013) (finding no common questions of law or fact that would support joinder where the complaint was "in reality two complaints, each of which [was] legally unrelated to the other.").

Here, Plaintiff's claims against RWS "arise[] out of wholly different factual circumstances" than its claims against Does 1-3. *O'Keefe v. Ace Rest. Supply, LLC*, No. 11-1330, 2016 WL 145314, at *3 (E.D. Pa. Jan. 12, 2016). Plaintiff's claims against RWS relate to RWS's marketing and whether it constitutes false advertising or defamation, which bears no logical relationship to its allegations against Does 1-3 for cyberattacks, hacking, and the fake customer reviews. Nor do they arise out of the same set of circumstances as one relates to a newsletter sent out by RWS, and the other of internet-based hacking actions. *Bradley v. Choicepoint Servs., Inc*., No. 07-1255, 2007 WL 2844825, at *2-3 (E.D. Pa. Sept. 27, 2007) (no "logical relationship" exists between claims where they do not arise "out of the same set of circumstances"). Plaintiff even admits as much by stating that the claims against Does 1-3 are not

asserted against RWS.

Because Plaintiff's allegations regarding RWS and those regarding Does 1-3 are "discrete and separate," the claims against RWS are "capable of resolution despite the outcome of the [Doe defendants] claim[s]," and vice-versa. *Turner Constr. Co. v. Brian Trematore Plumbing & Heating, Inc*., No. 07-666 (WHW), 2009 WL 3233533, at *3 (D.N.J. Oct. 5, 2009). As such, Plaintiff's claims against Does 1-3 should be severed. *See Becker v. Chi. Title Ins. Co*., No. 03-2292, 2004 WL 228672, at *2 (E.D. Pa. Feb. 4, 2004) ("When parties fail to satisfy the requirements of Rule 20 (a), they are considered to be misjoined and severable pursuant to Federal Rule of Civil Procedure 21.").

## II.     Even If the Separate Claims Against the Separate Parties Could be Joined, The Court Should Use Its Discretion To Sever Them.

Even if the requirements of Rule 20(a)(2) were met here (which they are not), discretionary severance under Rules 21 and 42(b), which permits a court to order separate trials on separate issues and claims, would be appropriate, because allowing the case to proceed as pleaded would result in jury confusion, judicial inefficiency, and unfair prejudice. *See Patrick Collins, Inc. v. Does 1-43*, No. 12-3908, 2013 WL 12170608, at *1 (D.N.J. Feb. 15, 2013) ("Even when joinder is permissible, however, the Court may exercise its discretion and sever or drop defendants if it concludes that doing so would further the interests of judicial economy and that no party would be prejudiced."); *Patrick Collins, Inc. v. Does 1-30*, No. 12-3148, 2013 WL 1157840, at

*2 (E.D. Pa. Mar. 21, 2013) ("even when the requirements of the Rule are met, a district court nevertheless maintains the discretion to sever defendants[.]").

This District has articulated three factors to consider when determining if severance is warranted: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted." *Picozzi v. Connor*, No. 12-4102 NLH, 2012 WL 2839820, at *6 (D.N.J. July 9, 2012). No single factor is determinative, and severing claims may be appropriate even if some of the factors do not favor severance. *See, e.g., Archway Ins. Servs., LLC v. Harris*, No. 10-5867, 2011 WL 2415168, at *5–6 (E.D. Pa. June 15, 2011). Moreover, Rule 1 requires that the rules be construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action.

### 1.    The RWS and Doe claims involve different facts and present different legal issues.

The amended complaint presents "two sets of defendants and two sets of claims," with at best a "tenuous" connection between the two. *In re Merrill Lynch & Co. Research Reports Sec. Litig*., 214 F.R.D. 152, 156–57 (S.D.N.Y. 2003). In the absence of factual or transactional overlap, this factor weighs in favor of severance.

2. **Trying the RWS and Doe claims together will require different witnesses and documentary proof.**

Because Plaintiff's claims against RWS will require separate fact and expert discovery, the Court should sever the two sets of claims now, at the action's inception. *See Harris*, 2011 WL 2415168, at *5 (severance warranted where claims were "completely separate" and would "require largely different sources of proof to try."). The two sets of claims will likewise require two sets of witnesses, with minimal overlap between them. Because RWS is not associated with Does 1-3, it is anticipated that no RWS witnesses will have any knowledge about the attempted "hacks" or cyberattacks allegedly perpetrated by Does 1-2. Likewise, no RWS witness will have knowledge of Fake-Customer Doe's attempts to complain about Plaintiff's website functionality. Similarly, it is foreseeable that RWS and Does 1-3 will require separate expert witnesses and discovery to assist the fact finder in interpreting the various, distinct technical issues implicated in their very different claims. Adjudicating these issues in a single action only threatens to compound the already sizeable burden and expense associated with fact and expert discovery.

3. **Plaintiff will not be prejudiced if the Doe claims are severed.**

Plaintiff will not be prejudiced if its John Doe claims are severed, as Plaintiff will be entitled to prosecute those claims in this Court, albeit under a new case number. Courts typically find prejudice to the nonmoving party where severance would require it to "litigate essentially the same case twice." *Demarco v. DIRECTV,*

*LLC*, No. 14-4623 (PGS), 2015 WL 6525900, at *8 (D.N.J. Oct. 28, 2015); *see Randle v. Alexander*, 960 F. Supp. 2d 457, 486 (S.D.N.Y. 2013) ("Randle would be prejudiced if forced to litigate his claims in separate forums, presenting them as discrete instances, when, in reality, they are interrelated."). Here, however, because Plaintiff does not identify any connection between RWS and Does 1-3, and concedes that "Counts VI and VII are not asserted against RWS,"—much less allege facts showing that its claims are so interrelated to constitute "essentially the same case"— Plaintiff cannot maintain that it would unduly be prejudiced by severance.

### 4. RWS *will* be prejudiced if the Doe claims remain in this litigation.

Joinder would be prejudicial to RWS because the factual and legal issues relating to Plaintiff's claims against RWS are materially different than those relating to its claims against Does 1-3. Joinder would also be prejudicial because a jury would find it difficult and confusing to recall the salient facts concerning different defendants, different events, and different technical analyses. The discovery needs of the separate claims will follow separate discovery tracks requiring different proof, defenses, and expert testimony, making misjoinder unjust, slow, and expensive. In addition, this creates a risk at trial that an innocent defendant, like RWS, will be prejudiced by being grouped with other potentially culpable defendants. This is particularly likely due to the incendiary nature of the allegations against Does 1-3, which will cloud the entire proceeding. Severing Plaintiff's claims against the John

Doe defendants will further streamline proceedings, while lessening the risk of prejudice. *See Turner Constr.*, 2009 WL 3233533, at *5 ("[T]he efficient resolution of justice supports severing the underlying claims and resolving them ….").

### 5.  Judicial economy and convenience favor severance.

Severing the Doe claims will also promote judicial economy and convenience. The claims against RWS and Does 1-3 must be viewed separately by the Court. *See, e.g., Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 170 (S.D.N.Y. 2012) (granting motion to sever where "the Court would have to adjudicate separate motions and discovery disputes and make decisions based on evidence not common to all defendants," such that "case management and the litigation process … would quickly become complicated and unmanageable"). Severing the Doe claims from this action streamlines the litigation by limiting the risk of separate and unrelated discovery disputes and case management issues. Accordingly, even if it finds that the technical requirements for joinder are met under Rule 20 (a) (which they are not), the Court should exercise its discretion to sever Plaintiff's separate claims against the separate Doe defendants.

### III. Plaintiff Fails To Provide Sufficient Specificity For Its Computer Fraud And Abuse Act (Count VI) and Tortious Interference with Contract (Count VII) Claims.[1]

In the alternative, should the Court permit Plaintiff to prosecute Count VI and Count VII in this action, these claims should be dismissed under Rule 12(b)(6) as Plaintiff has failed to plead these claims with the specificity required under *Twombly* and *Iqbal*.

#### 1. Legal standard.

Plaintiff's allegations fail to meet basic pleading standards under the Federal Rules of Civil Procedure, as Plaintiff fails to plead its alleged hacking and cyber-attacks claims with sufficient specificity to adequately provide notice. To satisfy the pleading requirements of Rule 8, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to belief above the speculative level." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Although a complaint's factual allegations are accepted as true at the pleading stage, legal conclusions are insufficient to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2010). Accordingly, "[t]hreadbare recitals of the elements of the cause of action, supported

---

[1] While Plaintiff has stated that "Counts VI and VII are not asserted against RWS," these claims still fail to provide any potential defendant notice, and thus should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

by mere conclusory statements, do not suffice." *Id.*; *Twombly*, 550 U.S. at 555 (A sufficiently pled cause of action "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

> **2.** **Count VI should be dismissed because Plaintiff has failed to plead its Computer Fraud and Abuse Act claim the requisite specificity under *Twombly* and *Iqbal*.**

Plaintiff claimed that two John Doe defendants—i.e., Cyber-Attack Doe and Hacking Doe ("Does 1 & 2")—violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. However, Plaintiff failed to provide any details about their alleged conduct, such as what websites were affected, how those websites were purportedly damaged, where the alleged conduct originated from, and how the alleged attacks were conducted, among other deficiencies. Thus, Plaintiff failed to provide the specificity required under *Twombly* and *Iqbal*. As a result, Plaintiff's CFAA claim should be dismissed under Rule 12(b)(6).

The CFAA prohibits "knowingly caus[ing] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caus[ing] damage without authorization, to a protected computer." 18 U.S.C. § 1030(a)(5)(A).[2] For purposes of the CFAA, "[d]amage" is defined as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).

---

[2] Count VI of the Amended Complaint states that Plaintiff's claims are based upon claimed violations of 18 U.S.C. § 1030(a)(5)(A). As a result, RWS will address Plaintiff's claims with the understanding that they are pleaded under this section and not any other section of the CFAA.

Here, Plaintiff alleges Does 1 & 2 violated Section (a)(5)(A) of the CFAA by coordinating "several" Denial of Service ("DoS") and Distributed Denial of Service ("DDoS") attacks against its computers and its customers' websites, and by attempting to "hack" into its software platform. (Am. Compl., ¶¶ 106-107.) In order to survive a motion to dismiss, however, more is required. Plaintiff has not pleaded with specificity, for example, what websites were allegedly affected or targeted, how those sites were purportedly damaged, where the alleged conduct originated from that allegedly were used by the attackers, in what manner were the alleged attacks conducted, how many DoS or DDoS attacks were made, when these attacks were made, where the attacks originated (other than a vague reference to Scottsdale, AZ), which computers were effected, whether the attacks were successful or unsuccessful, or whether any computers or computer systems were "damaged," and if so, how. Nor has Plaintiff provided the IP address(es) from which the attacks originated, despite claiming that it successfully blocked these attacks. (*Id*., ¶ 8.) At most, Plaintiff has provided a threadbare recitation of the elements of its claim, which is insufficient at the pleading stage.

Plaintiff's attempt to plead "damages" under the CFAA is likewise insufficient. Although Plaintiff refers to the CFAA's $5,000 threshold (at ¶ 110), it never alleges that its computers incurred that much damage, or in what manner. In fact, Plaintiff never alleges any specific economic value of damage—or any damage at all—to its

computers. Rather, it pleads vague economic damage categories in conclusory fashion, such as purported damages for analyzing, investigating, and responding to alleged cyber threats. (Am. Compl., ¶ 110.) These allegations are insufficient to satisfy the *Iqbal/Twombly* standard. *See Bashaw v. Johnson,* No. 11–2693–JWL, 2012 WL 1623483, at *1–3 (D.Kan. May 9, 2012) (conclusory allegation that claimant "has been damaged," and further assertion that "data was erased," insufficient to state CFAA claim); *Fink v. Time Warner Cable,* No. 08 Civ. 9628(LTS)(KNF), 2009 WL 2207920, at *4 (S.D.N.Y. July 23, 2009) (dismissing CFAA claim where plaintiff alleged only that defendant caused damage by impairing the availability of data); *Bose v. Interclick, Inc.*, No. 10 Civ. 9183(DAB), 2011 WL 4343517, *4 (S.D.N.Y. Aug. 17, 2011) (dismissing CFAA claim for failure "to quantify any damage" that was caused to "computers, systems or data that could require economic remedy," how the conduct "impaired the functioning and diminished the value" of Bose's computer in a general fashion," and for failing to specify "the cost of repairing the alleged damage to her computer"); *Oce North America, Inc. v. MCS Servs., Inc.,* 748 F.Supp.2d 481, 488 (D.Md. 2010) (finding plaintiff's allegation that it "has suffered impairment to the integrity or availability of its data, programs, systems and information resulting in losses or damages in excess of $5000 during a one year period" to be conclusory and insufficient).

After stripping the amended complaint of mere "legal conclusion[s] couched as

[] factual allegation[s]," Plaintiff's allegations constitute mere threadbare recitals of the elements of a Section (a)(5)(A) claim without any factual "meat on the bones." *USG Ins. Servs., Inc. v. Bacon*, No. 2:16-CV-01024, 2016 WL 6901332, at *5 (W.D. Pa. Nov. 22, 2016) (dismissing CFAA claim for lack of specificity in pleading); *see Advanced Fluid Systems, Inc. v. Huber,* 28 F. Supp. 3d 306, 330-31 (M.D. Pa. 2004) ("conclusory allegations, reflecting only a formulaic recitation of the [CFAA]'s loss element, are insufficient to satisfy federal pleading requirements."). Accordingly, Plaintiff's CFAA claim should be dismissed.

### 3. Count VII should be dismissed because Plaintiff has failed to plead its Tortious Interference claim with the requisite specificity under *Twombly* and *Iqbal*.

Plaintiff's claim for tortious interference with contract against the John Doe defendants (Count VII) fails for the same reason as its CFAA claim.

In New Jersey, the elements of a tortious interference with contractual relations claim are as follows: "(1) existence of a contract; (2) defendant's knowledge of that contract; (3) defendant's *intentional and improper* procuring of the breach (i.e. malice); and (4) damages. *Elbex Video, Ltd. v. Tyco Int'l, Ltd.*, No. CIV.A. 06-5178PGS, 2008 WL 1375883, at *5 (D.N.J. Apr. 9, 2008) (citation omitted, emphasis in original). Under New Jersey law of tortious interference, the "notion of 'malice' requires that the defendant acted intentionally with respect to a known contractual duty of another; it does not suffice that a defendant 'should have known' of the

contractual relationship, because one cannot act with intent to interfere with a contract unless that contract is actually known." *Baxter Healthcare Corp. v. HQ Specialty Pharma Corp.*, 157 F. Supp. 3d 407, 421 (D.N.J. 2016).

Here, as with its CFAA claim, Plaintiff does nothing more than set forth a threadbare series of allegations, which allegedly give rise to tortious interference with contract. As to the Cyber-Attack and Hacker Does, Plaintiff's tortious interference claim relies on the same unsubstantiated, vague "facts" as its CFAA claim. Plaintiff fails to allege what customers or potential customers were targeted, what websites were allegedly targeted, where the attacks originated (e.g. by IP address), when or how many attacks were made, whether any computers were damaged, or what computers, servers or computer systems were affected.

Plaintiff's allegations as to Fake Customer Doe are similarly vague and lacking in specificity. Plaintiff does not allege to whom Fake Customer Doe allegedly "disparaged" Plaintiff, how many customers this individual contacted, who these customers were, or where, if anywhere, this individual posted allegedly inaccurate information. Plaintiff also fails to establish how this alleged commercial disparagement is actionable, different from typical internet postings or feedback, or otherwise related or germane to this case. Further, while Plaintiff alleges that the John Doe defendants were "fully aware" of Plaintiff's contractual relationships – relationships which Plaintiff likewise fails to identify or plead with specificity – this

allegation, without more, is insufficient to satisfy *Twombly* and *Iqbal*. *See Baxter Healthcare Corp.*, 157 F. Supp. 3d at 421 ("it does not suffice that a defendant 'should have known' of the contractual relationship, because one cannot act with intent to interfere with a contract unless that contract is actually known"). Accordingly, Plaintiff's tortious interference claim, like its CFAA claim, lacks the requisite specificity and should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, the claims against the John Doe defendants (Counts VI and VII) should be severed from this action. In the alternative, should the Court decline to sever these counts, they should nevertheless be dismissed for failure to state a claim as Plaintiff has failed to plead them with the requisite specificity.

Dated: October 1, 2018                    Respectfully submitted,

<u>/s/ Matthew A. Lipman</u>
Matthew A. Lipman, Esq.
Monica T. Holland, Esq.
MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
1617 John F. Kennedy Boulevard, Suite 1500
Philadelphia, PA 19103
Tel.: (215) 557-2900
mlipman@mdmc-law.com
mholland@mdmc-law.com

Adam Wolek (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800

Chicago, IL 60601
Tel.: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com

*Counsel for Defendant Retailer Web
Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 1, 2018, a true and correct copy of the

foregoing was served via electronic filing the following counsel for the Plaintiff:

FLASTER/GREENBERG P.C.
Alexis Arena, Esq.
Eric R. Clendening, Esq.
1810 Chapel Avenue West
Cherry Hill, NJ 08002
Tel.: (856) 661-1900
Fax: (856) 661-1919

*Counsel for Plaintiff The HomeSource, Corp.*

<u>/s/ Matthew A. Lipman</u>
Matthew A. Lipman, Esq.

23599250