## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

|  |  |
|---|---|
| THE HOMESOURCE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> RETAILER WEB SERVICES, LLC, <br><br> Defendant. | Civil Action No.: 1:18-cv-11970-JBS-KMW <br><br> Hon. Jerome B. Simandle <br><br> Hon. Karen M. Williams |

### DISCOVERY CONFIDENTIALITY ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY

6927448 v1

CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. All Confidential and Attorney's Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose. All Confidential material shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. Similarly, all Attorney's Eyes Only material shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 6, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential or Attorney's Eyes Only material, provided that

2

6927448 v1

such advice and opinions shall not reveal the content of such Confidential or Attorney's Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals, under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and court personnel, and mediators in agreed-upon or court ordered mediation;

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions

3

6927448 v1

or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. Materials designated Attorney's Eyes Only and the contents thereof may be disclosed only to the following individuals, under the following conditions:

a. Outside counsel for the receiving party, and secretarial, paralegal, and clerical personnel at their law firms, and duplicating and data processing personnel, provided that they are contemporaneously also provided with a copy of this agreement;

b. Professional vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, provided that they are not affiliated with, and have no personal relationship with, the parties to this litigation;

4

c. To any deponent, provided, however, that a deponent may be shown or examined on any information, document or thing designated Attorney's Eyes Only only if it appears that the witness authored or received a copy of it, or if the producing party consents to disclosure;

d. To an expert witness retained by the receiving party for the purpose of this litigation, provided that the receiving party provides the producing party with at least ten (10) days advance notice of the expert witness (providing the expert's name and title), and the producing party does not object to that expert witness on the grounds that the expert witness appears to have a relationship with the receiving party (not including any contractual relationships related to advising or testifying on any matter related to this lawsuit), or is a direct competitor of the producing party;

e. To such other persons as counsel for the producing party agrees in advance or as Ordered by the Court; and

f. The Court and court personnel, court reporters, stenographers and videographers.

7. With respect to any depositions that involve a disclosure of Confidential or Attorney's Eyes Only material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorney's Eyes Only, which period may be extended by agreement of the parties. With regard to transcripts designated as Confidential, no such deposition transcript shall be disclosed to any individual other than the individuals described

5

6927448 v1

in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. With regard to transcripts designated as Attorney's Eyes Only, no such deposition transcript shall be disclosed except on the conditions described in Paragraph 6 during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of that deposition to any individual except on the conditions described in Paragraph 6 during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorney's Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3, 4, and 6.

    8.    If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the

        designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9. In the event any party desires to change the designation of any material that is produced from no designation to Confidential or Attorney's Eyes Only, or from one such designation to another, such party may do so by notice in writing specifically identifying the material and furnishing a copy of such material with the new designation. In such event, the receiving party shall thereafter treat such information with the new designation pursuant to this Discovery Confidentiality Order, as well as undertake a good faith effort to correct any treatment of the information inconsistent with the new designation.

10. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

11. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

12. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorney's Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorney's Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorney's Eyes Only under this Discovery Confidentiality Order.

13. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source

other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

15. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

17. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential and Attorney's Eyes Only material and to destroy, should such source so request, all copies of Confidential and Attorney's Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential and Attorney's Eyes Only material; provided, however, that counsel of record may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential or Attorney's Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

SO ORDERED this _12th_ day of October, 2018.

_____
KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of October, 2018.          Dated this 11th day of October, 2018.

*/s/ Alexis Arena*                              */s/ Matthew A. Lipman*
Alexis Arena, Esq.                              Matthew A. Lipman, Esq.
Eric R. Clendening, Esq.                        Monica T. Holland, Esq.
FLASTER/GREENBERG P.C.                          MCELROY, DEUTSCH, MULVANEY &
1810 Chapel Avenue West                         CARPENTER, LLP
Cherry Hill, NJ 08002                           1617 John F. Kennedy Boulevard, Suite 1500
Tel.: (856) 661-1900                            Philadelphia, PA 19103
Fax: (856) 661-1919                             Tel.: (215) 557-2900
                                                mlipman@mdmc-law.com
*Counsel for Plaintiff The HomeSource, Corp.*   mholland@mdmc-law.com

                                                Adam Wolek (*pro hac vice*)
                                                TAFT STETTINIUS & HOLLISTER LLP
                                                111 E. Wacker Drive, Suite 2800
                                                Chicago, IL 60601
                                                Tel.: (312) 836-4063
                                                Fax: (312) 966-8598
                                                awolek@taftlaw.com

                                                *Counsel for Defendant Retailer Web Services, LLC*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION**

| | |
|---|---|
| THE HOMESOURCE, CORP., | Civil Action No.: 1:18-cv-11970-JBS-KMW |
| Plaintiff, | Hon. Jerome B. Simandle |
| v. | Hon. Karen M. Williams |
| RETAILER WEB SERVICES, LLC, | |
| Defendant. | |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

11

6927448 v1

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

_____       _____
Dated                           Name