# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE HOMESOURCE, CORP., | Civil Action No.: 1:18-cv-11970-JBS-KMW |
| Plaintiff, | Hon. Jerome B. Simandle |
| v. | Hon. Karen M. Williams |
| RETAILER WEB SERVICES, LLC, et al., | |
| Defendants. | |

## DEFENDANT RETAILER WEB SERVICES, LLC'S REPLY IN SUPPORT OF ITS MOTION TO SEVER OR DISMISS PLAINTIFF'S COMPLAINT

Dated: November 12, 2018

Respectfully submitted,

/s/ Matthew A. Lipman
Matthew A. Lipman, Esq.
Monica T. Holland, Esq.
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
1617 John F. Kennedy Boulevard, Suite 1500
Philadelphia, PA 19103
Tel.: (215) 557-2900
mlipman@mdmc-law.com
mholland@mdmc-law.com

Adam Wolek (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Tel.: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com

William C. Wagner (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel.: (317) 713-3500
Fax: (317) 713-3699
wwagner@taftlaw.com

*Counsel for Defendant Retailer Web Services, LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iv

INTRODUCTION ........................................................................................................................ 1

LAW AND ARGUMENT ............................................................................................................ 2

    I.      The Court Should Exercise Its Power Under Rule 21 To Sever The Plaintiffs' Claims Against The Doe Defendants. ................................................................................. 2

    II.     Plaintiff's Standing Argument Is A Red Herring. ................................................... 4

    III.    Plaintiff Will Not Be Prejudiced If The Court Severs The John Doe Claims. ....... 6

CONCLUSION .............................................................................................................................. 7

CERTIFICATE OF SERVICE ...................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Awah v. Transunion*, No. CV ELH-15-02042, 2016 WL 3257795 (D. Md. June 13, 2016) ................ 5

*Baseprotect USA, Inc. v. Swarm et al.*, No. CV 11-7288, 2012 WL 13032936 (D.N.J. Oct. 18, 2012) ................................................................................................................................................ 3

*Dragon Quest Prods., LLC v. John Does 1-100*, No. CIV. 12-6611 JHR/AMD, 2013 WL 2949407 (D.N.J. June 14, 2013) ................................................................................................ 2, 3,

*First Time Videos, LLC v. Does*, No. 12-20921-CV, 2012 WL 12895030 (S.D. Fla. Dec. 5, 2012) ... 3

*Hard Drive Prods., Inc. v. Does 1-1,495*, No. CIV.A. 11-1741 JDB, 2012 WL 3296582 (D.D.C. Aug. 13, 2012) ............................................................................................................................ 3

*Huafeng Xu v. Walsh*, No. CIV.A. 13-5626 ES, 2014 WL 4388663 (D.N.J. Sept. 4, 2014), *aff'd* 604 F. App'x 124 (3d Cir. 2015) ...................................................................................................... 5

*Live Face on Web, LLC v. Green Tech. Servs.*, No. CIV. 14-182 JEI/AMD, 2014 WL 2204303 (D.N.J. May 27, 2014) ............................................................................................................ 2, 4

*Malibu Media, LLC v. Surgent*, No. 12-CV-3905 SRC CLW, 2013 WL 1704289 (D.N.J. Apr. 19, 2013) ....................................................................................................................................... 2, 3

*Media, LLC v. John Does 1-18*, No. CIV.A. 12-07789 KM, 2014 WL 229295 (D.N.J. Jan. 21, 2014) ................................................................................................................................................ 2, 3

*Nu Image, Inc. v. Does 1-2,515*, No. 2:12-CV-109-FTM-29, 2012 WL 3042933 (M.D. Fla. July 16, 2012) .......................................................................................................................................... 3

*Worster-Sims v. Tropicana Entm't, Inc.*, 46 F. Supp. 3d 513 (D.N.J. 2014) ....................................... 5

**Other Authorities**
Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ............................................................................ 1

**Rules**
Fed. R. Civ. P. 1 .................................................................................................................................. 1
Fed. R. Civ. P. 11 ................................................................................................................................ 6
Fed. R. Civ. P. 12 ................................................................................................................................ 4
Fed. R. Civ. P. 20 ................................................................................................................ 1, 2, 4, 5, 6
Fed. R. Civ. P. 21 ....................................................................................................................... 1, 2, 6

**INTRODUCTION**

As Defendant Retail Web Services, LLC's ("RWS") demonstrated in its opening brief, Plaintiff The HomeSource Corp.'s ("Plaintiff") amended complaint pieces together separate claims against separate parties arising out of separate facts in violation of Fed. R. Civ. P. ("Rule") 20. Plaintiff's claims asserted under the Computer Fraud and Abuse Act (Count VI) and for tortious interference with contract (Count VII) against the John Doe defendants arise out of alleged cyber-attacks, a hacking attack, and a fake customer review. Plaintiff has conceded that "Counts VI and VII are not asserted against RWS" (Dkt. 19-2, p. 2), and it presently has no evidence that the Does are RWS employees, principals, or associates (Dkt. 28, pp. 4-5). Contrary to Rule 20, no right to relief is asserted against RWS and the Doe defendants jointly, severally, or in the alternative arising out of the same transaction or occurrence, and there are no questions of law or fact common to all defendants.

Instead of filing a separate lawsuit, Plaintiff responds that these events either followed or preceded actions by RWS, therefore, the Doe defendants *may* be associated with RWS. [Dkt. 28, p. 3.] Plaintiff's fallacious *post hoc ergo propter hoc* reasoning, which is never pled, is insufficient to survive this motion. And, contrary to Plaintiff's assertion that the motion is "premature and non-justiciable," Rule 21 expressly states, "[o]n motion or on its own, the court may *at any time*, on just terms … drop a party … [and/or] sever any claim against a party." Indeed, Plaintiff has cemented RWS as having an adverse interest to Counts VI and VII by requesting extensive discovery directed to those counts. Consistent with Rule 1, for the just, speedy, and inexpensive determination of Plaintiff's claims against RWS, the Doe defendants should be dropped from this action, with Plaintiff allowed to pursue discovery and its claims against the Doe defendants in a separate action.

Finally, Plaintiff's assertions that RWS refused to provide discovery is belied by the facts.

1

RWS timely answered Plaintiff's written discovery and is engaged in the process set forth by Magistrate Judge Williams to allow the parties' computer experts to discern what information would be needed to ascertain whether Plaintiff was hacked as it alleges, as discussed with the Court and counsel on October 4 and November 7, 2018.

## LAW AND ARGUMENT

**I.    The Court Should Exercise Its Power Under Rule 21 To Sever The Plaintiffs' Claims Against The Doe Defendants.**

Under Rule 20(a)(2), a plaintiff may join multiple defendants in a single action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms … drop a party [and/or] sever any claim against a party."

Plaintiff largely ignores these rules. Instead, Plaintiff claims the motion to sever is "premature and non-justiciable" until the Doe defendants are identified in discovery. [Dkt 28, p. 1.] Not so. This Court has repeatedly severed and/or dismissed claims against John Doe defendants before the identities of those parties were known. *E.g., Malibu Media, LLC v. Surgent*, No. 12-CV-3905 SRC CLW, 2013 WL 1704289, at *4 (D.N.J. Apr. 19, 2013); *Media, LLC v. John Does 1-18*, No. CIV.A. 12-07789 KM, 2014 WL 229295, at *5 (D.N.J. Jan. 21, 2014); *Dragon Quest Prods., LLC v. John Does 1-100*, No. CIV. 12-6611 JHR/AMD, 2013 WL 2949407, at *6 (D.N.J. June 14, 2013). The Court's decision to drop and/or sever claims against unrelated parties is entirely consistent with Rule 21, which permits a court to add, drop, or sever any party *at any time*. *See Live Face on Web, LLC v. Green Tech. Servs.*, No. CIV. 14-182 JEI/AMD, 2014 WL 2204303, at *2 (D.N.J. May 27, 2014) ("Under [Rule] 21, misjoinder does not serve as a ground for dismissal of an

2

action; rather, '[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.") (quoting *Dragon Quest Prods., LLC*, 2013 WL 2949407, at *2 (quoting Rule 21)).

Notwithstanding Rules 20 and 21, Plaintiff cites four cases for the proposition that a motion to dismiss or sever claims against a John Doe defendant is non-justiciable prior to discovery. *See Baseprotect USA, Inc. v. Swarm et al.*, No. CV 11-7288, 2012 WL 13032936 (D.N.J. Oct. 18, 2012); *Nu Image, Inc. v. Does 1-2,515*, No. 2:12-CV-109-FTM-29, 2012 WL 3042933 (M.D. Fla. July 16, 2012); *First Time Videos, LLC v. Does*, No. 12-20921-CV, 2012 WL 12895030 (S.D. Fla. Dec. 5, 2012); *Hard Drive Prods., Inc. v. Does 1-1,495*, No. CIV.A. 11-1741 JDB, 2012 WL 3296582 (D.D.C. Aug. 13, 2012). These decisions are inapposite.

As an initial matter, each case involved activities that occurred through a file-sharing network in which plaintiff's intellectual property was unlawfully transferred through the network. *Baseprotect USA* at *1; *Nu Image* at *2; *First Time Videos* at *1; *Hard Drive Prods.* at *1. The amended complaint contains no similar allegations. Plaintiff has not alleged that RWS and the Doe defendants acted in concert or at one another's direction, nor could it, as Plaintiff's brief concedes, because it has no evidentiary support for such allegations. [*See* Dkt. 28, pp. 4-5 ("If HomeSource obtains evidence...").] The decisions are further distinguishable because the John Doe defendants in those cases participated in the same type of unlawful activity (i.e., copyright infringement) and caused the plaintiffs to incur the same damages at or around the same time through the same series of events. Here, in contrast, the amended complaint makes no allegations of concerted action between RWS and the Doe defendants. Indeed, Plaintiff concedes that the John Doe counts are not asserted against RWS. Finally, each decision predates the Court's rulings in *Malibu Media, LLC v. Surgent*, *Malibu Media, LLC v. Does 1-18*, and *Dragon Quest Prods., LLC v. Does 1-100*, where the Court granted motions to sever or dismiss claims against John Doe defendants before those parties

3

were identified in discovery.

Plaintiff's insinuations that the Doe defendants may be affiliated with RWS—which RWS has vigorously denied—cannot rectify its pleading deficiencies. As discussed in RWS's opening brief, Plaintiff's amended complaint is an improper "buckshot" pleading designed to join and assert separate relief against unrelated defendants, who allegedly caused it to incur unrelated damages, through independent acts, at different times and locations, and through different transactions. [Dkt. 19-1, p. 4 (citing *Live Face on Web, LLC v. Green Tech. Servs.*, No. CIV. 14-182 JEI/AMD, 2014 WL 2204303, at *3 (D.N.J. May 27, 2014) ("[a] buckshot complaint ... —say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected."), etc.).] As a result, since Plaintiff cannot satisfy the rigorous demands of Rule 20, Plaintiff's claims against the Doe defendants should be severed.

## II.  Plaintiff's Standing Argument Is A Red Herring.

Plaintiff's standing argument misses the mark for several reasons. As an initial matter, Plaintiff's opposition fails to mention that RWS sought dismissal of Plaintiff's John Doe claims as an alternative to its motion to sever—i.e., dismissal is warranted only if the Court elects not to sever the John Doe claims. [Dkt. 19-1, p. 2.] Hence, the question of improper joinder should be resolved before the issue of whether Plaintiff met its burden at the pleading stage. If the Court severs the John Doe claims or drops the Doe defendants—and it should—the Court need not consider whether those claims were pled with the requisite specificity or whether RWS has standing to move for dismissal.

Second, Plaintiff's attempt to use standing as a sword and shield is improper and contradictory. On the one hand, Plaintiff seeks to bar RWS from challenging Counts VI and VII even though they are asserted in the same suit. And on the other hand, Plaintiff has requested extensive discovery from RWS on the allegations relating to Counts VI and VII, thus depriving us of

4

the protections afforded by Rule 26(b)(1) limiting discovery on "nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case…" [*See, e.g.*, Dkt. 24-1, pg. 3, Doc. Req. No. 16 (document request seeking "All documents reflecting Your ISP provider and IP addresses, including but not limited to … any data center you operate … Your office, and the public block of IP addresses You have"); pg. 3, Doc. Req. No. 17 (document request seeking "All documents of any and all code that was written or used to extract data from the HomeSource platform … or searching tools of both the HomeSource Platform and HomeSource's S3 bucket"); pg. 6, Interrog. No. 18 (interrogatory demand RWS "Identify all of Your employees … and any material related to their online presence … .")[1].] But if these counts do not affect RWS's interests in the suit, then they should be severed as they are entirely unrelated to the suit against RWS. If they do affect RWS's interests, or require RWS to respond to discovery on them, then they affect RWS's interests and put it as an adversary to those counts, and RWS thus should have the right to challenge their sufficiency and propriety to stay in the suit.

      Third, regardless of whether RWS has standing to move to dismiss Plaintiff's John Doe claims, a district court may dismiss a complaint, *sua sponte*, for failure to state a claim. *Worster-Sims v. Tropicana Entm't, Inc.*, 46 F. Supp. 3d 513, 517 (D.N.J. 2014) ("Courts have the inherent authority to dismiss claims *sua sponte* for failure to state a claim upon which relief may be granted."); *Huafeng Xu v. Walsh*, No. CIV.A. 13-5626 ES, 2014 WL 4388663, at *2 (D.N.J. Sept. 4, 2014), *aff'd* 604 F. App'x 124 (3d Cir. 2015) ("[T]his Court has the inherent authority to dismiss claims *sua sponte* for failure to state a claim upon which relief may be granted under Rule 12(b)(6)."). In such cases, courts have dismissed complaints as to all defendants only when some of those defendants move to dismiss. *See Awah v. Transunion*, No. CV ELH-15-02042, 2016 WL

---

[1] Plaintiffs have requested additional discovery on this topic, which RWS is able to provide upon the Court's request.

5

3257795, at *11 (D. Md. June 13, 2016) (dismissing claims as to all defendants even though two defendants did not move to dismiss). Here, the Court does not need to reach the standing issue if it severs Plaintiff's claims against the Doe defendants or drops them as parties from the case.

Finally, Plaintiff's statement that RWS has refused to provide discovery is incorrect. As is discussed more fully in RWS's letter dated October 26, 2018, RWS has abided by the Court's direction and has preserved its IP addresses, disclosed its expert, and produced in excess of 1,500 pages of documents, and has answered Plaintiff's Interrogatories. [Dkt. 25.] RWS is also in the midst of assembling and processing additional electronic files, for review and production in due course. [*Id.*] Moreover, RWS is not preventing Plaintiff from subpoenaing any ISPs or other third parties to identify the individuals behind the purported DoS and DDoS attacks. [*Id.*] Accordingly, not only is RWS's motion to sever or, in the alternative, to dismiss properly before the court, but Plaintiff's statements regarding the status and handling of discovery are unfounded.

### III.     Plaintiff Will Not Be Prejudiced If The Court Severs The John Doe Claims.

Plaintiff does not argue—nor could it—that Plaintiff would be prejudiced if the Court severs the John Doe claims. When claims against John Does are severed, "the claims are continuing, albeit 'in another guise.'" *Dragon Quest Prods., LLC*, 2013 WL 2949407, at *2, fn. 6 (finding joinder inappropriate where the relationship between the various defendants was "attenuated" and did not constitute the type of relation contemplated by Rule 20(a)). As a result, if the John Doe claims are severed, Plaintiff can pursue those claims in a new case in which it would be able to engage in discovery and issue subpoenas to non-parties in order to ascertain the identities of the Doe defendants. In contrast, as discussed in RWS's opening brief, RWS will incur significant prejudice and additional costs should the Doe defendants remain in this case. Accordingly, severance or dismissal of Plaintiff's Doe claims is not only proper, but severing those claims would not prejudice

Plaintiff's ability to seek the relief it seeks.

## CONCLUSION

Plaintiff claims RWS allegedly defamed it by publicly disclosing holes in the security of its websites and calling out the actions of its owners. It then claims that weeks later John Doe defendants attacked its network through entirely different methods. To avoid crossing the line drawn by Rule 11, and despite not alleging Counts VI and VII against RWS. Plaintiff insinuates that there may be some relation between RWS and the Doe defendants. But it failed to allege any right to relief jointly, severally, or in the alternative between the defendants, thus failing to meet the high demands for permissive joinder under Rule 20. Accordingly, this Court should exercise its power and sever the claims against and drop the John Doe defendants from this action under Rule 21. In the alternative, the Court may nonetheless dismiss Plaintiff's claims against the John Doe defendants for failing to plead them with the requisite specificity.

Dated: November 12, 2018

Respectfully submitted,

/s/ Matthew A. Lipman_____
Matthew A. Lipman, Esq.
Monica T. Holland, Esq.
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
1617 John F. Kennedy Boulevard, Suite 1500
Philadelphia, PA 19103
Tel.: (215) 557-2900
mlipman@mdmc-law.com
mholland@mdmc-law.com

Adam Wolek (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Tel.: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com

William C. Wagner (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel.: (317) 713-3500
Fax: (317) 713-3699
wwagner@taftlaw.com

*Counsel for Defendant Retailer Web Services, LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2018, a true and correct copy of the foregoing was served via electronic mail upon the following counsel for the Plaintiff:

Alexis Arena, Esq.
Eric R. Clendening, Esq.
FLASTER/GREENBERG P.C.
1810 Chapel Avenue West
Cherry Hill, NJ 08002
Tel.: (856) 661-1900
Fax: (856) 661-1919

*Counsel for Plaintiff The HomeSource, Corp.*

/s/ Matthew A. Lipman_____
Matthew A. Lipman, Esq.
Monica T. Holland, Esq.

*One of the attorneys for Defendant Retailer Web Services, LLC*

23599250

9