```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

| | |
|---|---|
| THE HOMESOURCE, CORP.,<br><br>                    Plaintiff,<br><br>     v.<br><br>RETAILER WEB SERVICES, LLC,<br><br>                    Defendant. | Civil No. 18-11970-JBS-KMW |

### DISCOVERY ORDER

This Order confirms the directives given to counsel during the on the record telephone status conference held on **April 8, 2019**; and the Court noting the following appearances: Alexis Kathryn Arena, Esquire, appearing on behalf of the plaintiff**;** and Matthew A. Lipman, Esquire, William C. Wagner**,** Esquire, Adam Wolek, Esquire, and appearing on behalf of the defendant**;** and for good cause shown:

IT IS this **9th** day of **April, 2019**, hereby **ORDERED**:

1.  Within five (5) business days of April 8, 2019, Defendant Retailer Web Services, LLC ("RWS") shall provide Internet Protocol ("IP") addresses for **all electronic devices**, including but not limited to computers, network servers, desktops, laptops, notebooks, mainframes, and personal devices used for work purposes, that are within its possession, custody, and control. This **does not include** IP addresses of employees' personal non-work related electronic devices.

2.  The HomeSource, Corp. ("HomeSource") shall immediately (if it has not already done so) create a Mirror Image of the data base it will use to compare RWS's IP addresses against for the purposes of determining whether any RWS IP address was connected to the alleged "hacking event." The Mirror Image shall have a hashvaule as it is beyond cavil that "hashing" guarantees the authenticity of the original data set.

3.  Any and all requests for sanctions related to the discovery disputes raised by the parties to date are hereby **DENIED**

as neither party has met its burden in demonstrating that sanctions are appropriate.

    4. Counsel shall engage in the following procedure in an effort to resolve any and all outstanding disputes as to the deficiencies asserted with respect to their respective responses to discovery:

    a. **Interrogatories.** To the extent that any party maintains that answers provided to interrogatories are deficient, the serving party shall set forth in detail the basis for the alleged deficiency. The responding party shall either supplement its response accordingly **or** answer and object as provided by Fed. R. Civ. P. 33(b) and (d).

    The Court reiterates, as set forth on the record, that it cannot compel any party to provide any particular answer to interrogatories. Answers "must . . . be provided separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Objections "must be stated with specificity." Fed. R. Civ. P. 33(b)(4).

    b. **Requests for Production**. To the extent that any party maintains that responses provided to notices to produce are deficient, the serving party shall set forth in detail the basis for the alleged deficiency. The responding party shall either supplement its response accordingly **or** respond and object as provided by Fed. R. Civ. P. 34(b)(2).

    The Court reiterates that it cannot compel the production of documents the existence of which is uncertain.

    5. The time within which to seek amendments to the pleadings or to add new parties will expire on **June 7, 2019**.

    6. Pretrial factual discovery will expire on **July 31, 2019**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery

    7. **Discovery Applications**. All discovery applications pursuant to L. Civ. R. 37.1(a)(1) shall include an Affidavit or Certification that includes the information identified in L. Civ.

R. 37.1(b)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person or via telephone before making a discovery application, rather than just exchanging letters or e-mails.

8. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

9. All affirmative expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of plaintiff shall be served upon counsel for defendant not later than **August 30, 2019**. All rebuttal expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of defendant shall be served upon counsel for plaintiff not later than **September 30, 2019**. Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **October 31, 2019**.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of Fed. R. Civ. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. Evid. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

10. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **November 22, 2019.** Opposition to the motion should be served in a timely fashion. Counsel are to follow L. Civ. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice – Generally).

11. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period

sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under F‌ED. R. C‌IV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

                                          s/ Karen M. Williams
                                          KAREN M. WILLIAMS
                                          United States Magistrate Judge

cc:   Hon. Jerome B. Simandle