

1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 661-1900
Fax: (856) 661-1919
www.flastergreenberg.com

**ERIC R. CLENDENING, ESQUIRE**
Member of the NJ & PA Bar
Direct Dial: (856) 382-2210
E-Mail: eric.clendening@flastergreenberg.com

August 22, 2019

**VIA ECF ONLY**
The Honorable Karen M. Williams
U.S. District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

      Re:   *The HomeSource, Corp. v. Retailer Web Services, LLC, et al.*
              Case No. 1:18-cv-11970-JBS-KMW

Dear Judge Williams,

      This letter briefly responds to Defendant Retailer Web Services, LLC's ("RWS") letter of August 22, 2019 (ECF No. 111). We represent the Plaintiff, The HomeSource Corp. ("HomeSource") in the above-referenced matter. We filed our motion for sanctions pursuant to Fed. R. Civ. P. 37(c)(2) and 37(e). Defendant Retailer Web Services, LLC ("RWS") cites the wrong local rule that is not applicable to motion that was filed. In fact, the local rule regarding applications for sanctions does not have any such conference requirement. *See* L. Civ. R. 37.2 – Applications for Fed. R. Civ. P. 37 Sanctions.

      HomeSource's motion is not, as RWS claims, a "discovery motion" pursuant to Rule 37.1. HomeSource is not moving to compel the production of any discovery information, and cannot move to compel that information, because the information has already been spoiled. Before the information was spoiled, the parties had several meet and confers between October 2018 and February 2019, to no avail. *See* Discovery Letters to Judge Williams and Motion to Compel, ECF Nos. 24, 30, 37, 41, 43, 44, 47. Between August and December 2018, HomeSource repeatedly raised the issue with RWS and the Court, that if RWS did not identify all of its Internet Service Providers ("ISPs") to HomeSource, the ISPs would destroy relevant information, such as which IP addresses were utilized by RWS prior to August 2018, which is exactly what happened. *See*, *e.g.*, ECF Nos. 24, 30, 37. Similarly, a motion to compel cannot address the fact that HomeSource was required to amend its complaint due to RWS's misconduct; the only available remedy at this point is sanctions. Thus, it was appropriate for

Honorable Karen M. Williams
August 22, 2019
Page 2

HomeSource to file its motion for sanctions with the clerk of court, as required by L. Civ. R. 37.2.  *See Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 93-94 (D.N.J. Dec. 6, 2006).

With respect to RWS's discovery deficiencies that **can** be resolved through a motion to compel, HomeSource did seek leave to file a motion to compel, and followed the local procedure that RWS references, on the same day.  *See* ECF Nos. 108 and 109.

Respectfully submitted,

FLASTER/GREENBERG P.C.

*/s/ Eric R. Clendening*

Eric R. Clendening

**cc: All Counsel of Record**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE HOMESOURCE, CORP.<br><br>    Plaintiff,<br><br>vs.<br><br>RETAILER WEB SERVICES, LLC, et al.<br><br>    Defendants. | Case No. 1:18-cv-11970 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2019, I served the letter to Magistrate Judge Karen M. Williams on all counsel of record using the Court's ECF system.

/s/ *Eric Clendening*
Eric Clendening, Esq.
FLASTER/GREENBERG P.C.
1810 Chapel Ave. West
Cherry Hill, NJ 08002

*Attorneys for Plaintiff*

6865377 v1