[Dkt. Nos. 99, 113, and 121]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THE HOMESOURCE, CORPORATION,<br><br>                Plaintiff,<br><br>     v.<br><br>RETAILER WEB SERVICES, LLC et al.,<br><br>                Defendants. | Civil No. 18-11970-ECR-KMW |

**<u>ORDER</u>**

      THIS MATTER having come before the Court upon the first Motion [Dkt. No. 99] by Defendant Retailer Web Services, LLC ("RWS"), pursuant to Local Civil Rule 5.3, seeking an Order sealing portions of Plaintiff The HomeSource, Corp.'s ("HomeSource") Motion for Leave to File a Second Amended Complaint [Dkt. Nos. 87 and 88], RWS's Response in Opposition [Dkt. No. 89], HomeSource's Reply in Support [Dkt. No. 92], and RWS's Letter requesting permission to file a Sur-Reply [Dkt. No. 94] (collectively the "Confidential Materials"), which are under temporary seal.[1] Specifically, RWS seeks to redact and seal portions of the Confidential Materials that reference "the

---

[1] The Court notes that RWS's Motion to Seal [Dkt. No. 99] seeks to seal Docket Numbers 87, 88, 89, 92, and 94. This appears to reflect a critical error, as only Docket Numbers 88 and 89 are under temporary seal. Docket Numbers 87, 92, and 94 are not under temporary seal and are in fact redacted versions of Docket Numbers 88, 93, and 95 respectively.

relationships and alleged relationships between RWS and various corporate non-parties." HomeSource opposes the Motion.

The Court further notes that RWS filed two additional Motions to Seal [Dkt. Nos. 113 and 121]. These additional Motions to Seal similarly seek an Order sealing materials that reference "the relationships and alleged relationships between RWS and various corporate non-parties." Specifically, RWS's second Motion to Seal [Dkt. No. 113] seeks to seal portions of HomeSource's Letter opposition to RWS's August 16, 2019 Letter [Dkt. Nos. 108 and 109] (also encompassed in the "Confidential Materials").[2] Further, RWS's third Motion to Seal [Dkt. No. 121] seeks to seal portions of HomeSource's Motion for Sanctions and Exhibits, RWS's Response in Opposition, and HomeSource's Reply in Support [Dkt. Nos. 106, 107, 114, 115, 118, and 119] (also encompassed in the "Confidential Materials").[3] HomeSource opposes both Motions.

The Court has considered the papers in support of the three Motions to Seal and held a hearing on October 8, 2019. Pursuant to Local Civil Rule 5.3 the Court may restrict public access to any

---

[2] The Court notes that Docket Number 108 is not under temporary seal and is merely a redacted version of Docket Number 109.
[3] The Court notes that RWS's Motion to Seal [Dkt. No. 121] seeks to seal Docket Numbers 106, 107, 114, 115, 118, and 119. However, Docket Numbers 106, 114, and 118 are not under temporary seal and are in fact merely redacted versions of Docket Numbers 107, 115, and 119 respectively.

materials or judicial proceedings upon request by any party, however, good cause has not been shown, thus the Motions are **DENIED**.

Local Civil Rule 5.3 governs requests to seal documents filed with the Court. Instructively, the Rule dictates that the party seeking to seal documents must describe (a) the nature of the materials at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3). While it is within the Court's authority to restrict public access to information, it is well-settled that there is a "common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). The moving party bears the burden to overcome this presumption of public access and must demonstrate that "good cause" exists for the protection of the material at issue. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Good cause exists only when the moving party makes a particularized showing that disclosure will cause a "clearly defined and serious injury." *Id.* Good cause is not established where a party merely provides "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id.* (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

RWS claims the Confidential Materials concern "proprietary commercial and business information." RWS's Proposed Findings of Fact and Conclusions of Law ("RWS's Facts and Law"), [Dkt. No. 99-1], at 2, ¶4. In actuality, however, the Confidential Materials are merely RWS's business relationships with various non-parties. RWS is "concerned that, should the nature of its relationships become public, HomeSource and RWS's other competitors could interfere with RWS's customer relationships or adopt RWS's business model." Declaration of James H. Kane, Jr. ("Kane Dec."), [Dkt. No.100], at 5, ¶9. RWS further argues that disclosure could negatively impact RWS's competitive standing in the industry and legitimate business interests. *Id*. at 5-7 ¶¶8-13.

In support of this position, RWS contends that "trade secrets" and other confidential information like research, development, and commercial information warrant protection, citing to: (A) *In re Cendent*, 260 F.3d at 194, granting the sealing of trade secrets or other confidential research, development, or confidential information; (B) *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004), finding that the "protection of a party's interest in confidential commercial information, such as a trade secret," is well-settled; and (C) *Castro v. Sanofi Pasteur, Inc.,* No. 11-7178, 2015 WL 4064644, at *3 n.3 (D.N.J. July 2, 2015), granting a motion to seal "highly sensitive and confidential information relating to

4

... business practices," specifically, "(1) material relating to contract terms and pricing programs offered to its customers to be eligible to earn administrative fees, rebates, or discounts; and (2) Defendant's current and high-ranking employees' individual contact information, including e-mail addresses and phone numbers." RWS's Facts and Law, [Dkt. No. 99-1], at 3-5, ¶¶7-8; RWS's Reply in Support of Motion to Seal, [Dkt. No. 102], at 2.

In opposition, HomeSource argues that RWS's business relationships are not entitled to protection from public disclosure. HomeSource claims that RWS has not demonstrated good cause under L. Civ. R. 5.3(c)(3), and HomeSource further argues that RWS's business relationships are in fact already publicly available and published online. HomeSource, accordingly, avers that information published online, accessible by the general public, is not entitled to protection.

Taking this into account, the Court finds that RWS has not sufficiently established that the Confidential Materials should be restricted. The Motion seeks to protect RWS's "business relationships" from disclosure, yet fails to establish that a business relationship is entitled to protection. Neither RWS's Proposed Findings of Facts and Conclusions of Law nor the Declaration of RWS's Chief Executive Officer, James H. Kane, Jr., claim that a business relationship is a trade secret. Further, although, RWS claims its

5

business relationships are confidential commercial information, RWS fails to provide specific legal authority that supports the proposition that business relationships are in fact confidential commercial information.  Accordingly, at this time, the Court finds that the business relationships, ownership interests, business entity structures, and/or corporate governance structures[4] between RWS and the non-parties are not trade secrets or confidential commercial information entitled to protection.

The Court ultimately concludes that RWS's Motion has not established good cause.  Pursuant to Local Civil Rule 5.3(c)(3)(c), RWS has not demonstrated that a clearly defined and serious injury **would result** if protection is denied.  Although RWS's Proposed Findings of Fact and Conclusions of Law states that "disclosure would damage [RWS's] business interests," this statement is general, overbroad, and conclusory.  Similarly, RWS claims disclosure of the

---

[4] The Court finds that the term business relationship is imprecise and does not fully represent the detail and nuance as to the precise nature of RWS's "business relationships" with the non-parties.  The overbroad term "business relationship" employed by RWS is unclear and brings to issue the business organizational and/or ownership structure between RWS and the non-parties.  Although, at the hearing, counsel for RWS attempted to clarify and define the nature of RWS's relationships with the non-parties, this was insufficient to satisfy the Court's concerns.  Because RWS seeks to seal the Confidential Materials, RWS must define and establish to the Court's satisfaction what the Confidential Materials in fact concern.  Moreover, the Court should not have to search throughout the Docket to piece together information to attempt to define RWS's business relationships.  Rather, it is RWS's burden as the movant to provide a Motion that clearly defines the materials RWS seeks to restrict.

Confidential Materials: (1) "**could** interfere with RWS's customer relationships," (2) "**could** ... [enable others to] adopt "RWS's business model," or (3) "**could** negatively affect RWS's competitive standing in the industry."  The Motion, therefore, does not demonstrate a **particularized showing** that disclosure **will** cause a clearly defined and serious injury.  To substantiate the claims that disclosure "would" cause harm, RWS needs to better explain the "how."  Namely, *how* RWS's standing in the industry would be negatively affected, *how* others adopting RWS's business model would cause RWS harm, and *how* disclosure would interfere with RWS's customer relationships.  Without further analysis and support, RWS's statements are too speculative and conclusory.  Simply put, the Motion does not cite to any specific examples of harm that would result, and, for that reason, RWS's averments do not satisfy its burden under Rule 5.3 and applicable case law.

Moreover, RWS has not established that the nature of the materials at issue warrants protection.  *See* L. Civ. R. 5.3(c)(3)(a) and (b). As noted above, the Confidential Materials are so-called "business relationships," a term the Court finds to be overbroad and unclear.  Since RWS's Motion does not clearly and plainly define RWS's business relationships with the non-parties, the Motion fails to define the nature of the materials at issue.  In addition, and as noted above, despite RWS's claims that the Confidential Materials are

7

confidential commercial information, RWS has not established that a business relationship is in fact confidential commercial information or a trade secret. Thus, RWS has not demonstrated that the Confidential Materials warrant protection.

ACCORDINGLY, **IT IS** on this **11th** day of **October, 2019**, hereby

**ORDERED** that RWS's Motions to Seal, [Dkt. Nos. 99, 113, and 121], shall be **DENIED without prejudice**. However, the Confidential Materials shall remain sealed temporarily as explained below; and it is further

**ORDERED** that, all future motions to seal and papers filed under seal shall comply with Local Civil Rule 5.3. As there appears to be confusion among the parties on this issue, the Court provides the following explanation to clarify the proper procedure for filing a Motion to Seal:

A Motion to Seal must include:

a) **Motion**: The Motion to Seal must be filed as a **single, consolidated Motion** made on behalf of all parties; L. Civ. R. 5.3(c)(1);

b) **Brief**: No brief is necessary in support or opposition to the Motion to Seal unless a party believes it will assist the Court; L. Civ. R. 5.3(c)(1);

c) **Affidavit**: An affidavit, declaration, certification or other document of the type referenced in 28 U.S.C. § 1746, which shall be based on personal knowledge as required by Local Civil Rule 7.2(a); L. Civ. R. 5.3(c)(3);

d) **Index**: An index, substantially in form suggested by Appendix U, describing with particularity:

    i. The nature of the materials or proceedings at issue;

    ii. The legitimate private or public interests which warrant the relief sought;

    iii. The clearly defined and serious injury that would result if the relief sought is not granted;

    iv. Why a less restrictive alternative to the relief sought is not available;

    v. Any prior order sealing the same materials in the pending action; and

    vi. The identity of any party or nonparty known to be objecting to the sealing request.

The index shall also include, as to each objection to seal any material:

    vii. The materials to which there is an objection;

    viii. The basis for the objection; and

    ix. If the material or information was previously sealed by the Court in the pending action, why the materials should not be maintained under seal.

The Rule does not suggest that an opposing party can submit an opposition index. Thus, if there is an objection, the parties should meet and confer to define the contents of index numbers (vii), (viii), and (ix). *See* L. Civ. R. 5.3(c)(3)); and

e) **Proposed Order**: The Proposed Order shall include a Proposed Findings of Fact and Conclusions of Law. The Proposed Findings of Fact and Conclusions of Law must address all of the aforementioned factors of Local Civil Rule 5.3(c)(3). Any party opposing the sealing request shall submit an Alternative Proposed Order including the opposing party's Proposed Findings of Fact and Conclusions of Law. *See* L. Civ. R. 5.3(c)(3) and (6).

In addition, the Court also provides the following explanation to clarify the proper chronology and general procedure to seal an "EXHIBIT" that is attached to a Motion:

**(1)** An unredacted or "clean" version of the EXHIBIT, the Motion itself, and all other accompanying exhibits, certifications, documents, etc. (collectively the "Motion") are electronically filed on the docket under temporary seal [Docket Number __]. *See* Local Civil Rule 5.3(c)(4);

**(2)** Within 1 day of filing the Motion, the movant shall electronically file the Motion with a redacted version of the EXHIBIT that removes the allegedly confidential information from public view. *See* Local Civil Rule 5.3(c)(4);

**(3)** No later than 21 days after the Motion is filed, the movant shall confer with the opposing party in an effort to narrow or eliminate the materials or information that may be the subject of a Motion to Seal. *See* Local Civil Rule 5.3(c)(2)(i);

**(4)** The movant must file a Motion to Seal within 14 days following the completed briefing of the materials sought to be sealed or as may be ordered by the Court. *See* L. Civ. R. 5.3(c)(2)(ii);

**(5)** The Motion to Seal and all supporting papers to seal or otherwise restrict public access must be available for review by the public (meaning the motion, affidavit, index, and all other papers shall not to be filed under temporary seal). *See* Local Civil Rule 5.3(c)(1);

This step-by-step instruction details the deadlines, filings, and processes the parties must follow in all subsequent attempts to restrict public access; and it is further

**ORDERED** that RWS may file an Omnibus Motion to Seal no later than **November 8, 2019**. The Omnibus Motion shall correct RWS's prior Motions to Seal [Dkt. Nos. 99, 113, and 121]. Rather than directing

10

RWS to refile each motion separately, the Court instructs RWS to submit one Omnibus Motion to Seal that addresses each docket entry concerning and/or referencing "business relationships" that RWS seeks to seal.[5] The parties shall meet and confer to coordinate the Omnibus Motion. If the Omnibus Motion is not timely filed, the Clerk of the Court is directed to unseal Docket Numbers: 88, 89, 93, 95, 96, 100, 102, 104, 107, 109, 115, and 119, as well as any other documents that accompany these docket entries. Said materials shall remain under temporary seal, pending the Court's review and consideration of the Omnibus Motion; and it is further

**ORDERED** that RWS shall file a certified statement that fully and unambiguously defines the exact ownership interests, business entity structures, and any and all business relationships between RWS and the non-parties, no later than **November 7, 2019**. The certified statement shall be filed under temporary seal and must be filed

---

[5] As previously noted, RWS's Motions to Seal [Dkt. Nos. 99, 113, and 121] appear to reflect several errors. For example, the first Motion to Seal [Dkt. No. 99] sought an Order sealing Docket Numbers 87, 88, 92, and 94, yet only Docket Numbers 88 and 89 are under temporary seal. Docket Numbers 87, 92, and 94 are not under temporary seal and are in fact redacted versions of Docket Numbers 88, 93, and 95 respectively. Docket Numbers 93 and 95 are under temporary seal, yet RWS did not file any motion(s) to seal these materials within the required time period—which would normally result in an Order unsealing the materials. The record, therefore, appears to reflect that RWS's Motion to Seal in fact sought to seal Docket Numbers 88, 89, 93, and 95. The Court shall keep Docket Numbers 88, 89, 93, and 95 under temporary seal to avoid unduly punishing RWS for what appears to be a mistake. RWS, however, must clearly identify the Docket Numbers the Omnibus Motion seeks to seal.

separately from the Omnibus Motion and cannot be filed in support of the Omnibus Motion.  *See* Local Civil Rule 5.3(c)(1).  The Omnibus Motion to Seal shall include the statement as one of the documents RWS seeks to seal; and it is further

**ORDERED** that Docket Numbers 96, 100, 102, and 104 shall remain under temporary seal.  The parties failed to file motions to seal these materials.  Insofar as these materials pertain to RWS's desire to seal information concerning RWS's business relationships, then RWS shall include Docket Numbers 96, 100, 102, and 104 in the Omnibus Motion to Seal.  Insofar as said docket entries include different information, then the parties shall file proper motion(s) to seal no later than **November 8, 2019**.  The parties shall meet and confer and coordinate regarding this sealing.  If the motion(s) to seal is not timely filed, the Clerk of the Court is directed to unseal Docket Numbers 96, 100, 102, and 104, as well as any other documents that accompany these Docket Numbers.  Accordingly, said docket entries shall remain under temporarily seal, pending the Court's review and consideration of the motion(s).

              s/ Karen M. Williams
              KAREN M. WILLIAMS
              United States Magistrate Judge

cc:  Hon. Eduardo C. Robreno, U.S.D.J.