[Dkt. Nos. 87, 90, 91, 94, 104, and 109]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THE HOMESOURCE, CORP.,<br><br>            Plaintiff,<br><br>    v.<br><br>RETAILER WEB SERVICES, LLC,<br><br>            Defendant. | Civil No. 18-11970-ECR-KMW |

**ORDER**

THIS MATTER is before the Court by way of the following motions, letters, and responses to same:

- [Dkt. No. 87], a motion by Plaintiff, The HomeSource, Corp. ("HomeSource") for leave to file a second amended complaint; and

- [Dkt. No. 90], a letter by Defendant, Retailer Web Services, LLC ("RWS"), requesting an extension of the deadline for discovery motions; and

- [Dkt. No. 91], a letter by HomeSource requesting extensions to: (1) the deadline for discovery motions, (2) the deadline for pretrial factual discovery, and (3) the deadline for depositions; and

- [Dkt. No. 94], a letter by RWS requesting permission to file a sur-reply in opposition to HomeSource's motion for leave to file a second amended complaint [Dkt. No. 87]; and

- [Dkt. No. 104], a letter by RWS requesting leave to file a motion to compel discovery; and

- [Dkt. No. 109], a letter by HomeSource responding to RWS's letter [Dkt. No. 104] and requesting an Order instructing RWS to provide discovery; and

the Court having read the submissions and heard the arguments of counsel during the on the record, in-person discovery hearing (temporarily sealed) held on **October 7, 2019**; and the Court noting the following appearances: Alexis Arena, Esquire, appearing on behalf of the Plaintiff The HomeSource Corporation ("HomeSource"); and Matthew A. Lipman, Esquire, William C. Wagner, Esquire, and Adam Wolek, Esquire, appearing on behalf of the defendant Retailer Web Services, LLC ("RWS"); and for the reasons set forth more fully on the record at the hearing; and for good cause shown:

IT IS on this the **16th** day of **October, 2019,** hereby

**ORDERED** that parties letters requesting an extension of the scheduled deadlines, [Dkt. Nos. 90 and 91], are **GRANTED**. The schedule will be set pending the resolution of the renewed motion for leave to file a second amended complaint; and it is further

**ORDERED** that Plaintiff's motion, [Dkt. No. 87], seeking leave to file a second amended complaint shall be, and hereby is, **DENIED WITHOUT PREJUDICE**. The proposed second amended complaint does not comply Rule 8's requirement that the complaint must be written in "short and plain statement[s]." F.R.C.P. 8(a). Plaintiff, however, is granted leave to file a renewed motion for

leave to file a second amended complaint by **November 8, 2019**; and it is further

**ORDERED** that Defendant's request to file a sur-reply in opposition to the motion to file a second amended complaint is **DENIED as moot**; and it is further

**ORDERED** that HomeSource shall respond to RWS's discovery requests as follows:

> 1. HomeSource shall identify each customer it allegedly lost and the purported damages HomeSource incurred as a result of each lost customer.[1] To this end, the Court determined that the information may be contained in various documents already produced by HomeSource, however, the information is not provided in a reasonable manner susceptible of discernment by defendant. The Court encourages plaintiff to consolidate the information in one document that clearly sets forth the name of each customer and damages asserted as to each customer.
>
> 2. HomeSource shall produce any and all documents and records that form the basis of its' experts' damages calculations. *See* F.R.C.P. 26(a)(2)(B)(i) and (ii). However, RWS's request for all writings, communications, messages, and emails is overly broad and unduly burdensome. RWS shall revise and resubmit the request.
>
> 3. HomeSource shall produce each executed contract of the customers it contends were lost to RWS based on the conduct RWS allegedly engaged in that forms the basis of the instant lawsuit.
>
> 4. HomeSource alleges that it lost customers because of RWS's Newsletter. Insofar as information exists that (1) potential HomeSource customers remained customers of RWS based on the News Letter, and/or (2) HomeSource customers left HomeSource and became RWS customers based on the News

---

[1] The Court reserves ruling on whether HomeSource is entitled to information concerning RWS's financial information—namely any increase to RWS's income at the time the Newsletter was released.

Letter, then HomeSource shall provide an affidavit or certification confirming that it has provided all information.

5. HomeSource shall make the "mirror image"[2] of the database available to defendant's expert. The experts shall meet and confer and confirm the search undertaken by plaintiff's expert and the search protocol to be undertaken by defendant's expert. Defendant shall provide plaintiff with the search protocol. If there are objections to defendant's proposed search protocol, the parties shall present the issue to the Court.

6. HomeSource shall provide an affidavit or certification detailing all information it possesses concerning the alleged hacking and/or cyber-attacks and/or denial of service ("DoS") and/or distributed denial of service ("DDoS") attacks. RWS presented Exhibit 5 at the hearing. The affidavit or certification shall confirm whether the information contained in Exhibit 5 is the only evidence HomeSource possesses regarding the alleged cyber and/or hacking attacks. The affidavit or certification shall further confirm that any and all information concerning the alleged cyber and/or hacking attacks has been produced to RWS; and it is further

**ORDERED** that RWS shall provide the following in response to HomeSource's discovery requests:

1. An affidavit or certification detailing the efforts undertaken to comply with plaintiff's Document Requests: 2, 5, 6, 13, and 17. The affidavit or certification shall further confirm RWS's representation that there are no additional documents responsive to Document Requests: 2, 5, 6, 13, and 17.

---

[2] The Court's April 9, 2019 Order [Dkt. No. 81] directed HomeSource to "immediately (if it has not already done so) create a Mirror Image of the date base it will use to compare RWS's IP addresses against for the purposes of determining whether any RWS IP address was connected to the alleged 'hacking event.' The Mirror Image shall have a hashvalue as it is beyond cavil that 'hashing' guarantees the authenticity of the original data set." Discovery Order, [Dkt. No. 81], at 1, ¶2.

2. RWS represented to the Court that RWS employed an intern who developed a program for RWS. According to RWS, the program opened webpages so RWS could investigate whether the webpage was operated by RWS or HomeSource. To this end, in response to Plaintiff's request, RWS shall produce an affidavit or certification from the intern who developed the program. The affidavit or certification shall detail, step-by-step, what the program does and how the intern created the program.

3. RWS shall produce as Attorneys Eyes Only any and all information responsive to Document Requests: 19, 30, and 31.

4. RWS shall provide complete responses to Interrogatories: 21, 22, and 23. HomeSource shall revise and resubmit Interrogatory 24.

5. To the extent that RWS asserts it has fully responded to HomeSource's discovery requests, then RWS shall provide an affidavit or certification stating same; and it is further

**ORDERED** that the parties shall meet and confer concerning all other outstanding discovery requests.

s/ Karen M. Williams
KAREN M. WILLIAMS
United States Magistrate Judge

cc: Hon. Eduardo C. Robreno, U.S.D.J.