# Exhibit H



**Adam Wolek**
P 312.836.4063
F 312.527.4011
C 312.860.9006
awolek@taftlaw.com

Taft Stettinius & Hollister LLP
111 East Wacker, Suite 2800 **/** Chicago, IL 60601 USA
Tel: 312.527.4000 **/** Fax: 312.527.4011
www.taftlaw.com

January 10, 2020

**VIA EMAIL ONLY**

Kenneth Goodkind
Eric Clendening
Flaster/Greenberg P.C.
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ 08002

   Re: *The HomeSource, Corp. v. Retailer Web Services, LLC*
     Case No. 1:18-cv-11970-ECR-KMW

Dear Ken and Eric:

  Despite the Court's orders to produce financial documents, contracts with its allegedly lost customers, and for the experts to meet about and review the mirror image of HomeSource's database, HomeSource has still failed to comply with the Court's orders and continues to evade a meet and confer. This letter outlines the deficiencies in Plaintiff The HomeSource, Corp.'s ("HomeSource") document production. Additionally, please let us know when you are available for a meet and confer on January 14, 15 or 16, and when your expert is available to confer regarding the production of HomeSource's mirror image on those dates.

  More than 500 days ago, in ***August 2018***, Defendant Retailer Web Services, LLC ("RWS") served its first set of discovery requests to HomeSource. Since that time, and despite repeated emails and meet and confers between counsel, HomeSource has delayed producing documents relevant to its claims and RWS's defenses. HomeSource's deficient production was addressed through numerous emails and court conferences, including RWS's Letter seeking leave to file a motion to compel [Dkt. 105-1], during the parties' October 7, 2019 discovery conference, and through the Court's October 11, 2019 discovery order, which directed HomeSource to fully respond to several of RWS's pending requests.[1]

---

[1] The following listing of deficiencies is non-exhaustive. RWS does not waive, and expressly preserves, all rights and remedies with respect to enforcing its rights to obtain full discovery in accordance with the Federal Rules of Civil Procedure and applicable case law.

Ken Goodkind
Eric Clendening
January 10, 2020
Page 2

**1. HomeSource Has Not Complied With The Court's Order To Have The Experts Meet And Confer And To Provide The Mirror Image.** The Court's October 16, 2019 order directs HomeSource to have the experts meet and confer on the search undertaken by HomeSource and for HomeSource to make the mirror image of its logs/database available to RWS's expert:

> HomeSource shall make the "mirror image" of the database available to defendant's expert. The experts shall meet and confer and confirm the search undertaken by plaintiff's expert and the search protocol to be undertaken by defendant's expert. Defendant shall provide plaintiff with the search protocol. If there are objections to defendant's proposed search protocol, the parties shall present the issue to the Court. (Dkt. 129 p. 4.)

During the October 7, 2019 hearing, the Court also explained that, subject to the Court's approval of Dr. Bayuk's protocol, Dr. Bayuk may run her own search of the mirror image:

```
16          THE COURT:  But except that, right, because -- so
17     what is -- what -- what is the role of the expert?  Let me get
18     there.  Not only to say the search that you ran was wrong, but
19     that a proper search would have done this, and had a proper
20     search been done, these are the results that would have been
21     had.  That's the -- that's the nature of expert testimony.
22     And so I've got to allow this expert to run the search that --
23     that she believes is the proper search to determine whether or
24     not RWS did whatever it did on your website.  Right?  But I
25     want to see what this looks like.
```

(Oct. 7, 2019 Hr. Tr. p. 119.)

The alleged cyberattacks occurred seventeen months ago, and it has been over three months since Judge Williams ordered the experts to meet and confer on HomeSource's search, as a precursor for our expert to develop her own search protocol, and that HomeSource make the mirror image available to RWS's expert. Yet, inexplicably, HomeSource continues to prohibit its expert from speaking with RWS's expert as ordered by the Court in October 2019, has evaded such a conferral, and HomeSource has **not** produced the mirror image.

**2. HomeSource Has Not Identified Its Lost Customers And Associated Damages In A Discernable Format.** The Court's October 16, 2019 Order directs HomeSource to identify each of its alleged lost customers and the damages associated with each purported lost customer, and in a consolidated format that sets forth each customer's name and the damages associated with each:

> HomeSource shall identify each customer it allegedly lost and the purported damages HomeSource incurred as a result of each lost customer. To this end, the

Ken Goodkind
Eric Clendening
January 10, 2020
Page 3

Court determined that the information may be contained in various documents already produced by HomeSource, however, the information is not provided in a reasonable manner susceptible of discernment by defendant. **The Court encourages plaintiff to consolidate the information in one document that clearly sets forth the name of each customer and damages asserted as to each customer.** (Dkt. 129 p. 3) (emphasis added).

HomeSource's revised spreadsheet, produced on December 5, 2019, falls short of this mandate because it fails to specify what damages HomeSource claims to have incurred *as a result of each lost customer*. Instead, the spreadsheet appears to calculate damages based upon each industry group. Please specifically identify each allegedly lost customer, and the damages allegedly incurred by each lost customer as mandated by the Court by on January 15, 2020. Otherwise, please let us when you are available for a meet and confer on the above dates.

**3. HomeSource Has Not Produced All Customer Contracts.** Your email from December 9, 2019 included a link to download documents bates numbered HomeSource 014776 – 015098. You represented that these documents were customer contracts. Upon reviewing the files, however, we have confirmed that, with two exceptions (i.e., a spreadsheet and blank agreement template), each is a JPEG image file. These images are heavily redacted and are not contracts. Instead, they appear to be screengrabs from a computer system that include only an un-redacted date. Such a document is (which HomeSource inexplicably designated as AEO):



(HomeSource 014776.)

Please produce each of HomeSource's customer contracts by January 15. Additionally, as the Discovery Confidentiality Order does not provide for redactions to AEO-designated materials, please produce them as un-redacted documents.

Ken Goodkind
Eric Clendening
January 10, 2020
Page 4


**4. HomeSource's Has Not Provided Payment Histories.** HomeSource has not provided payment histories for the few alleged customers identified in the "agreements" that HomeSource has produced (e.g., HomeSource 004097 – 004099). RWS requires payment information for each claimed lost customer to examine HomeSource's damages theories and to determine whether HomeSource has, in fact, lost revenues. RWS requested this information in Request for Production No. 23, which was served more than 500 days ago. HomeSource's response is overdue, and if HomeSource is unwilling to supplement these documents by January 15, please let us know when you are available for a meet and confer on the above dates.

**5. HomeSource Has Impermissibly And Unilaterally Redacted Discovery.** Many of the documents HomeSource produced in discovery contain impermissible, unilateral redactions. These include the purported "contracts" discussed previously, as well as numerous emails produced by HomeSource on December 2, 2019 (e.g., HomeSource 004104 – 004309). The Discovery Confidentiality Order [Dkt. 22] filed in this matter does not authorize redactions. Moreover, unilateral redactions based upon HomeSource's own subjective view of relevancy are improper. *Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, No. 12CV00787FLWLHG, 2017 WL 3624262, at *4 (D.N.J. Apr. 26, 2017); *see Orion Power Midwest, L.P. v. American Coal Sales Co.*, No. 2:05-cv-555, 2008 WL 4462301, at *1–2 (W.D. Pa. Sept. 30, 2008) (affirming a special master's reasoning "that redaction of documents is disfavored and is appropriate only in limited circumstances" and finding that there is no express or implied support in the Federal Rules of Civil Procedure by "which a party would scrub responsive documents of non-responsive information."). Since HomeSource's unilateral redactions of documents produced in discovery is unwarranted and improper, produce un-redacted versions of HomeSource's document productions by January 15, or, if HomeSource is unwilling or unable to do so, please let us know when you are available for a meet and confer on the above dates.

**6. Mr. White's Declaration Indicates That HomeSource Is Withholding Evidence Of The Hacking And Cyberattacks.** The Court's order provides that:

> HomeSource shall provide an affidavit or certification detailing all information it possesses concerning the alleged hacking and/or cyber-attacks and/or denial of service ("DoS") and/or distributed denial of service ("DDoS") attacks… The affidavit or certification shall further confirm that ***any and all information*** concerning the alleged cyber and/or hacking attacks has been produced to RWS[.]

Mr. White's declaration, which HomeSource produced in response to the order, reveals that HomeSource has not produced "any and all information." Instead, Mr. White states that "[a]ny and all information that we have identified as related to the cyber and/or hacking attacks, *and which we believe does not contain private third party data*, has been produced to RWS." HomeSource cannot withhold relevant and discoverable information based upon vague, unsubstantiated claims that the information includes third-party data. Please supplement HomeSource's production to include any and all information regarding the attacks. To the extent HomeSource believes that the information includes third-party data, HomeSource may designate

Ken Goodkind
Eric Clendening
January 10, 2020
Page 5

that information as Confidential or AEO under the Discovery Confidentiality Order. If you do not intend to produce the information by January 15, please let us know when you are available for a meet and confer on the above dates.

**7. HomeSource Has Not Produced Its Financial Information.** RWS's initial Requests for Production of Documents sought "[a]ll documents relating to the revenue of HomeSource from January 1, 2016 to date, including but not limited to balance sheets, profit-loss statements, bank statements, accounts receivable, accounts payable, and correspondence related thereto." (RFP No. 24.) HomeSource has not produced any of these records, despite the Court's order during the October 7, 2019 hearing that HomeSource's summary accounting was inadequate and that financial documents supporting HomeSource's allegations of damages must be produced. (Oct. 7, 2019 Hr. Tr. p. 80:10-16.) Please produce these documents by January 15, or, if you are unwilling or unable to do so, please let us know when you are available for a meet and confer on the above dates.

**8. HomeSource Has Not Produced Evidence Of Payments To The White Family And The White Family's Other Businesses.** RWS's discovery sought "[a]ll documents relating to any payments between and among HomeSource and any entity or person referenced in the Complaint or the Answer thereto." To date, HomeSource has produced only one royalty agreement. It has not produced evidence of any payments between and among HomeSource, the White family, and HomeSource's affiliated and predecessor entities. These documents are needed for RWS to test HomeSource's defamation claim because the statements in the newsletter will be substantially true if HomeSource is related to or found to be an alter ego of these individuals or entities. Please provide a full response to this Request by January 15, or let us know when you are available for a meet and confer on the above dates.

**9. HomeSource Has Not Confirmed Its Production Is Complete.** HomeSource has yet to confirm that it has produced all responsive, non-privileged documents in its possession. If HomeSource's production is complete, please let us know by January 15. If HomeSource's production is not yet complete, please let us know when on the above dates you are available for a meet and confer on this topic.

For the foregoing reasons, HomeSource has failed to comply with its discovery obligations and follow the Court's discovery orders. Please let us know when you are available for a meet and confer on January 14, 15 or 16 to address these matters and to discuss when your expert is available to confer with our expert on HomeSource's search and the mirror image.

Sincerely,

Adam Wolek

AW/mbb
cc:     All counsel of record (via email)