[Dkt. Nos. 177 and 178]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THE HOMESOURCE, CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>RETAILER WEB SERVICES, LLC et al.,<br><br>    Defendants. | Civil No. 18-11970-ECR-KMW |

**ORDER**

THIS MATTER having come before the Court upon the Motion ("Motion") [Docket Number 178] by Defendant Retailer Web Services, LLC ("RWS"), seeking an Order amending the Court's May 29, 2020 Order [Dkt. No. 175] and sealing Plaintiff The HomeSource Corporation's ("HomeSource") Second Amended Complaint ("SAC") [Dkt. No. 164], which is under temporary seal. The Court has considered the papers in support of the Motion pursuant to Federal Rule Civil Procedure 78 and Local Civil Rule 78.1, and for the reasons to be discussed, the Motion is **DENIED with prejudice**.

RWS seeks to seal the SAC. A party's request to seal documents filed on the Court's Docket requires a formal motion to seal. *See* L. Civ. R. 5.3(c)(1) ("Any request by a party … to file materials under seal, or otherwise restrict public access to, any materials or judicial proceedings shall ordinarily be made on notice, by a

single, consolidated motion on behalf of all parties, unless otherwise ordered by the Court on a case-by-case basis"). As the Court has repeatedly explained, in great detail, RWS's motions to seal must include:

    a) **Motion**: The Motion to Seal must be filed as a **single, consolidated Motion** made on behalf of all parties; L. Civ. R. 5.3(c)(1);

    b) **Brief**: No brief is necessary in support or opposition to the Motion to Seal unless a party believes it will assist the Court; L. Civ. R. 5.3(c)(1);

    c) **Affidavit**: An affidavit, declaration, certification or other document of the type referenced in 28 U.S.C. § 1746, which shall be based on personal knowledge as required by Local Civil Rule 7.2(a); L. Civ. R. 5.3(c)(3);

    d) **Index**: An index, substantially in form suggested by Appendix U, describing with particularity:

        i. The nature of the materials or proceedings at issue;

        ii. The legitimate private or public interests which warrant the relief sought;

        iii. The clearly defined and serious injury that would result if the relief sought is not granted;

        iv. Why a less restrictive alternative to the relief sought is not available;

        v. Any prior order sealing the same materials in the pending action; and

        vi. The identity of any party or nonparty known to be objecting to the sealing request.

    The index shall also include, as to each objection to seal any material:

     **vii**. The materials to which there is an objection;

   **viii**. The basis for the objection; and

      **ix**. If the material or information was previously sealed by the Court in the pending action, why the materials should not be maintained under seal.

The Rule does not suggest that an opposing party can submit an opposition index. Thus, if there is an objection, the parties should meet and confer to define the contents of index numbers (vii), (viii), and (ix). *See* L. Civ. R. 5.3(c)(3)); and

   **e) Proposed Order**: The Proposed Order shall include a Proposed Findings of Fact and Conclusions of Law. The Proposed Findings of Fact and Conclusions of Law must address all of the aforementioned factors of Local Civil Rule 5.3(c)(3). Any party opposing the sealing request shall submit an Alternative Proposed Order including the opposing party's Proposed Findings of Fact and Conclusions of Law. *See* L. Civ. R. 5.3(c)(3) and (6).

The Court therefore finds RWS's attempt to seal the SAC by **amending** the Court's May 29, 2020 Order to include the SAC within the Confidential Materials is procedurally deficient. Moreover, RWS's Motion, in so far as RWS claims it is a motion to seal, is woefully deficient. The Motion does not include any of the documents required by Local Civil Rule 5.3(c). The Court rejects RWS's request out of hand.

    It is disconcerting that RWS continues to ignore the Court's rulings. On October 11, 2019, the Court issued an Order [Dkt. No. 128] denying RWS's motions to seal. The Order provides a "step-by-step instruction detail[ing] the deadlines, filings, and

processes the parties **must** follow in all subsequent attempts to restrict public access." *Id*. at 10 (emphasis added). On May 29, 2020,[1] the Court issued an Order [Dkt. No. 175] denying RWS's request to seal HomeSource's proposed SAC [Dkt. No. 138-1][2] and, again, instructing RWS in the proper procedure to seal. RWS's failure to acknowledge the Rules and the Court's prior ruling on this exact issue is inexcusable.

Consequently, IT IS on this the **3rd** day of **June, 2020,** hereby

**ORDERED** that RWS's Motion to Seal the SAC [Dkt. No. 178] is **DENIED with prejudice**. The Clerk of the Court shall unseal the Second Amended Complaint located at Docket Number 164; and it is further

---

[1] That same day, RWS emailed the Court requesting an additional two weeks to file the Motion as RWS believed it may need additional time to revise a motion to seal based on RWS's review of the Court's May 29, 2020 Order [Dkt. No. 175]. The Court responded, instructing RWS to thoroughly review the Court's Order [Dkt. No. 175] and the Local Civil Rules before filing any further motions to seal. The Court further reminded RWS that future motions to seal that fail to comply with the Rules will be denied.

[2] The Court's May 29, 2020 Order [Dkt. No. 164] instructs that the proposed SAC [Dkt. No. 138-1] remain under temporary seal for the necessary time period pursuant the Rules. RWS argues that the SAC [Dkt. No. 164] "is identical in all respects to the document docketed at ECP 138-1," and should therefore also be maintained under seal. However, this is not the standard to seal. RWS was required to file a procedurally compliant motion. RWS did not.

**ORDERED** that RWS's Motion for an Extension of Time to File a Motion to Seal the SAC is **DENIED as moot**.[3]

s/ Karen M. Williams<br>
KAREN M. WILLIAMS<br>
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Eduardo C. Robreno, U.S.D.J.

---

[3] RWS filed its Motion to Seal the SAC [Dkt. No. 178], thus the Motion for an extension of time to file a motion to seal the SAC [Dkt. No. 177] is moot. HomeSource filed its SAC on April 1, 2020; thus, the record reflects that RWS waited until the day the motion to seal was due before filing the extension request. The Court advises the parties to better manage their time and to file requests for extensions of time before the day of the respective deadline. Moreover, this Court's Judicial Preferences states "Letters Requesting Extensions of Time and Adjournment Requests **shall be made in writing by letter only**."