# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE HOMESOURCE, CORP., | Civil Action No.: 1:18-cv-11970 |
| Plaintiff, | Hon. Eduardo C. Robreno |
| v. | |
| RETAILER WEB SERVICES, LLC, et al., | |
| Defendants. | |

## BRIEF IN SUPPORT OF RETAILER WEB SERVICES, LLC'S MOTION TO DISMISS OR SEVER PLAINTIFF THE HOMESOURCE CORP.'S SECOND AMENDED COMPLAINT

Dated: June 15, 2020

Respectfully submitted,

*/s/ Ethan Hougah*
Louis R. Moffa
Ethan Hougah
Alexandra S. Jacobs
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
457 Haddonfield Road, Suite 600
Cherry Hill, New Jersey 08002
(856) 488-7700

Adam Wolek (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Tel.: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com

William C. Wagner (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel.: (317) 713-3500
Fax: (317) 713-3699
wwagner@taftlaw.com

*Counsel for Defendant Retailer Web Services II, LLC; Retailer Web Services, LLC; Nationwide Marketing Group, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION.......................................................................................................................... 1

BACKGROUND............................................................................................................................ 2

LAW AND ARGUMENT ............................................................................................................. 2

CONCLUSION .............................................................................................................................. 4

# TABLE OF AUTHORITIES

**Cases**

*Canter v. Lakewood of Voorhees*, 420 N.J. Super. 508 (App. Div. 2011) ................................... 4

*Destefano v. Udren Law Offices, P.C.*, No. CV167559, 2017 WL 2812886 (D.N.J. June 29, 2017), *aff'd,* 802 F. App'x 688 (3d Cir. 2020) ........................................................................ 1

*Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406 (3d Cir. 2003) ................................................................................................................................................ 3

*Pearson v. Component Tech. Corp.*, 247 F.3d 471 (3d Cir. 2001) ................................................... 4

*Ramirez v. STi Prepaid LLC*, 644 F. Supp. 2d 496 (D.N.J. 2009) ............................................... 4

**Statutes**

15 U.S.C. § 1125 ............................................................................................................................. 2

18 U.S.C. § 1030 ............................................................................................................................. 2

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1, 4

## INTRODUCTION

Defendant Retailer Web Services, LLC ("RWS I") moves this Court to dismiss all of Plaintiff The HomeSource, Corp.'s ("HomeSource") claims against it under Fed. R. Civ. P. 12(b)(6) because each cause of action fails to state a claim upon which relief can be granted. HomeSource's Second Amended Complaint ("SAC") treats RWS I and Defendant Retailer Web Services II, LLC ("RWS II") interchangeably, even though they are distinct entities. D.E. 164 ¶ 1. As such, the same reasons that support dismissal of HomeSource's claims against RWS II require dismissal of HomeSource's claims against RWS I. In the interest of brevity and judicial efficiency, RWS I incorporates and joins the facts, analysis, requested relief in the motion to dismiss or sever filed by RWS II.[1]

While HomeSource treats RWS I and RWS II interchangeably, the companies are distinct and RWS I is not a proper party to this case. Before the events giving rise to HomeSource's SAC, RWS II became the active business entity. While RWS I still exists, it conducts no operations other than passively holding shares. All business activities are now handled by RWS II. As a result, RWS II is the entity that sent the newsletters and made the video identified in the SAC, and is the real party in interest.[2]

---

[1] *See Destefano v. Udren Law Offices, P.C.*, No. CV167559, 2017 WL 2812886, at *1 (D.N.J. June 29, 2017), *aff'd,* 802 F. App'x 688 (3d Cir. 2020) (observing that defendant joined co-defendant's motion to dismiss, granting both motions, and dismissing complaint).

[2] HomeSource's initial complaint named RWS I as the sole defendant, even though RWS II's actions were implicated by that pleading. RWS II previously responded in place of RWS I because it was the only defendant in that case; however, now that RWS II, the real party in interest, has formally been named, RWS I and RWS II respond

For each of these reasons, as well as those set forth in RWS II's and Nationwide's respective motions to dismiss, the claims against RWS I should be dismissed and the John Doe count (Count VII) should be severed.

## BACKGROUND

HomeSource does not allege its perceived distinction between RWS I and RWS II. D.E. 164 ¶ 1 (naming both entities, but treating them collectively as "RWS"). HomeSource alleges that this collective "RWS" published a newsletter and video that contained alleged factual inaccuracies about HomeSource, its owners, and the owners' other businesses. HomeSource asserts claims for false and misleading advertising under the Lanham Act, 15 U.S.C. § 1125(a) (Count I), defamation (Count II), tortious interference (Counts III and IV), and common law and federal unfair competition (Count V). HomeSource also alleges that the collective RWS violated the Computer Fraud and Abuse Act, 18 U.S.C. ¶ 1030(a)(2)(C), by logging into HomeSource's customers' websites and by deploying software to view or copy material (Count VI). These factual allegations are addressed in the motion to dismiss filed by RWS II and, in the interest of efficiency and judicial economy, RWS I joins in and adopts that statement of facts as if fully rewritten below.

## LAW AND ARGUMENT

HomeSource's SAC treats RWS I and RWS II interchangeably, even though the companies are separate and distinct from one another [D.E. 164 ¶ 1], and even though RWS II brought the distinction to HomeSource's attention over 16 months ago in

---

separately. RWS II informed Plaintiff and the Court of this corporate structure throughout the litigation, and further in declarations filed at D.E. 134 and D.E. 140-1.

discovery [*see also* D.E. 134 ¶¶ 2–5]. RWS II's arguments equally apply to RWS I because HomeSource treats the companies interchangeably and directs the same claims at both. So in the interests of brevity and judicial efficiency, RWS joins in and incorporates the arguments set forth in RWS II's motion to dismiss as if fully re-written below, including the request that the John Doe count be severed.

Additionally, RWS I joins in and incorporates the conspiracy analysis set forth in Nationwide's motion to dismiss, as if fully rewritten below. No operative factual allegation plausibly supports the idea that RWS I and RWS II *agreed* to take *unlawful* actions against HomeSource. Only such an agreement, plausibly alleged, would support a conspiracy claim to tie RWS I and RWS II together. *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 (3d Cir. 2003). HomeSource made no such allegations that RWS I and RWS II conspired to and agreed to take unlawful actions against it.

HomeSource's allegations against RWS I are even weaker and more conclusory than those asserted against other parties like Nationwide or Gridiron. Whereas HomeSource alleges some conclusory remarks about Nationwide and Gridiron reviewing newsletters and "signing off" on them [D.E. 164 ¶ 30], HomeSource alleges no facts explaining why both RWS I and RWS II are named parties whatsoever. HomeSource simply declares the two entities to be a collective single entity [*id.* ¶ 1] and then never addresses the issue thereafter. *See generally* D.E. 164.

RWS I likewise joins in and incorporates the alter ego and agency analyses set forth in Nationwide's motion to dismiss, as if fully rewritten below. RWS I cannot be vicariously liable for RWS II's acts unless HomeSource alleges facts showing that RWS

3

I and RWS II had an agency relationship, or that the corporate veil should be pierced. *See Ramirez v. STi Prepaid LLC*, 644 F. Supp. 2d 496, 508 (D.N.J. 2009). No allegation in the SAC suggests that RWS I dominated RWS II or vice versa, *cf. id.*, so HomeSource does not plead agency. HomeSource likewise pleads no operative facts to support corporate veil piercing. *See Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484–85 (3d Cir. 2001) (listing elements). Nor does HomeSource allege that RWS I or RWS II were grossly undercapitalized; failed to observe corporate formalities, paid no dividends, were insolvent, lacked corporate records, or were merely facades. *See Canter v. Lakewood of Voorhees*, 420 N.J. Super. 508, 519 (App. Div. 2011). Accordingly, no allegation supports RWS I's vicarious liability for RWS II's actions.

For the reasons set forth in RWS II's and Nationwide's motions to dismiss—as well as the additional reason noted here, that no allegation explains why RWS I is a named party at all—HomeSource's claims against RWS I should be dismissed.

## CONCLUSION

For all these reasons, Defendant Retailer Web Services, LLC respectfully requests that the Court grant its motion to dismiss Plaintiff The HomeSource, Corp.'s Second Amended Complaint under Rule 12(b)(6).

Dated: June 15, 2020

Respectfully submitted,

*/s/ Ethan Hougah*
Louis R. Moffa
Ethan Hougah
Alexandra S. Jacobs
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
457 Haddonfield Road, Suite 600

4

Cherry Hill, New Jersey 08002
(856) 488-7700

Adam Wolek (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Tel.: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com

William C. Wagner (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel.: (317) 713-3500
Fax: (317) 713-3699
wwagner@taftlaw.com

*Counsel for Defendant Retailer Web Services II, LLC; Retailer Web Services, LLC; Nationwide Marketing Group, LLC*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2020, a true and correct copy of the foregoing was served via the Court's electronic filing system upon the following counsel for the Plaintiff:

FLASTER/GREENBERG P.C.
Kenneth S. Goodkind, Esq.
Eric R. Clendening, Esq.
1810 Chapel Avenue West
Cherry Hill, NJ 08002
Tel.: (856) 661-1900
Fax: (856) 661-1919

*Counsel for Plaintiff The HomeSource, Corp.*

>                    */s/ Ethan Hougah*
> Louis R. Moffa
> Alexandra S. Jacobs
> Ethan Hougah
>
> *One of the attorneys for Defendant Retailer Web Services II, LLC*

6