UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE HOMESOURCE, CORP., <br><br> Plaintiff, <br><br> vs. <br><br> RETAILER WEB SERVICES, LLC et al., <br><br> Defendants. | Case No. 1:18-cv-11970 (ECR-AMD) <br><br><br> **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COURT'S ORDER OF OCTOBER 19, 2020** |

Plaintiff The HomeSource Corp. ("HomeSource") respectfully submits this Memorandum of Law in Support of its Motion to Amend the Court's October 19, 2020 Order dismissing Gridiron Capital LLC ("Gridiron") and Nationwide Marketing Group, LLC ("Nationwide") for lack of personal jurisdiction (the "Order"), and in support thereof states:

**PRELIMINARY STATEMENT**

For much of the last two years, HomeSource has had to battle relentlessly against Defendants' incessant, calculated efforts to prevent HomeSource from discovering the role that recently dismissed defendants Nationwide and Gridiron played in crafting and publishing the defamatory July 2018 newsletter that is central to the Complaint. While HomeSource initiated this action against defendant RWS promptly after publication of the newsletter, the confederation of RWS, Nationwide and Gridiron (collectively, "Defendants") delayed this case at every turn to prevent HomeSource from joining Nationwide and Gridiron as defendants, until the Court granted HomeSource leave to amend the Complaint on March 30, 2020. The next day, HomeSource filed its Second Amended Complaint naming Nationwide and Gridiron. HomeSource's diligence in pursuing its claims against Defendants, and Defendants' constant obstruction and hampering of HomeSource's efforts, warrant an amendment of the Order to provide for a period of equitable

1

tolling in which HomeSource may refile its claims against Nationwide and Gridiron in forums where personal jurisdiction cannot be questioned. Absent such amendment, there is a very real danger of HomeSource losing its claims – due to Defendants' dilatory tactics and despite HomeSource's assiduousness – based on restrictive statutes of limitations, which would amount to a manifest injustice. To prevent that injustice, HomeSource urges the Court to exercise its discretionary authority to amend the Order accordingly.

## MATERIAL PROCEDURAL HISTORY

HomeSource initiated this action on July 23, 2018, asserting claims against Defendant Retailer Web Services, LLC ("RWS") based primarily on the defamatory newsletter (the "Newsletter") RWS published on June 20, 2018. (ECF No. 1). RWS answered on August 14, 2018. (ECF No. 6). HomeSource filed a First Amended Complaint on September 4, 2018 to add John Doe defendants. (ECF No. 12). The parties agreed to an extension for RWS to file a new Answer, but RWS instead moved to dismiss the First Amended Complaint on October 1, 2018. (ECF Nos. 14-16, 19).

HomeSource had served initial discovery requests on RWS in August 2018 seeking internal correspondence and the identity of any other parties involved in drafting or sending the Newsletter. During the following seven months, HomeSource was obliged to file numerous motions and send discovery dispute letters to compel RWS's production of documents. (ECF Nos. 24, 30, 37, 41, 43, 44, 47). HomeSource also made repeated requests for earlier drafts of the Newsletter, and it *specifically asked whether Nationwide and Gridiron were involved in drafting, revising or approving the Newsletter*.

Nationwide obstructed HomeSource's attempts through subpoena to uncover documentation of Nationwide's involvement, forcing HomeSource to litigate in the District of North Carolina to compel production. Due to this obstruction, HomeSource sought additional time

to amend its Complaint to include yet additional defendants which, despite opposition by RWS, the Court granted on March 12, 2019. (ECF No. 74.). The very next day, RWS produced more than 8,500 additional pages of documents, finally revealing the role that Nationwide and Gridiron played in drafting and publishing the Newsletter.

HomeSource served supplemental interrogatories on RWS in March 2019 seeking specific details regarding the relationship among RWS's various subsidiaries and between the Defendants. But RWS failed and refused to disclose the corporate and control structure of the Defendants until seven months later – in November 2019 – and only then when the Court compelled RWS to respond. (ECF No. 128 at 11; ECF No. 134).

As a direct result of Defendants' consistent efforts to hamper HomeSource's discovery of information, HomeSource was forced to file several subsequent motions to amend its Complaint, each time based on additional facts gleaned from documents the Court or HomeSource wrested from Defendants. The docket in this case reflects its painful progress over the last two years, with Defendants throwing up every roadblock and hindering HomeSource's every attempt to discover relevant information and/or expand its Complaint in light of each new revelation. This Court specifically found that:

> RWS is in fact responsible for delaying the case by refusing to cooperate in producing discovery. In fact, RWS's withholding of relevant discovery and ad hoc rolling production of key discovery is the very reason why HomeSource has had to file, withdraw, and amend the proposed SAC four times.

(*See* Order Granting Motion to Amend, ECF No. 163, at 31). On March 30, 2020, the Court granted HomeSource, once again, leave to file an amended Complaint. On April 1, 2020, HomeSource filed its Second Amended Complaint against RWS and several subsidiaries, three John Does, Nationwide, and Gridiron. The Court ultimately dismissed Nationwide and Gridiron for lack of personal jurisdiction on October 19, 2020. (*See* Order, ECF No. 242).

## LEGAL REASONING AND ARGUMENTS

### I. Legal Standard

Any judgment or order may be amended within 28 days of its issuance. FRCP 59(e). Grounds for amending an order include "the need to correct clear error of law or prevent manifest [in]justice." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 (3d Cir. 2011) (citation omitted). The danger of "manifest injustice" warrants amendment of an order that "overlook[s] some dispositive factual or legal matter that was presented to it,' or [where] a 'direct, obvious, and observable' error occurred." *Lindsay v. United States*, No. 16-3281 (SDW), 2017 U.S. Dist. LEXIS 12249, *5 (D.N.J. Jan. 30, 2017) (citation omitted). "Manifest injustice" results from an omission that "upset settled expectations – expectations on which a party might reasonably place reliance." *Qwest Servs. Corp. v. FCC*, 509 F.3d 531, 540 (D.C. Cir. 2007) (holding manifest injustice includes "a result that is fundamentally unfair in light of governing law").

Where a complaint that was filed timely is later dismissed without prejudice after the limitations period has run, FRCP 59(e) provides an appropriate tool for a court to amend its order to provide for equitable tolling to allow the plaintiff to refile the action. *Atkinson v. Middlesex County*, No. 09-4863 (FLW), 2014 U.S. Dist. LEXIS 82798, *19 n.5 (D.N.J. June 18, 2014) ("Plaintiff was not without options at the time of the dismissal. He could have . . . timely moved for reconsideration of the Dismissal Order or moved to amend the judgment pursuant to Rule 59(e). And, in that context, Plaintiff could have argued for equitable tolling to revive his then-dismissed claims.").

4

**II.     To Avoid Manifest Injustice, the Court Should Amend Its Order to Provide HomeSource With Adequate Additional Time to Refile Its Claims Against Nationwide and Gridiron in an Appropriate Forum, Because HomeSource Pursued Its Claims Diligently Until the Court Dismissed those Defendants for Lack of Personal Jurisdiction, and Defendants' Own Intentional And Incessant Delaying Tactics Are the Sole Reason that Nationwide and Gridiron Were Not Joined as Defendants Earlier.**

The Court should amend its Order to provide for equitable tolling of the relevant statutes of limitations on HomeSource's claims against Nationwide and Gridiron, because HomeSource has timely and diligently prosecuted its claims in this Court, which were dismissed against those Defendants only on jurisdictional grounds. Moreover, throughout the last two years, Defendants actively and intentionally stonewalled HomeSource's repeated efforts to discover Nationwide's and Gridiron's role in the underlying events and prevented HomeSource even from asserting claims against those Defendants any sooner.

No "mechanical rules" govern the propriety of equitable tolling; "courts must instead be flexible to ensure that they do equity under the particular circumstance." *Flores v. Predco Servs. Corp.*, 911 F. Supp. 2d 285, 288 (D.N.J. 2012) (citation omitted). As a general principle, equitable tolling should be afforded where the plaintiff pursued its rights diligently and "extraordinary circumstances stood in [it]s way." *Id.* at 289 (citations omitted). The plaintiff need not demonstrate "maximum feasible diligence," but rather "reasonable diligence." *Ibid.* (citation omitted). Such diligence is evident where the plaintiff brought suit within the limitations period and kept itself consistently apprised of the progress of the case. *See Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241 (3d Cir. 1999). Circumstances warranting equitable tolling include "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action," and "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *DePalma v. Scotts Co. LLC*, No. 13-7740 (KM) (JAD), 2017 U.S. Dist. LEXIS 8884, *6 (D.N.J. Jan. 20, 2017) (quoting *Seitzinger*, 165 F.3d at 242).

5

Here, the Court should amend its Order to provide additional time for HomeSource to refile its claims against Nationwide and Gridiron in a jurisdictionally proper forum because, while this action was commenced well before the statute of limitations had run on HomeSource's claims, by the time of the Court's dismissal, the limitations period had either already expired or will shortly expire for causes of action whose limitations period is not stayed for the duration that federal litigation is pending. Moreover, equitable tolling is proper here because HomeSource has pursued its claims diligently in this Court only to have its claims dismissed for lack of personal jurisdiction.

HomeSource is in danger of having its claims barred by applicable statutes of limitations. For example, in North Carolina, where Nationwide is headquartered, it appears that when an action was timely commenced in federal court and a non-merits dismissal occurred after the statute of limitations had already run, it may be necessary for the federal court's dismissal order to provide a period of up to a year in which the plaintiff may file its complaint in a court of competent jurisdiction. *See Clark v. Velsicol Chem. Corp.*, 431 S.E.2d 227, 230 (N.C. Ct. App. 1993) (holding under N.C. R. Civ. P. 41(b) that federal court may specify in order of dismissal without prejudice "that a new action based on the same claim may be commenced within one year or less after such dismissal," and "it was [plaintiff's] responsibility," faced with statute of limitations that had expired while federal action was pending, "to convince the federal courts to include in the order or opinion a statement specifying that plaintiff had an additional year to refile," and without such specification applicable limitations period is not tolled or extended"), *aff'd per curiam*, 444 S.E.2d 223 (N.C. 1994); *accord Topshelf Mgmt. v. Campbell-Ewald Co.*, 203 F. Supp. 3d 608, 611 (M.D.N.C. 2016); *Williams v. Cathy*, No. 3:08CV65, 2008 U.S. Dist. LEXIS 43491, *7 (W.D.N.C. June 2, 2008). The statute of limitations in North Carolina for a defamation claim is one year from the defamatory publication. *Gibson v. Mut. Life Ins. Co.*, 465 S.E.2d 56, 58 (N.C. Ct. App. 1996).

Consequently, absent a tolling provision in the Court's Order, HomeSource may find itself with no grace period in which to refile claims that were timely initiated but lingered in this Court past the limitations period only to be dismissed on a jurisdictional basis. Stuck between the Court's dismissal and a hard statute of limitations, HomeSource is at risk of losing its right of recovery on the merits simply because the Court's Order is silent on the tolling issue. Therefore, HomeSource will suffer manifest injustice absent an amendment to the Order providing for additional time to bring its claims in a forum(s) having personal jurisdiction over Nationwide and Gridiron. Moreover, tolling is eminently appropriate here because HomeSource has pursued its claims in this Court with diligence.

In addition, the sole cause of delay in HomeSource's filing suit against Nationwide and Gridiron was Defendants' own unceasing, intentional obstruction and refusal to comply with the discovery rules. For well over a year, RWS stonewalled HomeSource's numerous requests for information about Nationwide and/or Gridiron's involvement in drafting, publishing, or approving the Newsletter. As the Court specifically found, RWS's bad-faith delaying tactics necessitated the filing of motion after motion to amend HomeSource's Complaint. Thus, it was Defendants -- and Defendants alone -- who prevented HomeSource from joining Nationwide and Gridiron sooner. No greater or more manifest injustice could result than if HomeSource were to suffer the potential barring of its claims in the proper forum(s) due to Defendants' intentional obstruction. Since the Court has discretion to provide HomeSource with enough time to bring suit in a jurisdictionally proper forum, HomeSource respectfully requests the Court provide an additional six months from the date of entry of an amended Order in which to file suit against Nationwide and/or Gridiron.

## **CONCLUSION**

For the foregoing reasons, HomeSource respectfully requests the Court amend its Order to provide for a tolling period of six months.

8070200 v1

Dated: November 16, 2020

By: <u>/s/ Ken Goodkind</u>
    Ken Goodkind, Esq.
    Eric R. Clendening, Esq.
    1810 Chapel Avenue West
    Cherry Hill, NJ 08002
    (856) 661-1900 (telephone)
    (856) 661-1919 (facsimile)
    Ken.goodkind@flastergreenberg.com
    Eric.clendening@flastergreenberg.com