**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

THE HOMESOURCE, CORP.,                        Case No. 1:18-cv-11970 (ECR/AMD)

          Plaintiff,

    vs.

RETAILER WEB SERVICES, LLC, RETAILER
WEB SERVICES II, LLC, NATIONWIDE
MARKETING GROUP, LLC, GRIDIRON
CAPITAL LLC, and JOHN DOES,

          Defendants.

**DEFENDANT RETAILER WEB SERVICES, LLC'S
ANSWER, AFFIRMATIVE AND SEPARATE DEFENSES,
<u>AND DEMAND FOR JURY TRIAL TO SECOND AMENDED COMPLAINT</u>**

Defendant Retailer Web Services, LLC (herein, "RWS-HoldCo" or "Defendant"), by

counsel, submits its Answer, Affirmative and Separate Defenses, and Demand for Jury Trial to the

Second Amended Complaint of Plaintiff The HomeSource, Corp ("HomeSource" or "Plaintiff").

Consistent with the Court's Order [ECF No. 242] dismissing Nationwide Marketing Group, LLC,

Gridiron Capital, LLC, and the John Doe Defendants, RWS-HoldCo will not respond to Plaintiff's

allegations directed to these dismissed parties.

      1.     RWS HoldCo states that the allegations in this Paragraph constitute HomeSource's

legal conclusions, statements of purpose, desired litigation outcomes, or a characterization of this

action and not a factual allegation, and therefore denies the same.  RWS-HoldCo admits only that

HomeSource filed the Complaint in this action.  RWS-HoldCo denies that it should be grouped in

with Retailer Web Services II, LLC ("RWS") and had notified HomeSource that RWS was a

separate and independent company.  The Complaint speaks for itself and any interpretations of it are denied.

2.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same.

3.     The term "related companies" is ambiguous and amorphous, and thus is not subject to be answered without conjecturing as to what HomeSource may mean by the term, so accordingly is denied.

4.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same.

5.     Denied.

**PARTIES**

6.     RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

7.     Admitted only that RWS is an Arizona limited liability company with a principal place of business at 15615 N. 71st Street, 205, Scottsdale, AZ 85254.  To the extent the allegation implies or may be construed as alleging that RWS should be grouped with RWS-Holdco, and had notified HomeSource that RWS-HoldCo was a separate and independent company, denied.

8.     Admitted only that Retailer Web Services, LLC's statutory registered agent is: Kingsley Law Firm PLC, 14362 N. Frank Lloyd Wright BLVD, #1000, Scottsdale, AZ 85260.  To the extent the allegation implies or may be construed as alleging that RWS should be grouped with RWS-Holdco, and had notified HomeSource that RWS-HoldCo was a separate and independent company, denied.

-2-

9.      Admitted.

10.     Because the Court has ordered that Nationwide is dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same.  To the extent a response is required, RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

11.     Because the Court has ordered that Gridiron is dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same.  To the extent a response is required, RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

12.     The term "related companies" is ambiguous and amorphous, and thus is not subject to be answered without conjecturing as to what HomeSource may mean by the term, so accordingly is denied, and RWS-HoldCo further denies that it should be grouped in with RWS, and had notified HomeSource that RWS was a separate and independent company and of its corporate structure, and that it does not refer to both as 'RWS.'

13.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same.  To the extent a response is required, RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

## JURISDICTION AND VENUE

14.     Admitted that HomeSource brings federal claims but denied that such claims have any validity.

15.     RWS-HoldCo consents to personal jurisdiction in this Court but denies the material allegations.

16.     Because the Court has ordered that Nationwide is dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same.  To the extent a response is required, RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

17.     Because the Court has ordered that Gridiron is dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same.  To the extent a response is required, RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

18.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same.  To the extent a response is required, RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

19.     RWS-HoldCo consents to venue in this Court but denies the material allegations.

**FACTS**

19.     RWS-HoldCo denies that it provides any services, including but not limited to operating websites for the same types of retail store customers, and denies the remaining allegations.[1]

20.     RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

21.     RWS-HoldCo objects to the allegations in this Paragraph, which calls for RWS-HoldCo to speculate as to HomeSource's knowledge.  To the extent a response is required, RWS-

---

[1] RWS-HoldCo notes that HomeSource's Second Amended Complaint mistakenly designates two consecutive paragraphs as number 19.  In order to minimize confusion, RWS-HoldCo has adopted the paragraph numbering used in Homesource's Second Amended Complaint.

HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

22.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same.  To the extent a response is required, RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

23.     RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

24.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same.  To the extent a response is required, RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

25.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same.  To the extent a response is required, RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

26.     RWS-HoldCo denies that these claims are directed at it, because RWS-HoldCo is an independent company from RWS and therefore is not required to respond to this allegation. Further, because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, RWS-HoldCo acknowledges a press release on or about February 24, 2018.  The press release speaks for itself and RWS-HoldCo denies HomeSource's characterization of the press release and the rest of the allegations.

27.     RWS-HoldCo denies that these claims are directed at it, because RWS-HoldCo is an independent company from RWS and therefore is not required to respond to this allegation. Further, because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same. To the extent a response is required, denied.

28.     RWS-HoldCo denies that these claims are directed at it, because RWS-HoldCo is an independent company from RWS and therefore is not required to respond to this allegation. Further, because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same. To the extent a response is required, denied.

29.     RWS-HoldCo denies that these claims are directed at it, because RWS-HoldCo is an independent company from RWS and therefore is not required to respond to this allegation. Further, because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same. To the extent a response is required, denied.

30.     RWS-HoldCo denies that these claims are directed at it, because RWS-HoldCo is an independent company from RWS and therefore is not required to respond to this allegation. Further, because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same. To the extent a response is required, denied.

31.     RWS-HoldCo denies that these claims are directed at it, because RWS-HoldCo is an independent company from RWS and therefore is not required to respond to this allegation.  To the extent a response is required, the newsletter speaks for itself, is the best evidence of its contents,

and RWS-HoldCo denies HomeSource's characterization of the newsletter. RWS-HoldCo admits that a newsletter stated that ". . . RWS is its own separate and privately held company…" and "We have a legal and binding confidentiality agreement in place with all of NECO that would strictly prohibit RWS from sharing any of this sensitive information with anyone at Nationwide, or any other buying group . . . . With or without that agreement, sharing trade secret information would violate several laws.  That's a line we would never cross and a risk we would never take.  And doing so would be unethical. . . .", and the newsletter was sent around July 17, 2018, but denies that the above allegations are properly directed at it as RWS-HoldCo is not an operating entity, has no employees, and exists solely to hold shares of a third-party company not named in this suit or Second Amended Complaint, and that those statements were separate statements, taken out of context, and abridged to omit relevant portions, and therefore denies the rest.

32.   RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is thus not required to respond to this allegation. Further, because the Court has ordered that Nationwide is dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

33.   RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, RWS-HoldCo admits that a newsletter was sent on or about July 20, 2018, and denies the rest.  The newsletter speaks for itself, is the best evidence of its contents, and RWS-HoldCo denies HomeSource's characterization of and legal conclusions concerning the newsletter.

34.      RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, the newsletter speaks for itself, is the best evidence of its content, and RWS-HoldCo denies HomeSource's characterization of the newsletter's content.  To the extent a response is required, RWS-HoldCo admits that the newsletter contained those statements but that HomeSource abridged the newsletter and statements to omit relevant portions, and therefore denies the rest.

35.      The newsletter speaks for itself, is the best evidence of its content, and RWS-HoldCo denies HomeSource's characterization of the newsletter's content.

36.      RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is thus not required to respond to this allegation.  To the extent a response is required, denied.  Upon information and belief, and as fully detailed in *Furniture Distributors, Inc. v. The Homesource, Corp. et al*, Civil Action No. 3:15-CV-00313 in the United States District Court for the Western District of North Carolina, the defendant in the Furniture Lawsuit, Software Support-PMW.INC., engaged in various transfers of corporate assets, operations, liabilities, contracts and opportunities to HomeSource in an effort to avoid claims of its creditors.  Thus, HomeSource is an alter ego of Software Support-PMW.INC.  Further, the term "guilty" is defined as "culpable of or responsible for" or "justly chargeable with a particular fault or error."  As detailed in Judge Graham Mullen's Order, "[t]he jury subsequently found in favor of Plaintiff on its negligent misrepresentation claim in the amount of $450,000."  Upon further information and belief, HomeSource is the alter ego of Software Support-PMW.

37.      RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is thus not required to respond to this allegation.  To the extent a response is required, denied.  Upon information and belief, and as fully detailed in

*Furniture Distributors, Inc. v. The Homesource, Corp. et al*, Civil Action No. 3:15-CV-00313 in the United States District Court for the Western District of North Carolina, the defendant in the Furniture Lawsuit, Software Support-PMW.INC., engaged in various transfers of corporate assets, operations, liabilities, contracts and opportunities to HomeSource in an effort to avoid claims of its creditors.  Thus, HomeSource is an alter ego of Software Support-PMW.INC.  Further, the term "guilty" is defined as "culpable of or responsible for" or "justly chargeable with a particular fault or error."  As detailed in Judge Graham Mullen's Order, "[t]he jury subsequently found in favor of Plaintiff on its negligent misrepresentation claim in the amount of $450,000."  Upon further information and belief, members of the White family are alter egos with HomeSource.

38.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is thus not required to respond to this allegation. Further, the newsletter speaks for itself, is the best evidence of its content, and RWS-HoldCo denies HomeSource's characterization of the newsletter's content.  To the extent a response is required, denied. Judge Graham Mullen's Order states, "[a]fter a thorough review of the record, the Court agrees that these claims were totally meritless, and it appears that Defendant brought them as a defensive tactic.... Defendant is ordered to pay Plaintiff the amount of $50,000 in attorney fees in addition to the amount awarded at trial."

39.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is thus not required to respond to this allegation. Further, the newsletter speaks for itself, is the best evidence of its content, and RWS-HoldCo denies HomeSource's characterization of the newsletter's content.  To the extent a response is required, denied.  See RWS-HoldCo's answers to paragraphs 37-38, which are incorporated herein by reference.

5369622v1

40.     The Graham Order speaks for itself, is the best evidence of its content, and RWS-HoldCo denies HomeSource's characterization of the Graham Order's content.  To the extent a response is required, denied.   See RWS-HoldCo's answers to paragraphs 37-39, which are incorporated herein by reference.

41.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is thus not required to respond to this allegation.  Further, because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS-HoldCo accordingly denies the same.  To the extent a response is required, the newsletter and Graham Order speak for themselves, are the best evidence of their contents, and RWS-HoldCo denies HomeSource's characterization of their contents.  To the extent any further response is required, denied.  See RWS-HoldCo's answers to paragraphs 37-39, which are incorporated herein by reference.

42.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo and it is thus not required to respond to this allegation.  Further, RWS-HoldCo states that the newsletter speaks for itself, is the best evidence of its contents, and RWS-HoldCo denies HomeSource's characterization of its content.  To the extent a response is required, RWS-HoldCo admits that the newsletter contained those statements, but that HomeSource abridged the newsletter and statements to omit relevant portions, and therefore denies the rest.

43.     RWS-HoldCo states that the newsletter speaks for itself, is the best evidence of its contents, and RWS-HoldCo denies HomeSource's characterization of its content.

44.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, RWS-HoldCo states that the newsletter speaks for itself, is the best evidence of its contents, and

RWS-HoldCo denies HomeSource's characterization of its content.  To the extent a response is required, denied.  See RWS HoldCo's answers to paragraphs 37-39, which are incorporated herein by reference.

45.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is thus not required to respond to this allegation. Further, RWS-HoldCo states that the newsletter speaks for itself, is the best evidence of its contents, and RWS-HoldCo denies HomeSource's characterization of its content.  To the extent a response is required, denied. See RWS HoldCo's answers to paragraphs 37-39, which are incorporated herein by reference.

46.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation. Further, RWS-HoldCo states that the newsletter speaks for itself, is the best evidence of its contents, and RWS-HoldCo denies HomeSource's characterization of its content.  To the extent a response is required, denied.

47.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, RWS-HoldCo states that the newsletter speaks for itself, is the best evidence of its contents, and RWS-HoldCo denies HomeSource's characterization of its content.  To the extent a response is required, denied.

48.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  RWS-HoldCo states that the newsletter speaks for itself, is the best evidence of its contents, and RWS-

HoldCo denies HomeSource's characterization of its content.  To the extent a response is required, denied.

49.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is thus not required to respond to this allegation. Further, because the Court has ordered that Nationwide is dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

50.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, admitted, except that the time is ambiguous, particularly as it omits the time zone.

51.     The newsletter speaks for itself, is the best evidence of its contents, and RWS-HoldCo denies HomeSource's characterization of the newsletter's content.  RWS-HoldCo denies all inferences of wrongdoing.

52.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is thus not required to respond to this allegation.  To the extent a response is required, denied.

53.     The newsletter speaks for itself, is the best evidence of its contents, and RWS-HoldCo denies HomeSource's characterization of the newsletter's content.  To the extent a response is required, RWS-HoldCo admits that the newsletter had a link to a short video, but denies the remaining allegations.

54.     The video speaks for itself, is the best evidence of its contents, and RWS-HoldCo denies HomeSource's characterization of the video's content.  To the extent a response is required, denied.

55.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and does not have any employees and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

56.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required,  To the extent a response is required, RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information.  *See* Order, ECF No. 129. Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

57.     RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

58.     RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

59.     RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information

for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

60.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

61.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

62.     RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

63.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

64.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

65.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

66.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required,

RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

67.     RWS-HoldCo denies that it was aware of any such meeting, and lacks sufficient information to either admit or deny the remaining allegations and, therefore, denies them.

68.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

69.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

70.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  RWS-HoldCo further objects to HomeSource's allegations that call for speculation as to HomeSource's knowledge and beliefs.  To the extent a response is required, denied.

71.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and does not have any customers.  To the extent a response is required, RWS-HoldCo lacks sufficient information to either admit or deny the allegations and therefore denies them.

72.     RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information

for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

73.     RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

74.     RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

75.     RWS-HoldCo lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

76.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

77.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

78.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

79.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

80.     RWS-HoldCo objects to HomeSource's allegations calling for RWS-HoldCo to speculate as to HomeSource's knowledge or beliefs.  To the extent a response is required, denied.

81.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

82.     RWS-HoldCo objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection.  *See* Order, ECF No. 129.  Because RWS-HoldCo lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

83.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

84.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

**Count I – False and Misleading Advertising under the Lanham Act, 15 U.S.C. § 1125 (a) against RWS**

85.     RWS-HoldCo repeats and incorporates all other paragraphs of its Answer set forth above as if fully set forth herein.

86.     Section 1125(a) of Title 15 of the United States Code speaks for itself.  RWS-HoldCo denies all inferences of wrongdoing.

87.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

88.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

89.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

90.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

91.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

5369622v1

## Count II – Defamation against RWS

92.     RWS-HoldCo repeats and incorporates all other paragraphs of its Answer as if fully set forth herein.

93.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

94.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

95.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

96.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

97.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

5369622v1

## **Count III – Tortious Interference with Prospective Economic Advantage against RWS**

98.     RWS-HoldCo repeats and incorporates all other paragraphs of its Answer as if fully set forth herein.

99.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

100.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

101.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

102.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

103.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

104.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

105.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

106.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

### Count IV – Tortious Interference with Contract against RWS

107.    RWS-HoldCo repeats and incorporates all other paragraphs of its Answer as if fully set forth herein.

108.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

109.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

110.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

111.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

112.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

113.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

114.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

### Count V – Common Law and Federal Unfair Competition against RWS

115.    RWS-HoldCo repeats and incorporates all other paragraphs of its Answer as if fully set forth herein.

116.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

117.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

118.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further,

this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

119.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

120.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

121.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

122.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

123.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

124.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

125.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  Further, this allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

### Count VI – Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C) against RWS

126.     RWS-HoldCo repeats and incorporates all other paragraphs of its Answer as if fully set forth herein.

127.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

128.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

129.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

130.     RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

131.     RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

132.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

133.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

134.    RWS-HoldCo denies that these claims are directed at RWS-HoldCo as it is an independent company from RWS and thus it is not required to respond to this allegation.  To the extent a response is required, denied.

**<u>Count VII – Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(A) against Defendant John Does</u>**

135.    RWS-HoldCo repeats and incorporates all other paragraphs of its Answer as if set forth fully herein.

136.    Because the Court has ordered that the John Does Defendants are dismissed, no response to the allegations of this Paragraph is required. To the extent a response is required, denied.

137.    Because the Court has ordered that the John Does Defendants are dismissed, no response to the allegations of this Paragraph is required. To the extent a response is required, denied.

138.    Because the Court has ordered that the John Does Defendants are dismissed, no response to the allegations of this Paragraph is required. To the extent a response is required, denied.

139.    Because the Court has ordered that the John Does Defendants are dismissed, no response to the allegations of this Paragraph is required. To the extent a response is required, denied.

5369622v1

140.     Because the Court has ordered that the John Does Defendants are dismissed, no response to the allegations of this Paragraph is required. To the extent a response is required, denied.

141.     Because the Court has ordered that the John Does Defendants are dismissed, no response to the allegations of this Paragraph is required. To the extent a response is required, denied.

## Count VIII – Civil Conspiracy against RWS, Nationwide, and Gridiron

142.     RWS-HoldCo repeats and incorporates all other paragraphs of its Answer as if set forth fully herein.

143.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

144.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

145.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

146.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

147.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

148.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

149.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

150.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

151.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

**Count IX – Contributory Liability for False and Misleading Advertising under the Lanham Act, 15 U.S.C. § 1125(a) against Nationwide and Gridiron**

152.     RWS-HoldCo repeats and incorporates all other paragraphs of its Answer as if set forth fully herein.

153.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

154.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

155.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

156.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

157.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

158.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

159.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

160.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

**[IN THE ALTERNATIVE]**

**Count X – Vicarious Liability for Counts II through V against Nationwide and Gridiron**

161.     RWS-HoldCo repeats and incorporates all other paragraphs of its Answer as if set forth fully herein.

162.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

163.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

164.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

165.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

166.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

167.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

168.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

169.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required.  To the extent a response is required, denied.

## AFFIRMATIVE AND SEPARATE DEFENSES

Without assuming the burden of proof or persuasion on any matters that would otherwise rest with the Plaintiff, and expressly denying any and all alleged wrongdoing, Defendant alleges the following separate and distinct affirmative defenses as to the claims raised herein:

1.    Plaintiff lacks standing for the claims asserted.

2.    Plaintiff's complaint fails to state a claim, in whole or in part, upon which relief can be granted.

3.    Plaintiff's complaint mistakenly conflates RWS-HoldCo and RWS, wherein the former is an independent holding company without employees and is unable to commit the conduct alleged herein.

4.    Plaintiff's claims are barred or must be dismissed, in whole or in part, by the doctrines of laches, estoppel, and/or unclean hands.

5.    Plaintiff's claims are limited or barred as there has been no damage caused by any act alleged against Defendant, or any claimed damages are speculative and unenforceable.

6.    Any acts or omissions of the Defendant were not the proximate cause of Plaintiff's alleged damages.

5369622v1

7.     Subject to a reasonable opportunity to investigate and conduct discovery, Plaintiff's claims, in whole or in part, are limited or barred by Plaintiff's failure to mitigate its damages.

8.     Any allegedly defamatory statements made by Defendant with regard to Plaintiff were made without malice.

9.     Any allegedly defamatory statements made by Defendant with regard to Plaintiff were true or substantially true.

10.    Any allegedly defamatory statements made by Defendant with regard to Plaintiff were made in good faith.

11.    Any allegedly defamatory statements made by Defendant with regard to Plaintiff were within the sphere of legitimate public interest and concern and were reasonably related to matters warranting public exposition.

12.    Any allegedly defamatory statements made by Defendant with regard to Plaintiff were not made with knowledge of their falsity or with a reckless disregard of their falsity.

13.    Any allegedly defamatory statements made by Defendant with regard to Plaintiff were qualifiedly privileged.

14.    Plaintiff's defamation claim fails, in whole or in part, because the allegedly defamatory statements constitute non-actionable opinion.

15.    Plaintiff's defamation claim fails, in whole or in part, because Plaintiff's reputation was not damaged by any of Defendant's allegedly defamatory statements.

16.    Plaintiff's claims are frivolous, unreasonable, and groundless, and accordingly, Defendant is entitled to an award of its attorneys' fees and costs associated with the defense of this action.

17.    If Plaintiff has been damaged as alleged, its damages have been caused by its own intentional or negligent acts or omissions, or by intentional or negligent acts or omissions of those other than Defendant, or for which Defendant is not responsible.

18.    To the extent that an answer or response may be required which is not already set forth herein, Defendant denies any allegations in Plaintiff's complaint that have not been expressly admitted.

19.    Defendant reserves the right to amend or supplement its Affirmative and Separate Defenses as other defenses become known through discovery or otherwise.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully prays that this Court enter judgment in its favor and against Plaintiff and for all other just and proper relief.

## DEMAND FOR JURY TRIAL

RWS-HoldCo demands trial by jury on all issues triable by jury.

Dated:  November 17, 2020               Respectfully submitted,

*s/Ethan Hougah*
Louis R. Moffa
Ethan Hougah
Alexandra S. Jacobs
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
Tel: (856) 488-7700
Fax: (856) 488-7720
ehougah@mmwr.com

Adam Wolek *(pro hac vice)*
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601

5369622v1

Tel.: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com

William C. Wagner *(pro hac vice)*
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel.: (317) 713-3500
Fax: (317) 713-3699
wwagner@taftlaw.com

*Counsel for Defendant Retailer Web Services II,*
*LLC and Retailer Web Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2020 , a true and correct copy of the foregoing was

served via ECF upon the following counsel for the Plaintiff:

> FLASTER/GREENBERG P.C.
> Kenneth S. Goodkind, Esq.
> Eric R. Clendening, Esq.
> 1810 Chapel Avenue West
> Cherry Hill, NJ 08002
> Tel.: (856) 661-1900
> Fax: (856) 661-1919

*Counsel for Plaintiff The HomeSource, Corp.*

<u>s/Ethan Hougah</u>
Louis R. Moffa
Ethan Hougah
Alexandra S. Jacobs

*One of the attorneys for Defendant Retailer Web Services, LLC*

5369622v1