**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

THE HOMESOURCE, CORP.,                              Case No. 1:18-cv-11970 (ECR/AMD)

               Plaintiff,

    vs.

RETAILER WEB SERVICES, LLC, RETAILER
WEB SERVICES II, LLC, NATIONWIDE
MARKETING GROUP, LLC, GRIDIRON
CAPITAL LLC, and JOHN DOES,

              Defendants.

**DEFENDANT RETAILER WEB SERVICES II, LLC'S**
**ANSWER, AFFIRMATIVE AND SEPARATE DEFENSES,**
**AND DEMAND FOR JURY TRIAL TO SECOND AMENDED COMPLAINT**

Defendant Retailer Web Services II, LLC (herein, "RWS"), by counsel, submits its Answer, Affirmative and Separate Defenses, and Demand for Jury Trial to the Second Amended Complaint of Plaintiff The HomeSource, Corp.  Consistent with the Court's Order [ECF No. 242] dismissing Nationwide Marketing Group, LLC, Gridiron Capital, LLC, and the John Doe Defendants, RWS will not respond to Plaintiff's allegations directed to these dismissed parties.

1.      RWS states that the allegations in this Paragraph constitute HomeSource's legal conclusions, statements of purpose, desired litigation outcomes, or a characterization of this action and not a factual allegation, and therefore denies the same.  RWS admits only that HomeSource filed the Complaint in this action. RWS denies that it should be grouped in with Retailer Web Services, LLC ("RWS-HoldCo"), and had notified HomeSource that RWS-HoldCo was a separate and independent company.  The Complaint speaks for itself and any interpretations of it are denied.

5369700v1

2.      Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same.

3.      The term "related companies" is ambiguous and amorphous, and thus is not subject to be answered without conjecturing as to what HomeSource may mean by the term, so accordingly is denied.

4.      Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same.

5.      Denied.

## PARTIES

6.      RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

7.      Admitted only that RWS is an Arizona limited liability company with a principal place of business at 15615 N. 71st Street, 205, Scottsdale, AZ 85254.  To the extent the allegation implies or may be construed as alleging that RWS should be grouped with RWS-Holdco, and had notified HomeSource that RWS-HoldCo was a separate and independent company, it is denied.

8.      Admitted only that Retailer Web Services, LLC's statutory registered agent is: Kingsley Law Firm PLC, 14362 N. Frank Lloyd Wright BLVD, #1000, Scottsdale, AZ 85260.  To the extent the allegation implies or may be construed as alleging that RWS should be grouped with RWS-Holdco, and had notified HomeSource that RWS-HoldCo was a separate and independent company, denied.

9.      Admitted.

10.     Because the Court has ordered that Nationwide is dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a

2

response is required, RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

11.     Because the Court has ordered that Gridiron is dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

12.     The term "related companies" is ambiguous and amorphous, and thus is not subject to be answered without conjecturing as to what HomeSource may mean by the term, so accordingly is denied, and RWS further denies that it should be grouped in with RWS-HoldCo, and had notified HomeSource that RWS-HoldCo was a separate and independent company and of its corporate structure, and that it does not refer to both as 'RWS'.

13.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

**JURISDICTION AND VENUE**

14.     Admitted that HomeSource brings federal claims but denied that such claims have any validity.

15.     RWS consents to personal jurisdiction in this Court but denies the material allegations.

16.     Because the Court has ordered that Nationwide is dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a

3

response is required, RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

17.     Because the Court has ordered that Gridiron is dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

18.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

19.     RWS consents to venue in this Court but denies the material allegations.

## FACTS

19.     RWS admits that it provides competitive technology services, including but not limited to operating websites for the same types of retail store customers.  Specifically, it markets to the members of four groups of customers, called NEAG, ADC, Intercounty and DMI, but denies the remaining allegations.[1]

20.     RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

21.     RWS objects to the allegations in this Paragraph, which calls for RWS to speculate as to HomeSource's knowledge. To the extent a response is required, RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

---

[1] RWS notes that HomeSource's Second Amended Complaint mistakenly designates two consecutive paragraphs as number 19.  In order to minimize confusion, RWS has adopted the paragraph numbering used in Homesource's Second Amended Complaint.

4

22.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

23.     RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

24.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

25.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

26.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS acknowledges a press release on or about February 24, 2018. The press release speaks for itself and RWS denies HomeSource's characterization of the press release.

27.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

28.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

29.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS admits that it sent newsletter to its customers and potential customers, but lacks sufficient information to either admit or deny the remaining allegations and, therefore, denies them.

30.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

31.     RWS admits that it issued a newsletter on or about July 16, 2018. The newsletter speaks for itself, is the best evidence of its contents, and RWS denies HomeSource's characterization of the newsletter. To the extent a response is required, RWS admits that a newsletter stated that "… RWS is its own separate and privately held company…" and "We have a legal and binding confidentiality agreement in place with all of NECO that would strictly prohibit RWS from sharing any of this sensitive information with anyone at Nationwide, or any other buying group . . . . With or without that agreement, sharing trade secret information would violate several laws. That's a line we would never cross and a risk we would never take. And doing so would be unethical….", and the newsletter was sent around July 17, 2018, but denies that the above allegations were properly presented as those statements were separate statements, taken out of context, and abridged to omit relevant portions, and therefore denies the rest.

32.     Because the Court has ordered that Nationwide is dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

33.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS admits that a newsletter was sent on or about July 20, 2018, and denies the rest.  The newsletter speaks for itself, is the best evidence of its contents, and RWS denies HomeSource's characterization of and legal conclusions concerning the newsletter.

34.     The newsletter speaks for itself, is the best evidence of its content, and RWS denies HomeSource's characterization of the newsletter's content. To the extent a response is required, RWS admits that the newsletter contained those statements, but that HomeSource abridged the newsletter and statements to omit relevant portions, and therefore denies the rest.

35.     The newsletter speaks for itself, is the best evidence of its content, and RWS denies HomeSource's characterization of the newsletter's content.

36.     Denied. Upon information and belief, and as fully detailed in *Furniture Distributors, Inc. v. The Homesource, Corp. et al*, Civil Action No. 3:15-CV-00313 in the United States District Court for the Western District of North Carolina, the defendant in the Furniture Lawsuit, Software Support-PMW.INC., engaged in various transfers of corporate assets, operations, liabilities, contracts and opportunities to HomeSource in an effort to avoid claims of its creditors.  Thus, HomeSource is an alter ego of Software Support-PMW.INC. Further, the term "guilty" is defined as "culpable of or responsible for" or "justly chargeable with a particular fault or error."  As detailed in Judge Graham Mullen's Order, "[t]he jury subsequently found in favor

of Plaintiff on its negligent misrepresentation claim in the amount of $450,000." Upon further information and belief, HomeSource is the alter ego of Software Support-PMW.

37.     Denied. Upon information and belief, and as fully detailed in *Furniture Distributors, Inc. v. The Homesource, Corp. et al*, Civil Action No. 3:15-CV-00313 in the United States District Court for the Western District of North Carolina, the defendant in the Furniture Lawsuit, Software Support-PMW.INC., engaged in various transfers of corporate assets, operations, liabilities, contracts and opportunities to HomeSource in an effort to avoid claims of its creditors. Thus, HomeSource is an alter ego of Software Support-PMW.INC. Further, the term "guilty" is defined as "culpable of or responsible for" or "justly chargeable with a particular fault or error." As detailed in Judge Graham Mullen's Order, "[t]he jury subsequently found in favor of Plaintiff on its negligent misrepresentation claim in the amount of $450,000." Upon further information and belief, members of the White family are alter egos with HomeSource.

38.     The newsletter speaks for itself, is the best evidence of its content, and RWS denies HomeSource's characterization of the newsletter's content. To the extent a response is required, denied. Judge Graham Mullen's Order states, "[a]fter a thorough review of the record, the Court agrees that these claims were totally meritless, and it appears that Defendant brought them as a defensive tactic…. Defendant is ordered to pay Plaintiff the amount of $50,000 in attorney fees in addition to the amount awarded at trial."

39.     The newsletter speaks for itself, is the best evidence of its content, and RWS denies HomeSource's characterization of the newsletter's content. To the extent a response is required, denied. See RWS's answers to paragraphs 37-38, which are incorporated herein by reference.

40.     The Graham Order speaks for itself, is the best evidence of its content, and RWS denies HomeSource's characterization of the Graham Order's content. To the extent a response is

required, denied. See RWS's answers to paragraphs 37-39, which are incorporated herein by reference.

41.     Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, the newsletter and Graham Order speak for themselves, are the best evidence of their contents, and RWS denies HomeSource's characterization of their contents. To the extent any further response is required, denied. See RWS's answers to paragraphs 37-39, which are incorporated herein by reference.

42.     RWS states that the newsletter speaks for itself, is the best evidence of its contents, and RWS denies HomeSource's characterization of its content. To the extent a response is required, RWS admits that the newsletter contained those statements, but that HomeSource abridged the newsletter and statements to omit relevant portions, and therefore denies the rest.

43.     RWS states that the newsletter speaks for itself, is the best evidence of its contents, and RWS denies HomeSource's characterization of its content.

44.     RWS states that the newsletter speaks for itself, is the best evidence of its contents, and RWS denies HomeSource's characterization of its content. To the extent a response is required, denied. See RWS's answers to paragraphs 37-39, which are incorporated herein by reference.

45.     RWS states that the newsletter speaks for itself, is the best evidence of its contents, and RWS denies HomeSource's characterization of its content. To the extent a response is required, denied. See RWS's answers to paragraphs 37-39, which are incorporated herein by reference.

5369700v1

46.     RWS states that the newsletter speaks for itself, is the best evidence of its contents, and RWS denies HomeSource's characterization of its content. To the extent a response is required, denied.

47.     RWS states that the newsletter speaks for itself, is the best evidence of its contents, and RWS denies HomeSource's characterization of its content. To the extent a response is required, denied.

48.     RWS states that the newsletter speaks for itself, is the best evidence of its contents, and RWS denies HomeSource's characterization of its content. To the extent a response is required, denied.

49.     Because the Court has ordered that Nationwide is dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

50.     Admitted, except that the time is ambiguous, particularly as it omits the time zone.

51.     The newsletter speaks for itself, is the best evidence of its contents, and RWS denies HomeSource's characterization of the newsletter's content. RWS denies all inferences of wrongdoing.

52.     Denied.

53.     The newsletter speaks for itself, is the best evidence of its contents, and RWS denies HomeSource's characterization of the newsletter's content. To the extent a response is required, RWS admits that its newsletter had a link to a short video, but denies the remaining allegations.

54.     The video speaks for itself, is the best evidence of its contents, and RWS denies HomeSource's characterization of the video's content.  To the extent a response is required, denied.

55.     RWS admits that sales employees occasionally call companies to assess their level of responsiveness, customer relations, sales offered and pricing, and that it had previously left a message with HomeSource, but denies that it received any information, denies that its employee asked for "data and methods," denies that it was to "gain access to [HomeSource's] data and methods, and denies that it received any information from HomeSource or about its platform. RWS denies the remaining allegations.

56.     Denied.   Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same.  To the extent a response is required, RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129. Because RWS lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

57.     RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129. Because RWS lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

58.     RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129. Because RWS lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

59.     RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129. Because RWS lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

60.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129. Because RWS lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

61.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129. Because RWS lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

62.     RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129. Because RWS lacks knowledge or

information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

63.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129. Because RWS lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

64.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129. Because RWS lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

65.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129. Because RWS lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

66.     Because the Court has ordered that the John Doe Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129.  Because RWS lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

67.     RWS denies that it was aware of any such meeting, and lacks sufficient information to either admit or deny the remaining allegations and, therefore, denies them.

68.     Denied.

69.     Denied.

70.     RWS objects to HomeSource's allegations that call for RWS to speculate as to HomeSource's knowledge and beliefs.  To the extent a response is required, denied.

71.     RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

72.     RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129. Because RWS lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

73.     RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129. Because RWS lacks knowledge or

information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

74.    RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

75.    RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    RWS objects to HomeSource's allegations calling for RWS to speculate as to HomeSource's knowledge or beliefs. To the extent a response is required, denied.

81.    Denied.

82.    RWS objects that HomeSource has refused to produce evidence of any alleged cyberattacks, despite a Court Order requiring HomeSource to produce such information for inspection by RWS's expert. *See* Order, ECF No. 129.  Because RWS lacks knowledge or information regarding Plaintiff's allegations, it lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

83.    Denied.

84.    Denied.

## Count I – False and Misleading Advertising under the Lanham Act, 15 U.S.C. § 1125 (a) against RWS

85.    RWS repeats and incorporates all other paragraphs of its Answer set forth above as if fully set forth herein.

86.     Section 1125(a) of Title 15 of the United States Code speaks for itself. RWS denies all inferences of wrongdoing.

87.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

88.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

89.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

90.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

91.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

## Count II – Defamation against RWS

92.     RWS repeats and incorporates all other paragraphs of its Answer as if fully set forth herein.

93.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

94.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

95.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

96.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

5369700v1

97.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

### Count III – Tortious Interference with Prospective Economic Advantage against RWS

98.     RWS repeats and incorporates all other paragraphs of its Answer as if fully set forth herein.

99.     This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

### Count IV – Tortious Interference with Contract against RWS

107.    RWS repeats and incorporates all other paragraphs of its Answer as if fully set forth herein.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

5369700v1

113.    Denied.

114.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

### Count V – Common Law and Federal Unfair Competition against RWS

115.    RWS repeats and incorporates all other paragraphs of its Answer as if fully set forth herein.

116.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

117.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

118.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

119.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

120.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

121.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

122.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

123.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

124.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

125.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

### Count VI – Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C) against RWS

126.    RWS repeats and incorporates all other paragraphs of its Answer as if fully set forth herein.

127.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

128.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

129.    Denied.

130.    RWS lacks sufficient information to either admit or deny the allegations and, therefore, denies them.

131.    Denied.

132.    Denied.

133.    This allegation calls for a legal conclusion and does not necessitate a response, but to the extent a response is required, then it is denied.

134.    Denied.

### Count VII – Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(A) against Defendant John Does

135.    RWS repeats and incorporates all other paragraphs of its Answer as if set forth fully herein.

136.     Because the Court has ordered that the John Does Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

137.     Because the Court has ordered that the John Does Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

138.     Because the Court has ordered that the John Does Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

139.     Because the Court has ordered that the John Does Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

140.     Because the Court has ordered that the John Does Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

141.     Because the Court has ordered that the John Does Defendants are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

**Count VIII – Civil Conspiracy against RWS, Nationwide, and Gridiron**

142.     RWS repeats and incorporates all other paragraphs of its Answer as if set forth fully herein.

143.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

144.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

145.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

146.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

147.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

148.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

149.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

150.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

151.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

**<u>Count IX – Contributory Liability for False and Misleading Advertising under the Lanham Act, 15 U.S.C. § 1125(a) against Nationwide and Gridiron</u>**

152.    RWS repeats and incorporates all other paragraphs of its Answer as if set forth fully herein.

153.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

154.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

155.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

156.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

157.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

158.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

159.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

160.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

## [IN THE ALTERNATIVE]

### Count X – Vicarious Liability for Counts II through V against Nationwide and Gridiron

161.    RWS repeats and incorporates all other paragraphs of its Answer as if set forth fully herein.

162.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

163.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

164.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

165.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

166.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

167.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

168.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

169.    Because the Court has ordered that Nationwide and Gridiron are dismissed, no response to the allegations of this Paragraph is required, and RWS accordingly denies the same. To the extent a response is required, denied.

## <u>AFFIRMATIVE AND SEPARATE DEFENSES</u>

Without assuming the burden of proof or persuasion on any matters that would otherwise rest with the Plaintiff, and expressly denying any and all alleged wrongdoing, Defendant alleges the following separate and distinct affirmative defenses as to the claims raised herein:

1.    Plaintiff lacks standing for the claims asserted.

5369700v1

2.      Plaintiff's complaint fails to state a claim, in whole or in part, upon which relief can be granted.

3.      Plaintiff's claims are barred or must be dismissed, in whole or in part, by the doctrines of laches, estoppel, and/or unclean hands.

4.      Plaintiff's claims are limited or barred as there has been no damage caused by any act alleged against Defendant, or any claimed damages are speculative and unenforceable.

5.      Any acts or omissions of the Defendant were not the proximate cause of Plaintiff's alleged damages.

6.      Subject to a reasonable opportunity to investigate and conduct discovery, Plaintiff's claims, in whole or in part, are limited or barred by Plaintiff's failure to mitigate its damages.

7.      Any allegedly defamatory statements made by Defendant with regard to Plaintiff were made without malice.

8.      Any allegedly defamatory statements made by Defendants with regard to Plaintiff were true or substantially true.

9.      Any allegedly defamatory statements made by Defendants with regard to Plaintiff were made in good faith.

10.     Any allegedly defamatory statements made by Defendant with regard to Plaintiff were within the sphere of legitimate public interest and concern and were reasonably related to matters warranting public exposition.

11.     Any allegedly defamatory statements made by Defendant with regard to Plaintiff were not made with knowledge of their falsity or with a reckless disregard of their falsity.

12.     Any allegedly defamatory statements made by Defendant with regard to Plaintiff were qualifiedly privileged.

5369700v1

13.     Plaintiff's defamation claim fails, in whole or in part, because the allegedly defamatory statements constitute non-actionable opinion.

14.     Plaintiff's defamation claim fails, in whole or in part, because Plaintiff's reputation was not damaged by any of Defendant's allegedly defamatory statements.

15.     Plaintiff's claims are frivolous, unreasonable, and groundless, and accordingly, Defendant is entitled to an award of its attorneys' fees and costs associated with the defense of this action.

16.     If Plaintiff has been damaged as alleged, its damages have been caused by its own intentional or negligent acts or omissions, or by intentional or negligent acts or omissions of those other than Defendant, or for which Defendant is not responsible.

17.     To the extent that an answer or response may be required which is not already set forth herein, Defendant denies any allegations in Plaintiff's complaint that have not been expressly admitted.

18.     Defendant reserves the right to amend or supplement its Affirmative Defenses as other defenses become known through discovery or otherwise.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully prays that this Court enter judgment in its favor and against Plaintiff and for all other just and proper relief.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues triable by jury.

Dated: November 17, 2020

Respectfully submitted,

*s/Ethan Hougah*
Louis R. Moffa
Ethan Hougah
Alexandra S. Jacobs
MONTGOMERY, McCRACKEN, WALKER &
RHOADS, LLP
457 Haddonfield Road, Suite 600
Cherry Hill, New Jersey 08002
Tel: (856) 488-7700
Fax: (856) 488-7720
ehougah@mmwr.com

Adam Wolek *(pro hac vice)*
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Tel.: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com

William C. Wagner *(pro hac vice)*
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel.: (317) 713-3500
Fax: (317) 713-3699
wwagner@taftlaw.com

*Counsel for Defendant Retailer Web Services II,*
*LLC and Retailer Web Services, LLC*

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2020, a true and correct copy of the foregoing was served

via ECF upon the following counsel for the Plaintiff:

> FLASTER/GREENBERG P.C.
> Kenneth S. Goodkind, Esq.
> Eric R. Clendening, Esq.
> 1810 Chapel Avenue West
> Cherry Hill, NJ 08002
> Tel.: (856) 661-1900
> Fax: (856) 661-1919

*Counsel for Plaintiff The HomeSource, Corp.*


<u>s/Ethan Hougah</u>
Louis R. Moffa
Ethan Hougah
Alexandra S. Jacobs

*One of the attorneys for Defendant Retailer
Web Services II, LLC*

5369700v1