# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE HOMESOURCE, CORP., | Civil Action No.: 1:18-cv-11970 |
| Plaintiff, | Hon. Eduardo C. Robreno (EDPA) |
| | Hon. Ann Marie Donio |
| v. | |
| RETAILER WEB SERVICES, LLC, et al., | |
| Defendants. | |

# NATIONWIDE MARKETING GROUP, LLC'S OPPOSITION TO HOMESOURCE'S MOTION FOR RECONSIDERATION (ECF NO. 245)

Dated: December 7, 2020          Respectfully submitted,

*/s/ Ethan Hougah*
Louis R. Moffa
Ethan Hougah
Alexandra S. Jacobs
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
457 Haddonfield Road, Suite 600
Cherry Hill, New Jersey 08002
(856) 488-7700

Adam Wolek (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Tel.: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com

William C. Wagner (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel.: (317) 713-3500
Fax: (317) 713-3699
wwagner@taftlaw.com

*Counsel for Defendants Retailer Web Services II, LLC; Retailer Web Services, LLC; Nationwide Marketing Group, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODCUTION ..................................................................................................... 1

ARGUMENT .............................................................................................................. 2

I.      HomeSource's request cannot be granted because this Court cannot adjudicate the rights of parties over which it has no jurisdiction ..................................... 2

II.     HomeSource has not shown why it is entitled to the extraordinary relief of Rule 59 reconsideration ..................................................................................... 4

III.    HomeSource fails to meet the heavy burden required for equitable tolling ... 6

        A.     No party ever "misled" HomeSource into thinking New Jersey had jurisdiction over Nationwide or Gridiron ............................................. 6

        B.     HomeSource's mischaracterization of an irrelevant discovery dispute is inapposite to the instant motion and should be disregarded ................. 9

IV.    CONCLUSION ..................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Atkinson v. Middlesex Cty.*,
   No. CIV.A. 09-4863 FLW, 2014 WL 2767771 (D.N.J. June 18, 2014),
   *aff'd*, 610 F. App'x 109 (3d Cir. 2015) .................................................................... 3

*Black v. United States*,
   No. 18-CV-15388-NLH-KMW, 2020 WL 5835156 (D.N.J. Sept. 30, 2020) ........ 4

*Brown v. Zickefoose*,
   No. CV 11-3330, 2011 WL 5007829 (D.N.J. 2011) .............................................. 5

*Clark v. Velsicol Chem. Corp.*,
   431 S.E.2d 227 (N.C. Ct. App. 1993) ..................................................................... 3

*Dixon v. Warren*,
   2015 WL 6460435 (D.N.J. Oct. 25, 2016) ............................................................. 6

*Harsco Corp. v. Zlotnicki*,
   779 F.2d 906 (3d Cir. 1985) .................................................................................... 4

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
   456 U.S. 694 (1982) ................................................................................................. 2

*Jaworowski v. Ciasulli*,
   490 F.3d 331 (3d Cir. 2007) .................................................................................... 3

*Jenkins v. Superintendent of Laurel Highlands*,
   705 F.3d 80 (3d Cir. 2013) ...................................................................................... 6

*Knipe v. SmithKline Beecham*,
   583 F. Supp. 2d 553 (E.D. Pa. 2008) ...................................................................... 5

*Lindsay v. United States*,
   No. CV 16-3281 (SDW), 2017 WL 396541 (D.N.J. Jan. 30, 2017) ..................... 5

*Maldonado v. Lucca*,
   636 F. Supp. 621 (D.N.J. 1986) .............................................................................. 4

*Marshak v. Treadwell*,
   Civ. A. No. 95–3794, 2008 WL 413312 (D.N.J. Feb. 13, 2008) ......................... 5

*Max Daetwyler Corp. v. R. Meyer*,
   762 F.2d 290 (3d Cir. 1985) ............................................................................... 2

*Pecoraro v. Diocese of Rapid City*,
   435 F.3d 870 (8th Cir. 2006) .............................................................................. 8

*Peterson v. Hohm*,
   607 N.W.2d 8 (S.D. 2000) .................................................................................. 8

*Ruhrgas AG v. Marathon Oil Co.*,
   526 U.S. 574 (1999) ............................................................................................ 2

*Ruscavage v. Zuratt*,
   831 F. Supp. 417 (E.D. Pa. 1993) ....................................................................... 4

*Russo v. Am. Airlines, Inc.*,
   340 F. App'x. 816 (3d Cir. 2009) .................................................................... 7, 9

*The HomeSource Corp. v. Retailer Web Services, LLC*,
   No.1:19-mc-6 (M.D.N.C. Mar. 21, 2019) ........................................................... 7

*Tischio v. Bontex, Inc.*,
   16 F. Supp. 2d 511 (D.N.J. 1998) ....................................................................... 4

*United States v. Jones*,
   158 F.R.D. 309 (D.N.J. 1994) ............................................................................. 5

## INTRODUCTION

This Court dismissed Nationwide Marketing Group, LLC, and Gridiron Capital, LLC, on the basis that it lacked personal jurisdiction over those defendants. ECF No. 242. Even though the Court found it lacked jurisdiction over Nationwide or Gridiron—a finding HomeSource does not seek to vacate—HomeSource now requests that the Court determine the scope of those defendants' rights by tolling the statute of limitations in which HomeSource can assert claims by six months. HomeSource's request must be denied.

HomeSource has not met the high standard for reconsideration or amendment of a judgment under Rule 59. Cases cited by HomeSource state that such relief becomes appropriate only if HomeSource previously presented an argument and the court made a legal error; or if some newly discovered evidence changes the court's analysis. Of course, nothing of the sort happened, so Rule 59 modification is unavailable.

Further, HomeSource's argument regarding equitable tolling may be entertained only by a court with jurisdiction over Nationwide and Gridiron; yet the entire basis of dismissal was the Court's accurate finding that it did not have jurisdiction to determine those entities' rights. HomeSource's arguments regarding being actively misled are also without merit, as no party ever told HomeSource it could sue Nationwide or Gridiron in New Jersey. HomeSource may now regret its decision to bring suit against those defendants in this venue, but it can only blame itself for making that decision. Finally, HomeSource has sought to smear the defendants by mischaracterizing a previous discovery dispute; but that dispute is a side-show that has nothing to do with HomeSource's jurisdictionally deficient claims against Nationwide or Gridiron.

1

# ARGUMENT

HomeSource's motion to reconsider, ECF No. 245, should be denied. It fails on both a procedural and a substantive basis.

## I. HomeSource's request cannot be granted because this Court cannot adjudicate the rights of parties over which it has no jurisdiction.

Nationwide and Gridiron moved under Rule 12(b)(2) for dismissal for lack of personal jurisdiction. The Court granted those motions. ECF No. 242. HomeSource does not seek reconsideration of that ruling. *See* ECF No. 245.

"Personal jurisdiction … 'represents a restriction on judicial power ... as a matter of individual liberty.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). A finding that a Court lacks personal jurisdiction over a party means, as a matter of liberty and judicial restraint, that the Court cannot adjudicate that party's legal rights. *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 293 (3d Cir. 1985) ("personal jurisdiction necessarily addresses … the power of the court to create or affect legal interests"); *Ins. Corp. of Ireland*, 456 U.S. at 701 ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties").

Nationwide and Gridiron have been dismissed from this case for lack of personal jurisdiction. That means this Court has already determined that it lacks the authority to affect their legal interests. *Max Daetwyler*, 762 F.2d at 293. Thus, HomeSource's request that this Court extend the statute of limitations governing claims against Nationwide and Gridiron cannot be granted. The validity of such an order depends on this Court having jurisdiction over those parties, *Ins. Corp. of Ireland*, 456 U.S. at 701,

and yet this Court has confirmed it lacks jurisdiction. HomeSource makes no argument and cites no case law indicating how a court lacking personal jurisdiction over a party could nonetheless adjudicate that parties' rights by extending the statute of limitations otherwise protecting that party. Only a court that has personal jurisdiction over Nationwide or Gridiron would have the judicial authority to issue such an order.[1]

HomeSource cites *Atkinson v. Middlesex Cty.*, for the notion that a plaintiff may move for Rule 59 reconsideration and request equitable tolling at the same time. No. CIV.A. 09-4863 FLW, 2014 WL 2767771, at *1 (D.N.J. June 18, 2014), *aff'd*, 610 F. App'x 109 (3d Cir. 2015). But the dismissal in *Atkinson* was for failure to state a claim under Rule 12(b)(6); the court did not dismiss for a lack of personal jurisdiction over the defendants. Thus, unlike here, there was no jurisdictional bar preventing the court in *Atkinson* from adjudicating the legal interests and rights of those defendants who might want to assert a statute of limitations defense. Another case cited by HomeSource, *Clark v. Velsicol Chem. Corp.*, discusses a plaintiff's option under North Carolina state procedure to request that the court equitably toll the time to refile. 431 S.E.2d 227, 230 (N.C. Ct. App. 1993). But the court simply noted that the litigant did not previously move to extend the statute of limitations; it did not rule that a court lacking jurisdiction over a party can nevertheless extend the statute of limitations governing claims against that party.

---

[1] To be clear, there is a distinction between a court lacking personal jurisdiction ordering a tolling of the statute of limitations (as requested here); and a subsequent court *with* personal jurisdiction finding that the statute of limitations *has been* tolled. *E.g.*, *Jaworowski v. Ciasulli*, 490 F.3d 331, 335 (3d Cir. 2007).

3

In short, this Court found it lacked personal jurisdiction over Nationwide and Gridiron. That means this Court is restrained from affecting their legal rights or interests. Nevertheless, HomeSource now asks this Court to add six months to the statute of limitations for those same parties over which the Court lacks jurisdiction. That request is impossible for this Court to grant; if proper at all, the request must be made to a court that has jurisdiction to affect the legal interests of Nationwide and Gridiron in such a substantial way.

## II. HomeSource has not shown why it is entitled to the extraordinary relief of Rule 59 reconsideration.

Even if this Court had jurisdiction to determine the scope of Nationwide or Gridiron's rights, HomeSource's motion fails on the merits because it never presented this issue prior to the Court's ruling, and HomeSource cites no newly discovered facts that would justify raising the issue afterward. *E.g.*, *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) ("A motion for reconsideration pursuant to Rule 59(e) is designed to 'correct manifest errors of law or fact or to present newly discovered evidence.'" (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

The standard for reconsideration is high, and courts only grant reconsideration sparingly. *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986). "Altering or amending a judgment is an extraordinary remedy, and '[m]otions under Rule 59(e) should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'" *Black v. United States*, No. 18-CV-15388-NLH-KMW, 2020 WL 5835156, at *2 (D.N.J. Sept. 30, 2020) (quoting *Ruscavage v. Zuratt*, 831 F. Supp. 417, 418 (E.D. Pa. 1993). "Motions for reconsideration may not be used as a

means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 586 (E.D. Pa. 2008) (internal quotations omitted).

HomeSource claims that a "manifest injustice" is afoot, justifying this Court's reconsideration of its previous order dismissing Nationwide and Gridiron. Yet its own cited cases explain, "[i]n this context, manifest injustice 'generally ... means that the Court overlooked some dispositive factual or legal matter that was presented to it,' or that a 'direct, obvious, and observable' error occurred." *Lindsay v. United States*, No. CV 16-3281 (SDW), 2017 WL 396541, at *2 (D.N.J. Jan. 30, 2017); *Brown v. Zickefoose*, No. CV 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011).

It is indisputable that HomeSource never raised the idea of this Court dismissing Nationwide or Gridiron, and then also adding six months to their statute of limitations. HomeSource only raised the issue after this Court's ruling. But the wisdom of hindsight is not a sufficient basis to invoke Rule 59: "Nor may a motion for reconsideration be used to revisit or raise new issues with the benefit of 'the hindsight provided by the court's analysis.'" *Marshak v. Treadwell*, Civ. A. No. 95–3794, 2008 WL 413312, at *7 (D.N.J. Feb. 13, 2008) (quoting *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)).

Given that HomeSource did not raise this tolling issue previously, its argument could only be that this legal issue was so obvious that the Court should have raised it *sua sponte*, and that the Court's failure to do so was a "direct, obvious, and observable" error. *Lindsay*, 2017 WL 396541, at *2. HomeSource cites no authority to support the

5

notion that this Court should have *sua sponte* added six months to the statute of limitations of claims asserted against parties it also has no jurisdiction over.

As a result, HomeSource has not shown—or largely even argued—the showings necessary to invoke the extraordinary remedy of Rule 59 reconsideration. Accordingly, HomeSource's motion must be denied.

### III. HomeSource fails to meet the heavy burden required for equitable tolling.

Even aside from this Court's lack of jurisdiction and HomeSource's failure to show any entitlement to the extraordinary remedy of reconsideration; HomeSource has also failed to show it is entitled to the extraordinary remedy of tolling the statute of limitations.

#### A. No party ever "misled" HomeSource into thinking New Jersey had jurisdiction over Nationwide or Gridiron.

HomeSource claims that the cause of delay in filing suit against Nationwide and Gridiron was "Defendants' own unceasing, intentional obstruction and refusal to comply with the discovery rules." ECF No. 245-1, p. 7. HomeSource's argument lacks a factual basis as explained below; more importantly, it has no application to this case. In reality, HomeSource's delay in bringing a proper suit against Nationwide or Gridiron did not come from *Nationwide's or Gridiron's* conduct—it came from HomeSource's strategic choice to attempt to hale Nationwide and Gridiron into a foreign jurisdiction, rather than the jurisdictions where HomeSource already knew those defendants could be sued.

With respect to the specific relief that HomeSource seeks via Rule 59, "[t]he law is clear that a court only extends the remedy of equitable tolling 'sparingly.'" *Dixon v.*

*Warren*, 2015 WL 6460435, at *5 (D.N.J. Oct. 25, 2016) (quoting *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013)). Equitable tolling is appropriate only "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable limitations provision; (2) where the plaintiff in some extraordinary way has been prevented from asserting his rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Russo v. Am. Airlines, Inc.*, 340 F. App'x. 816, 818 (3d Cir. 2009). None of these circumstances are present here.

Putting aside HomeSource's improper attempt to pass blame to RWS, the delay in filing a jurisdictionally-sound action against Nationwide or Gridiron comes from HomeSource's own choice to attempt to hale those entities into New Jersey. HomeSource made that choice despite having no facts to support New Jersey's exercise of jurisdiction over either entity. Crucially, HomeSource never argues or alleges that any party misled it into believing New Jersey had jurisdiction over Nationwide or Gridiron.

Indeed, HomeSource's admitted conduct proves conclusively that it knew full well that it could have brought a jurisdictionally-sound claim against Nationwide or Gridiron in other states. HomeSource notes that it has litigated issues against Nationwide in the Western District of North Carolina, a venue that HomeSource knew had jurisdiction over Nationwide. ECF No. 245-1, p. 2. Contrary to the notion that Nationwide did anything that would justify equitable tolling being applied against it, that North Carolina miscellaneous action ended with the Court instructing HomeSource to speak up if it had any objection to Nationwide's document production. *See* Order on Non-Party

7

Nationwide Marketing Group LLC's Mot. to Quash, *The HomeSource Corp. v. Retailer Web Services, LLC*, No.1:19-mc-6 (M.D.N.C. Mar. 21, 2019) ECF #13, p. 4 (attached for convenience as Ex. A). HomeSource filed nothing else in that case, demonstrating that Nationwide satisfied its disclosure obligations. That North Carolina action was the place for HomeSource to raise any claim that Nationwide withheld information relevant to HomeSource's jurisdictional claims; and yet, given the opportunity, HomeSource failed to request any further relief from that court.

Moreover, HomeSource says it learned of Nationwide and Gridiron's supposed role in this case[2] on March 13, 2019. ECF No. 245-1 p. 3. And yet the first time it took any step with regards to the statute of limitations was November 16, 2020, *eight months* after the one-year statute of limitations would have expired even under North Carolina law. This delay is yet another reason that tolling the clock would be unreasonable in the circumstances. *See Peterson v. Hohm*, 607 N.W.2d 8, 13 (S.D. 2000) ("Persisting in a jurisdictional posture while waiting for a federal court to make an inevitable ruling is unreasonable when the limitations statute is poised to terminate the lawsuit" (cited in *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006))).

Even under HomeSource's inaccurate telling, it claims that *RWS* did not respond to discovery requests. And HomeSource does not claim that Nationwide or Gridiron misled it regarding any cause of action. Nor can HomeSource cite a supposed discovery violation by RWS as a reason to extend the statute of limitations applicable to Nationwide or Gridiron, two separate legal entities not involved in the case at the time.

---

[2] Nationwide and Gridiron do not believe HomeSource's allegations even state a claim against them, and deny those allegations as well.

8

Even the (false) discovery allegations made against RWS could not qualify—HomeSource alleges that RWS *omitted* discovery responses, which is the opposite of RWS "actively misleading" HomeSource about anything. *Contra Russo*, 340 F. App'x. at 818.

Thus, HomeSource is wrong to claim that it "is at risk of losing its right of recovery on the merits simply because the Court's Order is silent on the tolling issue." ECF No. 245-1, p. 7. Again, that came from HomeSource's own choice to bring suit against two foreign defendants in New Jersey despite having no basis to do so. HomeSource likewise misses the mark to claim "it was Defendants—and Defendants alone—who prevented HomeSource from joining Nationwide and Gridiron sooner." *Id*. The speed with which Nationwide and Gridiron were improperly joined to this New Jersey action is irrelevant to HomeSource's statute of limitations concerns; the clock that matters is how soon HomeSource files suit in a jurisdictionally-sound venue. It was HomeSource's own strategic gambit—not adopted in response to anything any defendant or party did or said—to attempt to make Nationwide and Gridiron litigate in a foreign forum that led to delay. HomeSource cannot now claim it was "actively misled" into filing suit in New Jersey simply because that gambit did not pay off. Accordingly, HomeSource cannot meet the standard for equitable tolling under *Russo*, and the Court should deny HomeSource's motion.

> **B.  HomeSource's mischaracterization of an irrelevant discovery dispute is inapposite to the instant motion and should be disregarded.**

HomeSource's entire description of a previous discovery dispute is inaccurate, and irrelevant to its request for reconsideration regardless. *See* ECF No. 245-1, p. 7. Given

9

its lack of importance, Nationwide will not inundate this Court with a rehashing of that dispute. That being said, HomeSource's false representation that the Court "specifically found[] RWS's bad-faith delaying tactics necessitated the filing of motion after motion to amend HomeSource's Complaint" must be addressed.  ECF No. 245-1, p. 7.

"Bad faith" is a legal term of art and is not used colloquially in federal court filings. Contrary to HomeSource's representation, there was no "bad faith" finding by the Court. *See* March 30, 2020 Order, ECF No. 163. The question presented to the Court was whether HomeSource should be allowed to file an amended pleading. *Id*. The Court found that delays attributable to RWS's rolling production of documents (HomeSource also produced documents on a rolling basis) justified HomeSource's filing of an amended pleading under the liberal standard of Rule 15(a). *See id*. In issuing that ruling, the Court *specifically rejected* HomeSource's contention that RWS acted in bad faith in denying HomeSource's request for sanctions. *Id*. at p. 21 ("First, the record does not definitively demonstrate RWS acted in bad faith or showed an unwillingness to comply … the Court rejects HomeSource's mere implication as evidence of bad faith."). *No part* of that dispute involved any finding that supports HomeSource's claims of "unceasing, intentional obstruction and refusal to comply with the discovery rules." *Contra* ECF No. 245-1, p. 7. Respectfully, HomeSource's use of such histrionic language serves no purpose other than to distract from the obvious procedural and substantive failings of its motion to reconsider.

Rhetorical tactics aside, HomeSource's argument here has no bearing on the instant motion. HomeSource failed to file its claims against Nationwide or Gridiron in a court with jurisdiction over either defendant or in a timely fashion. HomeSource does not

argue that the discovery dispute referenced above led to a reasonable belief that New Jersey courts had jurisdiction over these defendants, nor that it prevented discovery of proper jurisdiction. HomeSource's contentions regarding past, unrelated discovery disputes should be disregarded and the Court should deny the motion.

## CONCLUSION

HomeSource has requested the extraordinary remedy of reconsideration, for the purpose of the extraordinary remedy of equitable tolling, all concerning parties this Court lacks jurisdiction over to begin with. As HomeSource has not demonstrated that it is entitled to such relief, HomeSource's motion must be denied.

Dated: December 7, 2020          Respectfully submitted,

*/s/ Ethan Hougah*
Louis R. Moffa
Ethan Hougah
Alexandra S. Jacobs
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
457 Haddonfield Road, Suite 600
Cherry Hill, New Jersey 08002
(856) 488-7700

Adam Wolek (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Tel.: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com

William C. Wagner (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel.: (317) 713-3500
Fax: (317) 713-3699
wwagner@taftlaw.com

*Counsel for Defendants Retailer Web Services II, LLC; Retailer Web Services, LLC; Nationwide Marketing Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2020, a true and correct copy of the foregoing was served via electronic mail upon the following counsel for the Plaintiff:

FLASTER/GREENBERG P.C.
Kenneth S. Goodkind, Esq.
Eric R. Clendening, Esq.
1810 Chapel Avenue West
Cherry Hill, NJ 08002
Tel.: (856) 661-1900
Fax: (856) 661-1919

*Counsel for Nationwide Marketing Group, LLC*

                                          */s/  Ethan Hougah*
                                          Louis R. Moffa
                                          Ethan Hougah
                                          Alexandra S. Jacobs

                                          *One of the attorneys for Defendants Retailer Web Services II, LLC; Retailer Web Services, LLC; Nationwide Marketing Group, LLC*