IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE HOMESOURCE, CORP.,<br><br>        Plaintiff,<br><br>   v.<br><br>RETAILER WEB SERVICES, LLC, et al.,<br><br>        Defendants. | Civil Action No.: 1:18-cv-11970<br><br>Hon. Eduardo C. Robreno (EDPA)<br>Hon. Ann Marie Donio |

### DEFENDANTS' OPPOSITION TO HOMESOURCE'S MOTION FOR LEAVE TO FILE REPLY BRIEF

HomeSource's motion to file a reply brief should be denied because it misstates the record. *Mathews v. Runco's Tavern & Grill, Inc.*, No. 3:10-CV-01215, 2013 WL 6055219, at *3 (M.D. Pa. Nov. 15, 2013) (reply briefs should not be allowed for misstatements or they "become[] a vehicle for inequity").

- ***First***, HomeSource misstates the record when it claims Nationwide cited "only vague and generic statements about personal jurisdiction," ECF No. 252-2 p. 3, when Nationwide cited binding Supreme Court precedent that a court lacking jurisdiction over a party also lacks the authority to adjudicate that party's rights, ECF No. 248 at 7 (*citing Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).

- ***Second***, HomeSource misstates the record when it claims Nationwide did not address an unpublished case that it calls "clear precedent," *Atkinson v. Middlesex Cty.*, 2014 WL 2767771 (D.N.J. June 18, 2014), when Nationwide noted that the *Atkinson* court related to a failure to state a claim, not a jurisdictional bar. ECF No. 248 at 8. Indeed, that court ***denied*** a motion to reconsider for similar statute of limitations concerns.

1

- ***Third***, HomeSource misstates the record when it claims that multiple parties "collu[ded] in violating the discovery rules." ECF No. 251-3 at 4. HomeSource's claim is baseless—**no** court has ever found any hint of a discovery violation from Nationwide or Gridiron. Rather, Nationwide's discovery was provided to HomeSource in ***March 2019***, and HomeSource did not complain that the production was insufficient to this Court or to the Middle District of North Carolina. And HomeSource does not even attempt to allege how Gridiron was somehow participant in the supposed discovery issues.

Under these circumstances, if the Court allows HomeSource's reply brief,[1] Defendants request that the Court consider the misstatements cited above as its sur-reply argument. *See* Local Rule 7.1(d)(6).

| | |
|---|---|
| Dated: December 23, 2020 | Respectfully submitted, |
| /s/ *Cassandra B. Roth* | /s/ *Ethan Hougah* |
| Cassandra B. Roth | Louis R. Moffa |
| Daniel V. McCaughey (*pro hac vice*) | Ethan Hougah |
| Timothy Farrell (*pro hac vice*) | Alexandra S. Jacobs |
| Patrick S. Doherty (*pro hac vice*) | MONTGOMERY, McCRACKEN, |
| 1211 Avenue of the Americas | WALKER & RHOADS, LLP |
| New York, New York 10036 | 457 Haddonfield Road, Suite 600 |
| T: (212) 596-9000 | Cherry Hill, NJ  08002 |
| F: (212) 596-9090 | Tel.: (856) 488-7700 |
| Cassandra.Roth@ropesgray.com | |
| Daniel.McCaughey@ropesgray.com | Adam Wolek (*pro hac vice*) |
| Timothy.Farrell@ropesgray.com | TAFT STETTINIUS & HOLLISTER LLP |
| Patrick.Doherty@ropesgray.com | 111 E. Wacker Drive, Suite 2800 |
| | Chicago, IL  60601 |
| *Attorneys for Defendant Gridiron Capital, LLC* | Tel.: (312) 836-4063 |
| | awolek@taftlaw.com |

---

[1] District of New Jersey Local Rule 7.1(d)(3) provides that "[n]o reply papers shall be filed" in relation to a motion for reconsideration "unless permitted by the Court." Moreover, this Court's rules expressly provide that reply briefs "are discouraged unless necessary to rebut an issue or point of law not discussed in the initial briefs." Pretrial and Trial Procedures before Judge Eduardo C. Robreno, p. 6.

William C. Wagner (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN  46204
Tel.: (317) 713-3500

*Counsel for Defendant Nationwide Marketing Group, LLC*