IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE HOMESOURCE, CORP. | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-11970 |
| | : | |
| RETAILER WEB SERVICES, LLC, et al. | : : | |

**O R D E R**

**AND NOW**, this **5th** day of **February**, **2021**, upon consideration of Plaintiff's motion pursuant to Fed. R. Civ. P. 59(e) to amend this Court's October 19, 2020 order dismissing two Defendants (ECF No. 245) and the response and reply thereto, it is hereby **ORDERED** that the motion is **DENIED**.[1]

---

[1] On October 19, 2020, the Court dismissed Defendants Nationwide Marketing Group, LLC and Gridiron Capital, LLC for lack of personal jurisdiction. ECF No. 242. In Plaintiff's motion, Plaintiff seeks to have the Court amend its dismissal order to equitably toll the statute of limitations on the claims against these two Defendants. Plaintiff argues that the amendment is necessary to avoid manifest injustice, one of the three limited grounds under which amendment of a judgment may be sought. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Specifically, Plaintiff argues that without tolling the statute of limitations, it may not be able to pursue its claims against Nationwide and Gridiron. Rule 59(e) motions should be granted sparingly. See, e.g., In re Telfair, 745 F. Supp. 2d 536, 561 (D.N.J. 2010), aff'd in part, vacated in part sub nom. on other grounds Telfair v. Office of U.S. Attorney, 443 F. App'x 674 (3d Cir. 2011).

In that the Court has concluded that it does not have jurisdiction over these two Defendants, it further concludes that it cannot grant the relief requested by Plaintiff which would affect the Defendants' legal interests. See Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290, 293 (3d Cir. 1985) ("[P]ersonal

It is further **ORDERED** that Plaintiff's motion to file a reply brief (ECF No. 251) is **GRANTED** and the reply attached to the motion as ECF No. 251-2 is deemed filed as of this date.

**IT IS SO ORDERED.**

/s/ *Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

jurisdiction necessarily addresses both the power of the court to create or affect legal interests and the rules of competence whereby adjudicatory authority is asserted."). Instead, such equitable relief should be directed to a court of competent jurisdiction.

Moreover, the Court concludes that Plaintiff has failed to establish manifest injustice. First, to the extent it is meritorious, a court with jurisdiction could grant the requested relief. Second, in the context of a Rule 59(e) motion, "the term manifest injustice [g]enerally ... means that the Court overlooked some dispositive factual or legal matter that was presented to it," committed "an error in the trial court that is direct, obvious, and observable," or plainly erred. Telfair, 745 F. Supp. 2d at 561 (internal quotation marks and citations omitted). The fact that the Court did not take the highly unusual measure of sua sponte tolling the statute of limitations when dismissing these two Defendants does not correspond with any of these definitions of manifest injustice.