**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| THE HOMESOURCE, CORP. | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-11970 |
| | : | |
| RETAILER WEB SERVICES, LLC, | : | |
| et al. | : | |

**O R D E R**

**AND NOW**, this **5th** day of **March, 2021**, upon consideration of Defendant's motion to compel (ECF No. 254) and the response and reply thereto, and after a hearing on this same date, it is hereby **ORDERED** that the motion is **GRANTED in part** and **DENIED in part** as follows:[1]

1. Counsel shall meet and confer and select ten samples of client contracts that were previously produced redacted and Plaintiff's counsel shall produce those ten samples to Defense counsel unredacted. Plaintiff's counsel shall also produce unredacted all previously produced redacted emails. These documents are subject to the confidentiality order and shall be marked "attorneys' eyes only." A breach of the confidentiality order by counsel will result in sanctions. After Defense counsel reviews the unredacted samples, counsel shall meet and discuss

---

[1] Defendant's motion seeks to compel compliance with Magistrate Judge Karen Williams' October 16, 2019 discovery order (ECF No. 129). Unless expressly modified by this order, the terms of the October 16, 2019 order remain in effect.

whether additional unredacted contracts are necessary or relevant and Plaintiff's counsel shall produce them as necessary. Any disagreement regarding the necessity of producing additional unredacted contracts shall be brought to the Court's attention by letter briefs.

2. Plaintiff shall produce all documents and records that underlie its experts' damages calculations, whether or not the experts considered or reviewed the actual documents. These documents shall be produced unredacted, are subject to the confidentiality order, and shall be marked "attorneys' eyes only." A breach of the confidentiality order by counsel will result in sanctions.

3. Plaintiff shall produce all documents showing financial transfers between HomeSource, the White family, Software Support, and PMW, Inc. To the extent Plaintiff claims these documents do not exist, Plaintiff shall file an affidavit from a knowledgeable individual responsible for such records stating that he or she has searched for pertinent documents, but they do not exist.

4. Plaintiff shall make the mirror image of its database available to Defendant's expert. The experts shall meet and confer and confirm the search undertaken by Plaintiff's expert and the search protocol to be undertaken by Defendant's expert. Defendant shall provide plaintiff with the search protocol. If

there are objections to Defendant's proposed search protocol, the matter will be referred to a court-appointed special master. The parties will each advance half of the special master's fee. However, at the conclusion of the litigation, the Court may adjust the percentage of the fee for which each party is responsible.

    **IT IS SO ORDERED.**

                                                 /s/ Eduardo C. Robreno
                                          **EDUARDO C. ROBRENO,  J.**