```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

THE HOMESOURCE, CORP.            :
                                 :
     v.                          :   CIVIL ACTION NO. 18-11970
                                 :
RETAILER WEB SERVICES, LLC,      :
et al.                           :

## O R D E R

**AND NOW**, this **20th** day of **May, 2021,** in light of the parties' continued inability to resolve their pending discovery disputes, this Court's March 5, 2021 order that the matter would be referred to a court-appointed special master if the parties could not settle on a search protocol, and the parties' indication that many discovery disputes remain, it is hereby **ORDERED** that a rule is **ISSUED** for the parties to show cause why Judge Stephen M. Orlofsky (Ret.) should not be appointed as the special master for all discovery issues. Attached as an exhibit to this order is the order the Court will use to appoint the special master.

The parties shall respond to the rule by **June 1, 2021.**

**IT IS SO ORDERED.**

                              /s/ Eduardo C. Robreno
                              _____
                              **EDUARDO C. ROBRENO,  J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

THE HOMESOURCE, CORP.          :
                               :
    v.                         :    CIVIL ACTION NO. 18-11970
                               :
RETAILER WEB SERVICES, LLC,    :
et al.                         :

**O R D E R**

**WHEREAS**, a number of discovery disputes have arisen in this case including the pending motions for sanctions (ECF No. 274);

**WHEREAS**, in the past, the parties have been unable to resolve discovery disputes inter se;

**WHEREAS**, the parties have the financial ability to pay for a Special Master;

**WHEREAS**, this case has been pending for almost three years within which time the Court has ruled on numerous discovery issues;

**WHEREAS**, the Court has given notice to the parties of its intention to appoint a Special Master (see ECF No. 264);

**WHEREAS**, by emails dated May 6, 2021, Plaintiff has requested the appointment of a Special Master and Defendant has acknowledged the parties' inability to resolve their issues[1];

---

[1]  Fed. R. Civ. Pro. 53(b)(1) requires that, "[b]efore appointing a master, the court must give the parties notice and an opportunity to be heard" and allows that "[a]ny party may suggest candidates for appointment."
    The Court, by its order dated March 5, 2021 gave notice to the parties that if they were unable to agree to a search protocol, it would appoint a special master. In light of the fact that the parties have indicated a near

1

**WHEREAS**, the Court will set $800.00 per hour as the maximum amount to be charged by the appointed Special Master;

This **XX** day of **June 2020,** it is hereby **ORDERED** that:

1. Judge Stephen M. Orlofsky (Ret.) is appointed as Special Master in this case.[2]

2. As required by Rule 53(b)(2), the Special Master shall proceed with all reasonable diligence and, as provided by Rule 53(c), shall have the authority to address all pre-trial discovery matters in this case. The term "discovery matters" is defined as those matters which fall within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure and all other Rules which implement the mandates of Rule 26(b)(1). Specifically, the Special Master shall have the authority to address the pending motion for sanctions and the discovery disputes revealed therein. The Special Master shall also have the authority to deal with all future discovery issues that arise between the parties and any other pre-trial discovery matters the Court may refer to the Special Master.

---

total inability to resolve their discovery disputes, the Court has issued a rule to show cause why a Special Master for all discovery should not be appointed.

[2] Judge Orlofsky is a retired judge from the United States District Court for the District of New Jersey and is currently a partner at Blank Rome, LLP who concentrates his practice on, inter alia, alternative dispute resolution.

3. Specifically, with respect to discovery disputes:

   a. The Special Master shall, after consulting with the parties, establish procedures for the handling of discovery disputes. He shall have the duty and authority to require the submission of reports, call conferences, and hold hearings in order to resolve the parties' discovery disputes. The Special Master shall take all reasonable steps necessary to attempt to resolve the parties' disputes by agreement and without motion practice.

   b. To the extent necessary, the Special Master shall set scheduling deadlines.

   c. The Special Master shall hear, resolve, and make rulings on all disputes regarding discovery and, when appropriate, enter orders setting forth his rulings and recommendations.

   d. Except as otherwise ordered by the Special Master, the filing, service, and hearing of discovery related motions shall be governed by Case Management and Standing Orders and the Rules of this Court.

   e. The Special Master's rulings shall be subject to review by the Court, consistent with Rule 53(f)(1)-(5).

    f. The Special Master shall hear matters promptly and at such times as may be convenient, at the discretion of the Special Master. All hearings and conferences before the Special Master shall be held at an appropriate place arranged by the party presenting the motion and with the approval of the Special Master.

    g. The party presenting a motion shall arrange for a court reporter at the hearing and provide a copy of the transcript to the Special Master thereafter. The parties shall equally bear the costs of any rental space, court reporter, and transcript provided to the Special Master.

    h. The Special Master shall preserve all materials he receives or prepares in connection with any dispute regarding discovery. He shall not be required to file any such materials with the Court, unless directed to do so by the Court, except that he shall file any orders entered setting forth his rulings and any opinions prepared supporting his rulings.

4. With consent of the parties, the Special Master may act as a mediator in this case.

5. The Special Master shall not communicate ex parte with a party without the consent of all the parties. The Special Master may communicate ex parte with the Court.

6. The Special Master may have access to trade secrets, proprietary information or other confidential information in this action including, but not limited to, information which may be subject to a protective order. He and other persons assisting the Special Master shall preserve and protect the confidentiality of all such information and, if required to file any orders, findings, opinions or materials that contain or make reference to any such information (including, but not limited to, information designated "Confidential," "For Attorneys Eyes Only" and/or "Sensitive Superconfidential"), he shall file the same under seal.

7. The Special Master shall be compensated for his services at a rate of $800.00 per hour. The Special Master shall send statements for services and expenses directly to counsel for the parties on a monthly basis and shall receive payment directly from counsel for the parties in a timely fashion. The compensation and expenses of the Special Master shall, unless otherwise ordered by the Special Master, be shared equally between the Plaintiff

and Defendant with 50% to be paid by Plaintiff and 50% by Defendant. In this regard, if in the Special Master's opinion, a party engages in behavior which occasions the waste of the Special Master's time and resources, or otherwise hinders the efficient resolution of matters before the Special Master, that party may be apportioned all or a larger portion of the Special Master's compensation, costs, and expenses. Any objections or disputes as to matters of the Special Master's compensation and/or expenses shall be presented to the Court in a timely application.

    **AND IT IS SO ORDERED.**

                                      _____
                                      **EDUARDO C. ROBRENO, J.**