IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE HOMESOURCE, CORP. | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-11970 |
| | : | |
| RETAILER WEB SERVICES, LLC, | : | |
| et al. | : | |

**O R D E R**

**AND NOW**, this **22nd** day of **February, 2022**, upon consideration of Plaintiff's motion for partial summary judgment (ECF No. 290) and the response and reply thereto, it is hereby **ORDERED** that the motion is **DENIED**.[1]

---

[1] Plaintiff HomeSource seeks partial summary judgment as to liability (but not damages) on its: (1) Lanham Act false advertising claim; and (2) libel claim. The claims are premised on a newsletter Defendant Retailer Web Services ("RWS") sent to HomeSource's existing and potential customers on July 20, 2018. Specifically, HomeSource depicts the allegedly false actionable statements in RWS's newsletter in the following manner:

1. that HomeSource was "found guilty of making negligent misrepresentations about the capabilities of their software in a federal lawsuit" ("First FDI Lawsuit") involving their customer, Furniture Distributors, Inc. ("FDI").

2. that the court concluded that the counterclaims asserted by HomeSource in the First FDI Lawsuit were "totally meritless" and that HomeSource prosecuted the counterclaims in "bad faith," and that the court ordered HomeSource to pay FDI fifty thousand dollars to reimburse FDI's attorney fees.

3. that "[FDI] sued HomeSource again" in a second federal lawsuit ("Second FDI Lawsuit").  Homesource was a defendant in the Second FDI Lawsuit but it was not sued "again" since it was not named in the First FDI Lawsuit.

4. that FDI sued HomeSource in the Second FDI Lawsuit because "HomeSource failed to make any of the payments ordered"

---

in the First FDI Lawsuit.

HomeSource premises its motion on its belief that the four statements made by RWS are: (1) literally false under the Lanham Act; and (2) per se defamatory. However, under a plain reading of the newsletter, the first two statements do not actually concern HomeSource, but "[t]he White family, owners of HomeSource and similar other businesses." Contrary to HomeSource's characterization of the statements, there is no other reasonable interpretation regarding to whom the allegations were targeted. Thus, regardless of the truth or falsity of these two statements, HomeSource has no standing to pursue them.

The fourth statement is, at a minimum, ambiguous given that HomeSource and other White family businesses were in fact sued for non-payment of the fees; but is, in any event, not unambiguously literally false or libelous per se such that it is not reasonably susceptible to a substantially true, nondefamatory interpretation. See Groupe SEB United States, Inc. v. Euro-Pro Operating LLC, 774 F.3d 192, 198 (3d Cir. 2014) (providing that two types of statements violate the Lanham Act: (1) literally false statements; and (2) literally true or ambiguous statements that have a tendency to deceive consumers); Lawrence v. Bauer Pub. & Printing Ltd., 446 A.2d 469, 473 (N.J. 1982) (providing that a statement is libelous per se if it is not reasonably susceptible to a nondefamatory interpretation). Since HomeSource's motion is premised only on the alleged literal falsity and per se libelous nature of the statements, the fourth statement in the newsletter provides no avenue for judgment at this time.

The third statement, however, is demonstrably false in that, while HomeSource's owners were sued twice, HomeSource itself was only sued once (and, thus, not sued "again"). Therefore, the Court will further analyze the third statement.

**A.   Lanham Act False Advertising Claim**

To establish a prima facie case for false advertising under the Lanham Act, a litigant must show that: (1) the defendant made false or misleading statements about the nature, characteristics, qualities, geographic origins of its or another's goods, services, or commercial activities in commercial advertising or promotion; (2) there is actual deception or a tendency to deceive a substantial portion of the intended audience; (3) the deception is material in that it is

likely to influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and (5) there is a likelihood of injury to the plaintiff. Warner-Lambert Co. v. BreathAsure, Inc., 204 F.3d 87, 91-92 (3d Cir. 2000) (citing Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms., Inc., 19 F.3d 125, 129 (3d Cir. 1994)). Regarding the fifth element, "a plaintiff seeking monetary damages instead of injunctive relief must show 'actual damages rather than a mere tendency to be damaged.'" Bracco Diagnostics, Inc. v. Amersham Health, Inc., 627 F. Supp. 2d 384, 480 (D.N.J. 2009)(quoting Synygy v. Scott-Levin, 51 F.Supp.2d 570, 575 (E.D.Pa. 1999)).

To the extent the third statement in the newsletter is otherwise actionable under the Lanham Act, HomeSource incorrectly assumes that it need not show the fifth element, injury, since it claims the statement is literally false. HomeSource's citation to Schering-Plough Healthcare Prod., Inc. v. Neutrogena Corp., No. CIV 09-642-SLR, 2010 WL 2788240, at *3 (D. Del. July 15, 2010), an unpublished District of Delaware case, for the proposition that injury is presumed when statements are literally false, is inapplicable in cases such as this where the plaintiff seeks monetary damages rather than an injunction. Indeed, the Schering-Plough court recognized that Castrol Inc. v. Pennzoil Co., 987 F.2d 939 (3d Cir. 1993), on which the court relied for this holding, "contemplated injunctive relief when it directed courts to presume injury upon a showing of literal falsity". 2010 WL 2788240, at *3.

Instead, because HomeSource seeks monetary damages, it must, as part of its prima facie case, show it suffered an injury. See Newborn Bros. Co. v. Albion Eng'g Co., 481 F. Supp. 3d 312, 360 (D.N.J. 2020) ("Uncertainty of the quantity of damages does not negate the plaintiff's burden of proving an injury in fact. 'Injuries and damages are separate inquiries under the Lanham Act.'") (quoting Gravelle v. Kaba Ilco Corp., 684 F. App'x 974, 981 (Fed. Cir. 2017)); Bracco Diagnostics, Inc., 627 F. Supp. 2d at 481 ("[C]ase law makes clear that 'literal falsity, without more, is insufficient to support an award of money damages to compensate for market injury.'") (quoting Balance Dynamics Corp. v. Schmitt Indus., Inc., 204 F.3d 683, 694 (6th Cir. 2000) and citing cases requiring proof of damages in the face of literally false statements when seeking monetary damages).

HomeSource's only evidence of injury is a generic statement from its CEO that it "suffered harm and injury to the reputation

3

**IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

---

of its business." This statement is insufficient to meet its burden on the injury element at the summary judgment stage.

**B.   Defamation (Libel)**

A plaintiff establishes a claim for defamation by proving: "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." Red Hawk Fire & Sec., LLC v. Siemens Indus., 449 F. Supp. 3d 449, 467 (D.N.J. 2020) (citing Ross v. Bd. of Educ. Greater Egg Harbor Regional High School Dist., 658 F. App'x 97, 100 (3d Cir. 2016)). "A defamatory statement is one that is false and injurious to a party's reputation." Id. (emphasis added)(citing Taj Mahal Travel, Inc. v. Delta Airlines Inc., 164 F.3d 186, 189 (3d Cir. 1998)). A court will determine that a statement is libelous per se if it is not reasonably susceptible to a nondefamatory interpretation. Lawrence v. Bauer Pub. & Printing Ltd., 446 A.2d 469, 473 (N.J. 1982); Gillon v. Bernstein, 218 F. Supp. 3d 285, 302 (D.N.J. 2016).

The Court concludes that HomeSource has not established that RWS's allegation that HomeSource was sued "again" is libelous per se in that HomeSource has failed to convince the Court on this record that the allegation is not susceptible to a non-defamatory interpretation. Specifically, HomeSource has not established at this time that the statement was defamatory or amounted to more than a minor inaccuracy. See G.D. v. Kenny, 15 A.3d 300, 311 (N.J. 2011) (providing that "[t]he law of defamation overlooks minor inaccuracies, focusing instead on 'substantial truth,'" and "minor inaccuracies do not amount to falsity so long as 'the substance, the gist, the sting, of the libelous charge be justified.'")(quoting Masson v. New Yorker Mag., Inc., 501 U.S. 496, 516-17 (1991)).

As a result, the Court will deny HomeSource's motion for partial summary judgment.

4