# BLANKROME

300 Carnegie Center | Suite 220 | Princeton, NJ 08540
A Pennsylvania LLP | Stephen M. Orlofsky, New Jersey Administrative Partner
blankrome.com

Phone:   (609) 750-2646
Fax:     (609) 897-7286
Email:   stephen.orlofsky@blankrome.com

March 10, 2022

**BY E-MAIL**

Arthur Armstrong, Esq.
Flaster Greenberg PC
1835 Market St.
Suite 1050
Philadelphia PA 19103
Arthur.armstrong@flastergreenberg.com

Eric Clendening, Esq.
Flaster Greenberg PC
One Tower Bridge
100 Front Street, Suite 100
Conshohocken PA 19428
eric.clendening@flastergreenberg.com

Adam Wolek, Esq.
Fox Rothschild LLP
321 N. Clark St.
Chicago IL 60654
awolek@foxrothschild.com

Melissa E. Scott, Esq.
Fox Rothschild LLP
747 Constitution Drive
Suite 100
Exton, PA 19341-0673
mscott@foxrothschild.com

Dominique J. Carroll, Esq.
Fox Rothschild LLP
Princeton Pike Corporate Center
Lawrenceville NJ 08648-2311
djcarroll@foxrothschild.com

Re: The HomeSource Corp. v. Retailer Web Services, LLC, et al., Civil Action No. 1:18-cv-11970-ECR-AMD – Letter Seeking Clarification

Dear Counsel:

I write in response to HomeSource's letter, dated February 25, 2022, seeking clarification regarding my opinion and order dated November 21, 2021 (the "November Opinion"). In the November Opinion, I determined that financial documents related to RWS's competing lines of business were relevant and discoverable because HomeSource's Lanham Act claim permitted it to seek damages in the form of disgorgement. *See* ECF 296 at 6-8.

BLANKROME

March 10, 2022
Page 2

Subsequent to the November Opinion, RWS produced 131 spreadsheets containing "revenue from 2017 to present, including lines of business that do not compete with HomeSource," "monthly fees and commissions collected from RWS's customers," and "profit and loss statements." Letter from RWS dated March 2, 2022 at 1.[1]

On February 25, 2022, HomeSource wrote a letter seeking clarification as to whether the November Opinion required the production of additional documents such as "client contracts, invoices, records of payment, bank statements or other financial documents" that reflect RWS's revenues related to lines of business in which HomeSource and RWS compete." HomeSource Letter dated February 25, 2022 at 2. HomeSource noted that the spreadsheets presented do not allow HomeSource to allocate income to different business lines, only some of which compete with HomeSource. Id.

RWS alleges that the spreadsheets provided satisfy its discovery obligations. Aside from the fact that the spreadsheets show the company's income and profits for the appropriate time period, RWS argues that additional productions would be disproportionate to the needs of the case in light of the Court's recent denial of HomeSource's motion for summary judgment, which found several statements submitted by HomeSource were not violations of the Lanham Act. RWS Letter dated March 2, 2022 at 2-3.

As stated in the November Opinion, RWS's financial information is relevant, and therefore discoverable, because under the Lanham Act, HomeSource may seek a disgorgement of profits RWS obtained as a result of any Lanham Act violation. ECF 269 at 5. This relevancy is not limited to summary financial statements, especially when the defendant has made clear that portions of the information within those documents are related to lines of business that do not compete with HomeSource. Should HomeSource prove that a Lanham Act violation occurred, and seek disgorgement of profits, that could easily require calculations based only on specific customers, or specific products and services. Underlying financial documents such as invoices would assist in that determination, and therefore be relevant and discoverable.

The Court's recent opinion on HomeSource's motion for summary judgment does not change the relevancy of this information. Although the Court determined that some of the statements that HomeSource submitted in its papers were not Lanham Act violations as to HomeSource, it did not dismiss the Lanham Act claim. The summary judgment motion was only for *some* of the statements HomeSource alleges were violations. See ECF 291 at 5 n.4 ("HomeSource reserves the right to argue that other statements within the Defamatory Newsletter, as well as RWS's correspondence with HomeSource's customers and potential customers outside of the Defamatory

---

[1] At my request, HomeSource also provided a sample of five of these spreadsheets, which I have reviewed.

BLANKROME

March 10, 2022
Page 3

Newsletter, constitute defamation and false advertising."). Additionally, the Court did determine that at least one statement made by RWS was demonstrably false, but dismissed the motion for summary judgment for failure to demonstrate injury as a matter of law. ECF 309 at 3.

Proportionality also does not bar the production of additional documents. RWS has stated the request for additional documents is "harassing and burdensome," but there is nothing on the record from which I could conclude that the request is disproportionate to the needs of the case. Relevant discovery can be limited if the discovery request is not "proportional to the needs of the case" based on considerations of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). As stated in the November Opinion, financial documents are relevant to the extremely important issue of damages. In particular, documents that give more granular information about RWS's income would have that same level of importance because it is very likely that, if HomeSource establishes liability under the Lanham Act, it would not be entitled to disgorge *all* of RWS's profits for a particular time period, but those related to specific customers, types of business or a mix of both. Additionally, it is RWS, not HomeSource that has access to these documents. Against those factors I have been presented with no information about the parties' resources or what burden or expense this production would entail. Therefore, I cannot hold that additional documents would be disproportional to the needs of the case.

Therefore, under the broad standards for discovery, the November Opinion should be read to mean that RWS should produce any financial documents in its custody or control, related to its revenues for competing business lines for the years 2017 to the present. It is impossible for me to know what forms these documents will take, but RWS should be guided by the broad standards for discovery, and my repeated holding that information related to revenues starting in 2017 for lines of business in which RWS and HomeSource compete are relevant and discoverable for the purposes of Lanham Act damages calculations. These additional documents should be produced within two weeks of the date of this letter.

Very truly yours,

*/s/ Stephen M. Orlofsky*

STEPHEN M. ORLOFSKY