

1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 661-1900
Fax: (856) 661-1919
www.flastergreenberg.com

**ERIC R. CLENDENING, ESQUIRE**
Member of the NJ & PA Bar
Direct Dial: (856) 382-2210
E-Mail:  eric.clendening@flastergreenberg.com

August 10, 2023

*Via ECF*
Hon. Christine P. O'Hearn
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S.
Courthouse
4th & Cooper Streets
Camden, NJ 08101

> Re:  *The HomeSource, Corp. v. Retailer Web Services, LLC, et al.*
> **Case No. 1:18-cv-11970-CPO-AMD**

Dear Judge O'Hearn:

We represent the Plaintiff, The HomeSource Corp. ("HomeSource"), in the above-referenced matter.  We write in response to Your Honor's text order dated July 31, 2023, requesting a status letter as to all outstanding issues in this case.  Since Your Honor was recently assigned to this case, we provided a brief case background in addition to the status of discovery and all outstanding motions.

*Case Background*

HomeSource provides data, software, and technology solutions to various manufacturers and retailers, including members of four customer buying groups known as the New England Appliance Group, Appliance Dealers Cooperative, Intercounty Appliance Corporation, and Dynamic Marketing, Inc.  Prior to 2017, Defendant RWS[1] held a virtual monopoly on this market by providing these services to retailers through its RetailDeck platform.  In direct competition with RWS's RetailDeck platform, HomeSource launched its RPS platform in late 2017.  HomeSource's RPS product is an all-in-one database management platform for independent appliance dealers that brings together millions of pieces of information – including product specifications, item numbers, and customized quotes – into an app that continually provides updates to documents, pricing, and inventory, allowing appliance dealers and customers to view this data in real-time.

In early 2018, once HomeSource began offering its competing services thereby causing RWS to lose valuable customers, RWS began a campaign against HomeSource by challenging its reputation and business through phone calls to customers, emails to buying groups, at client

---

[1] "RWS" refers to both defendants Retailer Web Services, LLC and Retailer Web Services II, LLC.

U.S. District Judge Christine P. O'Hearn
August 10, 2023
Page 2 of 3

meetings, and in videos posted online.  On July 20, 2018, RWS published and disseminated a defamatory newsletter to HomeSource's existing and potential customers, including in the four customer buying groups, that made numerous demonstrably false statements about HomeSource, causing HomeSource to incur financial and reputational damage.

HomeSource has six active claims against RWS as set forth in the Second Amended Complaint: (1) Count I – False and Misleading Advertising under the Lanham Act, 15 U.S.C. § 1125(a); (2) Count II – Defamation; (3) Count III - Tortious Interference with Prospective Economic Advantage; (4) Count IV - Tortious Interference with Contract; (5) Count V - Common Law and Federal Unfair Competition; and (6) Count VI - Violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(C).  RWS does not have any counterclaims against HomeSource.

*Case Status*

The parties are approaching the end of fact discovery.  There are no outstanding written discovery requests, no outstanding discovery disputes, and both parties have taken numerous depositions.  RWS's final deposition of HomeSource's witness, Greg White, occurred on August 9 and 10 this week.  HomeSource's only remaining deposition of RWS's Rule 30(b)(6) corporate designee is scheduled for Thursday, August 17.  Pursuant to Judge Orlofsky's order granting in part and denying in part Phyllis White's Motion to Quash, RWS may serve no more than 20 written interrogatories to non-party Phyllis White, which must be answered within 15 days.  (ECF No. 344.)

The parties have not yet exchanged expert reports or completed expert discovery.

*Outstanding Motions*

The pending consolidated motion to seal (ECF No. 307) was not specifically assigned to Special Master Orlofsky.  That motion remains to be decided.

RWS filed two motions for sanctions[2] (ECF Nos. 327 and 330), which have both been assigned to Special Master Orlofsky.  (ECF No. 337.)  The briefing is complete for the first motion, and RWS's reply brief is due Friday, August 11 for the second motion.

---

[2] HomeSource denies all allegations in the two motions for sanctions and anticipates each will be denied in its entirety.  RWS has now filed **four** motions for sanctions against HomeSource in this matter, and the first two were denied or administratively terminated.  Needless to say, based on the docket alone, this case has been highly contentious and has featured aggressive tactics from RWS's counsel.  HomeSource does not believe a status letter is the appropriate place to comment on the nature of these disputes and hopes that RWS will similarly refrain from any unfounded attacks against HomeSource or its counsel.

U.S. District Judge Christine P. O'Hearn
August 10, 2023
Page 3 of 3

*Case Schedule*

The Eighth Scheduling Order filed on April 24, 2023, set a fact discovery end date of June 23, 2023. During a June 22, 2023 hearing, Special Master Orlofsky ruled that discovery would remain open to allow time for both parties to complete the remaining depositions. Special Master Orlofsky asked the parties to confer and submit a new schedule once the remaining depositions were complete.

*New (Proposed) Case Schedule*

The parties agreed to the following case schedule, and it was submitted to Special Master Orlofsky for approval on August 9, 2023.

1. All fact discovery shall be completed by **August 25, 2023**.
2. All opening expert reports shall be exchanged by **October 6, 2023**.
3. All rebuttal expert reports shall be exchanged by **November 3, 2023**.
4. All expert discovery shall be completed by **December 1, 2023**.
5. Any motions for summary judgment shall be filed by **January 12, 2024**.
6. Responses to any motions for summary judgment shall be filed by **February 9, 2024**.
7. Replies in support of any motions for summary judgment shall be filed by **March 1, 2024**.
8. Following the submission or non-submission of motion(s) for summary judgment, Judge O'Hearn shall reset pre-trial and trial deadlines.

\*      \*      \*      \*

Please let us know if any additional information is needed at this time. We appreciate Your Honor's attention to this matter.

Respectfully submitted,

FLASTER/GREENBERG P.C.

*/s/ Eric R. Clendening*

Eric R. Clendening

cc:      All Counsel of Record via ECF