

1717 Arch Street
Suite 3300
Philadelphia, PA 19103
(215) 279-9393
Fax: (215) 279-9394
www.flastergreenberg.com

**ALEXANDER S. BROWN**
Member of the NJ & PA Bar
Direct Dial: (215) 279-9904
E-Mail: alexander.brown@flastergreenberg.com

May 31, 2024

*Via ECF*
Hon. Christine P. O'Hearn
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

> Re:  ***The HomeSource, Corp. v. Retailer Web Services, LLC, et al.***
> **Case No. 1:18-cv-11970-CPO-AMD**

Dear Judge O'Hearn:

As you know, Flaster Greenberg is counsel to Plaintiff, The HomeSource Corp. ("HomeSource"), in the above-captioned matter.  On May 1, 2024, Your Honor convened a hearing to address, in part, HomeSource's objections to the Special Master's ruling imposing sanctions (the "Sanctions Ruling" (ECF Nos. 357 & 358)).  During the hearing, Your Honor raised an issue concerning the Court's jurisdiction to consider HomeSource's objections. Specifically, we understood Your Honor to say that, unless some contrary authority was presented, any rulings by the Special Master to which no objections were made were binding, and not subject to further review by the Court. (*See, e.g.*, Transcript at 13:14-16; 14:13-15:8; 21:3-24). Although Your Honor inquired into contrary authority, you expressed your intent to first review additional materials (since submitted) before deciding whether additional briefing is necessary. (Transcript at 61:23-64:5).

In light of the May 23rd Text Order advising that "the Court will issue its oral opinion on the Objections to the Special Master's Sanctions Order, (ECF No. 368), on Friday, June 7, 2024 at 11:00am [rescheduled to June 10, 2024 at 2pm]," we write to renew our request to submit contrary authority on the scope of this Court's review of the Special Master's rulings.

To that end, the Court is authorized under Fed. R. Civ. P. 53 to review any ruling by the Special Master (including those rulings to which no objection was made) *de novo*. As explained in the advisory committee note to the 2003 amendments to Rule 53, the time limits for objecting to, or seeking adoption or modification of a special master's order, report, or recommendations, "are not jurisdictional." *See also Wallace v. Skadden, Arps, Slate, Meagher & Flom, LLP*, 362

U.S. District Judge Christine P. O'Hearn
May 31, 2024
Page 2 of 3


F.3d 810, 816 n.7 (D.C. Cir. 2004) (the "time limits for objecting . . . are not jurisdictional"); 9 Moore, Federal Practice §53.41 (3d Ed.) (same). As explained further in the advisory committee note to Rule 53, even "if no party asks the court to act on a master's report, the court is free to adopt the master's action or to disregard it at any relevant point in the proceedings." *See also Wallace,* 362 F.3d at 815 (D.C. Cir. 2004) (quoting advisory committee note).

Any findings of fact or conclusions of law by the Special Master, to which an objection is made, must be reviewed *de novo* in accordance with Fed R. Civ. P. 53(f)(3) & (4). In reviewing the Special Master's Sanctions Ruling *de novo*, this Court has complete discretion to decide whether sanctions are appropriate without deference to the Ruling. *Crowley v. Chait*, 2005 U.S. Dist. LEXIS 2741 at *14 (D.N.J. Feb. 18, 2005) ("A proper *de novo* review allows this Court to consider the basis of [the Special Master's] decision without any particular deference."); *see also Krishanthi v. Rajaratnam,* Civil Action 09-5395, 2023 U.S. Dist. LEXIS 153081 at *18 (D.N.J. Aug. 30, 2023) ("The phrase *de novo* determination . . . means an independent determination of a controversy that accords no deference to any prior resolution of the same controversy") (internal quotes and citations omitted) (ellipsis in original)).

With regard to the Special Master's prior rulings to which HomeSource did not object (and Defendants did not move the Court to adopt), this Court is similarly authorized to review any findings of fact or conclusions of law by the Special Master *de novo.* As stated in the advisory committee note to Rule 53: "Even if no objection is made, the court is free to decide the facts de novo . . . ." Fed. R. Civ. P. 53 Notes of Advisory Committee on 2003 amendments. The same applies to any conclusions of law to which no objection is made. *Id*. ("As with findings of fact, the court also may decide conclusions of law de novo when no objection is made"). In this way, the procedure governing referrals to a Special Master under Fed. R. Civ. P. 53 (including magistrate judges appointed as special masters under Rule 53) differs from the procedure governing referrals to magistrate judges under 28 U.S.C. § 636(b)(1). As held by the D.C. Circuit: "[u]nlike the procedure governing referral to a magistrate judge for report and recommendation  pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72 and Local Civil Rule 72.3(a) - that is, not as a special master - there was - and still is - no explicit waiver language regarding a party's failure to timely object to the report of a magistrate judge acting as a special master pursuant to 28 U.S.C. § 636(b)(2), Fed. R. Civ. P. 53, and Local Civil Rule 72.1(b)(5)." *Wallace*, 362 F.3d at 815-16; *see also Mitchell v. All-States Business Products Corp*., 250 F. Supp. 403 (E.D.N.Y. 1965) (Rule 53 "clearly gives the court the power to modify the Master's report upon a motion for action upon the report and the failure … to timely serve objections does not limit this power."); 9C Wright & Miller, Federal Practice & Procedure § 2612, at 631 (A Special Master's report "does not stand approved automatically in the absence of an objection by one or more of the parties; it must be confirmed by action of the district court.").

U.S. District Judge Christine P. O'Hearn
May 31, 2024
Page 3 of 3

      In view of this Court's inquiry into contrary authority and impending oral opinion, we respectfully renew the request to submit legal authority addressing the scope of this Court's review of the Special Master's rulings.

                                 Respectfully Submitted,

                                 FLASTER/GREENBERG P.C.

                                 Alexander S. Brown

ASB/mrh
cc:     All counsel of record (via ECF)