

Eagleview Corporate Center
747 Constitution Drive, Suite 100
P.O. Box 673
Exton, PA  19341
610.458.7500   610.458.7337

MELISSA E. SCOTT
Direct No: 610.458.1413
Email: mscott@foxrothschild.com

June 3, 2024

<u>VIA ECF</u>

The Honorable Christine P. O'Hearn
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

      Re:    <u>*The HomeSource, Corp. v. Retailer Web Services, LLC et al.*</u>
              <u>Case No. 1:18-c-11970-CPO-AMD (D.N.J.)</u>

Dear Judge O'Hearn:

We represent Defendants Retailer Web Services, LLC and Retailer Web Services II, LLC ("RWS") in the above captioned matter. We write in response to Plaintiff The HomeSource, Corp.'s ("HomeSource") May 31, 2024 letter to the Court. ECF 508. In light of the Court's prior directions during the May 1, 2024 hearing, the Court's May 23, 2024 Text Order (ECF No. 503), and for the reasons below, HomeSource's May 31st Letter should be disregarded as an improper reconsideration request and the requested relief should be denied.

HomeSource continues to flout the Rules of Civil Procedure, offers no justification for its failure to timely object to the Special Master's earlier, unappealed Orders, ignores the plain language of Rule 53, and relies on prior inapplicable version of Rule 53. Moreover, granting the requested relief would prove an exercise in futility as there is more than ample evidence in the record for the Court to adopt the Special Master's rulings.

During the May 1, 2024 Hearing, the Court advised the Parties of jurisdictional concerns it had relating to HomeSource's Objections to the Special Master's Sanctions Order and made clear it would decide whether additional briefing was necessary after reviewing the underlying record:

> I will look at it again and I will consider [HomeSource's] requests [for supplemental briefing] after I review the transcripts and the

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Massachusetts   Minnesota   Missouri
Nevada   New Jersey   New York   North Carolina   Oklahoma   Pennsylvania   South Carolina   Texas   Washington



Hon. Christine P. O'Hearn
June 3, 2024
Page 2

> briefs that were submitted to Judge Orlofsky…. I understand it's of significant import…. But I also don't want to unfairly give the plaintiff multiple bites at the apple when here we are on – how many bites are we at? …. I think the record is pretty well developed but I will consider whether or not to hear additional briefing or additional evidence…. At some point the briefing is enough. But I will look at it.

5/1/2024 Hr'g Tr. at 54:18-24, 62:9-63:5, 63:17-65:1.

At the Court's request, the Parties submitted the underlying record relating to Judge Orlofsky's Sanctions Order. Having reviewed this information, the Court determined additional briefing was not necessary and, instead, issued a Text Order stating that it "will issue its oral opinion on the Objections to the Special Master's Sanctions Order (ECF No. 368), on Friday, June 7, 2024 at 11:00 am."[1] ECF 503. Where the Court has already decided the issue, HomeSource is not merely renewing its supplemental briefing request; rather it is improperly seeking reconsideration without complying with the Federal Rules or Local Rule 7.1(i). The Court should deny HomeSource's request for this reason alone.

In addition to the procedural impropriety of HomeSource's request, HomeSource's May 31st Letter also inappropriately includes substantial supplemental argument on the jurisdictional issue based on is interpretation of the Federal Rules, case law, and secondary authorities without leave of Court under the guise of a renewed briefing request. Indeed, the illegitimacy of HomeSource's "request for leave" to file supplemental authority is evidenced by the fact that it already sets forth "the law" it purportedly seeks leave to file with the Court. In any event, none of HomeSource's cited authority warrants supplemental briefing or the Court's *de novo* review of the Special Master's unappealed prior rulings as stated in ECF Nos. 311 and 325.

The 2003 Advisory Committee Notes of Rule 53 explain that the time limits proscribed in the Rule for objections are "important." Although "not jurisdictional," the court "may properly refuse to entertain untimely review proceedings." *Id.* Here, the Court should exercise its discretion to not entertain any potential belated objections HomeSource may have to the Special Master's prior rulings. As this Court has repeatedly recognized, this case has been pending since 2018 and needs to move towards final resolution. If HomeSource had any good faith objections to the Special

---

[1] The Court later reset the June 7, 2024 hearing for June 10, 2024, at the Parties' request. ECF 507.



Hon. Christine P. O'Hearn
June 3, 2024
Page 3

Master's prior rulings, it should have timely raised them. It offers no legitimate justification for failing to do so.

Additionally, while Rule 53(f)(3)-(4) provides for *de novo* review, that review is limited to the "objections" made to the Special Master's findings of fact or conclusions of law. HomeSource only objected to the Special Master's findings of fact and conclusions of law about sanctions. It did ***not*** file objections to the Special Master's prior rulings on the relevance and authenticity of the Log Server. Thus, under the plain language of Rule 53(f), there is nothing for the Court to review *de novo* as it relates to the Special Master's prior rulings.

Critically, HomeSource cites no Third Circuit authority supporting the assertion that its delay in objecting to the Special Master's orders should be excused. To the contrary, it is this Circuit's practice to require objections to be filed within the 21-day period prescribed in Rule 53(f)(2). *See, e.g.*, *In re Valsartan Losartan, and Irbesartan Prods. Liab. Litig.*, No. 19-2875 (RBK/KW), 2021 WL 12142025, at *18 (D.N.J. Oct. 7, 2021) ("***In accordance with Fed. R. Civ. P. 53(f)(2),*** objections to or requests for modification of this Report ***must*** be submitted within twenty-one days of today.") (emphasis added); *Lawson v. Praxair, Inc.*, No. 16-2435(BRM)(DEA), 2021 WL 12102368, at *5 (D.N.J. Feb. 24, 2021) (denying plaintiff's appeal of Special Master's decision and noting that plaintiff "***failed to timely appeal*** the earlier rulings" by the prescribed time, which is 21 days by default under Rule 53(f)(2) but can be adjusted by court order) (emphasis added).

HomeSource's reliance on the out-of-circuit *Wallace* case is misplaced because it interpreted and relied on ***an earlier version*** of Rule 53 having meaningfully different language from the current version of Rule 53 applicable here. In *Wallace*, the DC Circuit found that the district court erred by adopting a special master report using the *sua sponte* procedures outlined in D.D.C. Local Rule 72.3 for adoption of a magistrate judge report. *Wallace v. Skadden, Arps, Slate, Meagher & Flom, LLP*, 362 F.3d 810, 814 (D.C. Cir. 2004). Notably, the DC Circuit was interpreting a pre-2003 version of Rule 53, which had substantially different language than the current version of the Rule applicable here. Specifically, the earlier version of Rule 53 required that "the court shall accept the master's findings of fact unless clearly erroneous," while the current version of Rule 53 requires the court to "decide de novo ***all objections*** to findings of fact made or recommended by a master." Fed. R. Civ. P. 53(f)(3) (emphasis added). Thus, the DC Circuit in *Wallace* remanded for review without regard to any objections because the text of Rule 53 at the time required it.

As amended, Rule 53 now only requires *de novo* review of ***all objections made***, not de novo review of all factual findings as HomeSource implies. Where no objections have been raised, as in this case for the Special Master's prior rulings, there is nothing for the Court to review *de novo*.



Hon. Christine P. O'Hearn
June 3, 2024
Page 4

Even if the Court were inclined to review the Special Master's prior unappealed rulings *de novo* (which it should not for the reasons stated above), there is more than ample evidence in the record for the Court to adopt all the Special Master's rulings, including, without limitation, ECF 311 and 325. As the Court noted during the May 1st hearing:

> I have to tell you, [Special Master Orlofsky's] opinions are thorough. He spent an inordinate amount of time with all of you on these discovery motions….

5/1/2024 Hr'g Tr. at 14:5-8.

The Special Master authored a cogent 28-page opinion detailing the case history and supporting his finding of sanctions with a plethora of record citations, including, without limitation, citations to correspondence, pleadings, court filings, hearing transcripts, testimony from HomeSource's own IT Manager and "expert" Patrick Lesher,[2] and the opinions of independent court-appointed cybersecurity expert Robert DeCicco. HomeSource cannot and has not refuted these findings.

For these reasons, HomeSource's reconsideration request should be denied.

Respectfully,

*Melissa Scott*

Melissa E. Scott

MES

cc:   All Counsel of Record (via ECF)

---

[2] By way of example, as the Special Master wrote, Mr. Lesher testified that HomeSource merely created a "snapshot" ("AMI") of a logging server, not a webserver image and "certainly not the original webserver that the original data was located on. ECF 357 at 10. Mr. Lesher further testified that the AMI could not be exported and searched, he did not know whether he could even get the AMI up and running, and that the only action HomeSource took to preserve evidence of the alleged cyberattacks was the creation of the AMI. *Id.* at 10. Mr. Lesher's testimony also confirmed that HomeSource took no actions in connection with the Court's order to create a mirror image. *Id.* at 11.